IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. 1:10CR485 |
| | ) | |
| | ) | |
| | ) | Hon. Leonie M. Brinkema |
| v. | ) | |
| | ) | |
| JEFFREY ALEXANDER STERLING | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT JEFFREY STERLING'S
MOTION TO DISMISS COUNTS ONE AND TWO OF THE INDICTMENT**

Defendant Jeffrey Sterling respectfully moves this Court to dismiss Counts One and Two of the Indictment, which charge Mr. Sterling with the unauthorized disclosure of national defense information, in violation of 18 U.S.C. §§ 793(d) and 793(e). *See* Indictment [DE 1] at ¶¶ 55, 57. Each Count purports to charge Mr. Sterling with the willful transmission of classified information to the general public through the "publication, distribution and delivery of Author A's book[.]" *Id*. Other counts in the Indictment charge Mr. Sterling with the unauthorized disclosure of the information at issue in Counts One and Two to Author A. *Id*. at ¶¶ 61, 63. Thus, the only unique feature of Counts One and Two is the conclusory allegation that Mr. Sterling transmitted the information not just to Author A, but that he transmitted the information to the general public when Author A published a book. The only way that this could constitute a different offense from transmitting the information to Author A in the first place would be if, at the time of the transmission, Mr. Sterling knew Author A intended to include the information in a book. However, the Indictment does not allege a single fact that Mr. Sterling was at any time

1142893.1

aware that Author A was intending to write a book. Thus, the Indictment fails to allege an essential element of the crimes charged in Counts One and Two, and they must be dismissed.[1]

## BACKGROUND

On December 22, 2010, Mr. Sterling was indicted for, *inter alia*, two counts of Unauthorized Disclosure of National Defense Information, under 18 U.S.C. §§ 793(d) and 793(e). *Id*. at ¶¶ 55, 57. The Indictment alleges that Mr. Sterling, through his work at the CIA, lawfully possessed information about "Classified Program No. 1[,]" a "clandestine operational program of the CIA" (*id*. at ¶¶ 15-16) and "Human Asset No. 1," a person who worked for the CIA and "provided highly valued information to the CIA" (*id*. at ¶¶ 14, 16). The Indictment also alleges that Mr. Sterling was in unauthorized possession of a letter related to Classified Program No. 1. *Id*. at ¶ 57.

The Indictment alleges that Mr. Sterling disclosed classified information about Human Asset No. 1 and Classified Program No. 1 to Author A. *Id*. at ¶¶ 23, 26, 39-42, 52. The Indictment further alleges that Author A used this classified information while writing a book that was ultimately published (*id*. at ¶¶ 44-54). However, the Indictment, at no point, alleges that Mr. Sterling was aware of Author A's intent to write a book during any of his communications with Author A. *See id*. at ¶¶ 19, 23, 26-27, 34, 37-38, 44-51, 54.

Nonetheless, despite the lack of any allegation that Mr. Sterling was ever aware of Author A's book or in any way involved in its preparation, Counts One and Two of the Indictment both purport to charge Mr. Sterling with the willful transmittal of classified

---

[1] In fact, Counts One and Two do not charge unique offenses and are multiplicitous of other Counts in the Indictment. Filed herewith are Mr. Sterling's Motion to Dismiss Counts One and Six as Multiplicitous of Count Four and his Motion to Dismiss Counts Two and Seven as Multiplicitous of Count Five.

information to "any person of the general public not entitled to receive said information . . . through the publication, distribution and delivery of Author A's book[.]" *Id*. at ¶¶ 55, 57. Since the Indictment utter fails to plead the essential facts to support these charges, they must be dismissed.

**ARGUMENT**

**I.    The Indictment Must Adequately Allege the Elements of the Charged Offense.**

"A valid indictment must: (1) allege the essential facts constituting the offense; (2) allege each element of the offense, so that fair notice is provided; and (3) be sufficiently distinctive that a verdict will bar a second prosecution for the same offense." *United States v. Bolden*, 325 F.3d 471, 490 (4th Cir. 2003) (citing *United States v. Smith*, 44 F.3d 1259, 1263 (4th Cir. 1995)). If the Indictment does not include every essential element of an offense, it is invalid. *United States v. Darby*, 37 F.3d 1059, 1063 (4th Cir. 1994) (internal citations omitted); *see also* Fed. R. Crim. P. 7(c)(1) (the indictment must contain a definite statement of the essential facts constituting the offense charged).

**II.   The Indictment Fails to Allege an Element of 18 U.S.C. §§ 793(d) and 793(e): the Willful Transmission of Information.**

The language of 18 U.S.C. §§ 793(d) and 793(e) is clear.  Both subsections criminalize the willful communication of classified information to any person not entitled to receive it.  *See* 18 U.S.C. § 793(d) ("Whoever, lawfully having possession of . . . information relating to the national defense . . . willfully communicates . . . to any person not entitled to receive it . . ."); 18 U.S.C. § 793(e) ("Whoever having unauthorized possession of . . . information relating to the national defense . . . willfully communicates . . . to any person not entitled to receive it . . ."). *See also Zoltek Corp. v. United States*, 61 Fed. Cl. 12, 16 (Fed. Cl. 2004) ("Under the Espionage Act, 18 U.S.C. § 793, the **willful** transmission of classified information to any person not entitled

to receive it is a criminal offense.") (emphasis added). Thus, Mr. Sterling can only be charged with the willful transmission of classified information. Counts One and Two of Indictment plainly fail to do so.

In *United States v. Morison*, the Fourth Circuit approved the following jury instruction issued by the district judge on willfulness under 18 U.S.C. §§ 793(d) and (e), which read in pertinent part:

> An act is done wilfully if it is done voluntarily and intentionally and with the specific intent to do something that the law forbids. That is to say, with a bad purpose either to disobey or to disregard the law. With respect to the offenses that are charged in the indictment specific intent must be proved beyond a reasonable doubt before a defendant can be convicted. Specific intent, as that term suggests, requires more than a general intent to engage in a certain conduct. To establish specific intent the government must prove that the defendant knowingly did an act which the law forbids.

844 F.2d 1057, 1071 (1988). The Indictment here does not adequately allege that Mr. Sterling intentionally and knowingly caused the transmittal of classified information to the general public through the publication of Author A's book. Rather, the Indictment alleges general contact between Mr. Sterling and Author A and specific communications with respect to Author A's newspaper articles. The Indictment does not allege that Mr. Sterling was ever aware of Author A's intention to publish a book, much less deliberately provided him with classified information in support of that endeavor. Thus, Counts One and Two each fail to allege willfulness, a required element of the offense of Unauthorized Disclosure of National Defense Information.[2]

---

[2] Courts within the Fourth Circuit have also held that 18 U.S.C. § 793 requires proof of intent or reason to believe that the disclosed information will be used to the injury of the United States. *See United States v. Smith*, 780 F.2d 1102, 1104 n.2 (4th Cir. 1985) ("Both 18 U.S.C. §§ 793 and 794 are crimes requiring proof of an intent or reason to believe that the information is to be used to the injury of the United States or to the advantage of a foreign country."); *United States v. Rosen*, 240 F.R.D. 204, 210 n.14 (E.D. Va. 2007) ("[18 U.S.C. § 793]'s willfulness requirement obligates the government to prove that the defendants knew that disclosing the NDI could threaten the nation's security, and that it was illegal") (citation and internal quotations omitted). The Indictment also clearly fails to allege that Mr. Sterling

(footnote continued on next page)

Indictments that fail to allege an essential element of an offense are "fatally defective." *United States v. Hooker*, 841 F.2d 1225, 1226 (4th Cir. 1988); *see also United States v. Pupo*, 841 F.2d 1235, 1239 (4th Cir. 1988) ("when an indictment fails to include an essential element of the offense charged, it thereby fails to charge *any* federal offense and a conviction under the indictment may not stand") (emphasis original); *United States v. Cuong Gia Le*, 310 F. Supp. 2d 763, 772 (E.D. Va. 2004) ("it is clear that an indictment that fails to allege each essential element of the offense is plainly insufficient and must be dismissed."). Thus, when an indictment charging the unauthorized disclosure of national defense information fails to allege willfulness, it is fatally defective. Counts One and Two must be dismissed.

## CONCLUSION

For the foregoing reasons, Mr. Sterling respectfully requests the Court grant his Motion to Dismiss Counts One and Two of the Indictment.

Dated: February 24, 2011

Respectfully submitted,

JEFFREY A. STERLING

By: /s/
Edward B. MacMahon, Jr. (VSB # 25432)
Law Office of Edward B. MacMahon, Jr.
107 East Washington Street
P.O. Box 25
Middleburg, VA 20118
(540) 687-3902
(540) 687-6366 (facsimile)
ebmjr@verizon.net

---

(footnote continued from previous page)
intended or had reason to know that Author A would use the information to the injury of the United States through the publication of his book.

1142893.1

                                              /s/
Barry J. Pollack (admitted *pro hac vice*)
Miller & Chevalier Chartered
655 Fifteenth St. N.W. Suite 900
Washington, D.C. 20005
(202) 626-5830
(202) 626-5801 (facsimile)
bpollack@milchev.com

*Counsel for Jeffrey A. Sterling*

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of February, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

By: _____/s/_____
Edward B. MacMahon, Jr. (VSB # 25432)
Law Office of Edward B. MacMahon, Jr.
107 East Washington Street
P.O. Box 25
Middleburg, VA 20118
(540) 687-3902
(540) 687-6366 (facsimile)
ebmjr@verizon.net
*Counsel for Jeffrey A. Sterling*