IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. 1:10CR485 |
| | ) | |
| | ) | |
| | ) | Hon. Leonie M. Brinkema |
| v. | ) | |
| | ) | |
| JEFFREY ALEXANDER STERLING | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT JEFFREY STERLING'S
MOTION TO DISMISS COUNTS ONE AND SIX
OF THE INDICTMENT AS MULTIPLICITOUS OF COUNT FOUR**

Defendant Jeffrey Sterling respectfully moves this Court to dismiss Counts One and Six of the Indictment, as multiplicitous of Count Four. Counts One, Four and Six each charge Mr. Sterling with the unauthorized disclosure of national defense information, in violation of 18 U.S.C. § 793(d). *See* Indictment [DE 1] at ¶¶ 55, 61, 65. These three counts each charge Mr. Sterling separately for the same offense conduct, namely transmitting certain national defense information to a person not entitled to receive it, Author A. *Id*. Because a defendant cannot be subjected to multiple punishments for the same offense, Counts One and Six must be dismissed.

**BACKGROUND**

On December 22, 2010, Mr. Sterling was indicted for, *inter alia*, three counts of Unauthorized Disclosure of National Defense Information, under 18 U.S.C. § 793(d). *Id*. at ¶¶ 55, 61, 65. The Indictment alleges that Mr. Sterling, through his work at the CIA, lawfully possessed information about "Classified Program No. 1[,]" a "clandestine operational program of the CIA" (*id*. at ¶¶ 15-16) and "Human Asset No. 1," a person who worked for the CIA and "provided highly valued information to the CIA" (*id*. at ¶¶ 14, 16).

The Indictment alleges that Mr. Sterling disclosed classified information about Human Asset No. 1 and Classified Program No. 1 to Author A. *Id*. at ¶¶ 23, 26, 39-42, 52. The Indictment further alleges that Author A subsequently used this classified information while writing a newspaper article that was ultimately not published (*id*. at ¶¶ 34-43) and while writing a book that was published (*id*. at ¶¶ 44-54).

Count One of the Indictment charges Mr. Sterling with "having lawful possession of . . . information about Classified Program No. 1 and Human Asset No. 1" and willfully causing this information to be transmitted to "any person of the general public not entitled to receive said information . . . through the publication, distribution and delivery of Author A's book[.]" *Id*. at ¶ 55. Count Four of the Indictment charges Mr. Sterling with "having lawful possession of . . . information about Classified Program No. 1 and Human Asset No. 1" and willfully transmitting this information "directly and indirectly to Author A[.]" *Id*. at ¶ 61. Count Six of the Indictment charges Mr. Sterling with "having lawful possession of . . . information about Classified Program No. 1 and Human Asset No. 1" and willfully attempting to transmit this information to "any person of the general public not entitled to receive said information . . . through the publication, distribution and delivery of a national newspaper article[.]" *Id*. at ¶ 65.

Each of these three Counts charge Mr. Sterling with the same act: transmitting information about Classified Program No. 1 and Human Asset No. 1 to Author A. How Author A then used the information -- in a newspaper article, in a book, or not at all -- is irrelevant to the charged offense. The purported criminal act occurred when Mr. Sterling allegedly disclosed certain classified information to a person not entitled to receive it. This act may form the basis

of one offense under 18 U.S.C. § 793(d), not three, as charged in the Indictment.[1] Thus, Counts One and Six are multiplicitous of the conduct charged in Count Four, and they must be dismissed.

## ARGUMENT

I. **Counts One, Four and Six of the Indictment Allege the Same Offense Conduct.**

18 U.S.C. § 793(d) reads:

> Whoever, lawfully having possession of, access to, control over, or being entrusted with any document, writing, code book, signal book, sketch, photograph, photographic negative, blueprint, plan, map, model, instrument, appliance, or note relating to the national defense, or information relating to the national defense which information the possessor has reason to believe could be used to the injury of the United States or to the advantage of any foreign nation, willfully communicates, delivers, transmits or causes to be communicated, delivered, or transmitted or attempts to communicate, deliver, transmit or cause to be communicated, delivered or transmitted the same to any person not entitled to receive it, or willfully retains the same and fails to deliver it on demand to the officer or employee of the United States entitled to receive it;

Thus, a violation of § 793(d) has five elements. A defendant must: (1) lawfully have possession of, access to, or control over (2) information relating to the national defense (3) which the defendant has reason to believe could be used to the injury of the United States, and (4) willfully (5) communicate, deliver, transmit or cause to be communicated, delivered or transmitted to any person not entitled to receive it or attempt same or willfully retain same information and fail to deliver it on demand to the U.S. officer or official entitled to receive it.

---

[1] Counts One and Six of the Indictment also charge Mr. Sterling alternatively as an aider and abettor under 18 U.S.C. § 2. Aiding and abetting is not a separate freestanding offense, but merely a theory of liability. Thus, regardless of the theory under which Mr. Sterling is alleged to have violated 18 U.S.C. s793(d), the Indictment impermissibly charges Mr. Sterling in three separate counts with the same offense conduct. *See United States v. Mucciante*, 21 F.3d 1228, 1234 (2d Cir. 1994) ("The federal aiding and abetting statute, 18 U.S.C. § 2, does not penalize conduct apart from the substantive crime with which it is coupled."); *United States v. Kegler*, 724 F.2d 190, 200 (D.C. Cir. 1983) ("While aiding and abetting might commonly be though of as an offense in itself, it is not an independent crime under 18 U.S.C. § 2.).

Applying these elements to the offense conduct alleged in Counts One, Four and Six, it becomes clear that Mr. Sterling is being multiply charged for the same criminal act. The Indictment alleges that Mr. Sterling: (1) lawfully possessed (2) information about Classified Program No. 1 and Human Asset No. 1 (3) which he had reason to believe could be used to the injury of the United States, and that he (4) willfully (5) communicated this information to Author A, who was not entitled to receive the information. DE 1 at ¶¶ 55, 61, 65. Count Four most clearly sets forth the offense, charging Mr. Sterling with the transmittal of information to Author A. *Id*. at ¶ 61. Count One replaces element (5) with the charge that the "general public" received the information through the publication of Author A's book. Id. at ¶ 55. Count Six replaces element (5) with an attempt to reach the "general public" through the "publication, distribution and delivery of a national newspaper article[.]" *Id*. at ¶ 65. Thus, Counts One and Six originate from the same offense -- the alleged act of providing information on Classified Program No. 1 and Human Asset No. 1 to Author A. Any person who subsequently received the information did so only because of the predicate act of transmittal to Author A.

Mr. Sterling cannot properly be charged with every act that Author A undertook using the classified information. If this were possible, the Government could conceivably charge Mr. Sterling with a different count in the Indictment for every instance Author A shared the information with another person, or even for every reader of Author A's book or every potential reader of Author A's attempted newspaper article. This would expose Mr. Sterling to unlimited criminal liability for the same offense conduct, which is clearly prohibited by the U.S. Constitution, as discussed in Section II below.

## II.     An Indictment Cannot Contain Multiple Charges for the Same Act.

"[T]he Double Jeopardy Clause protects against . . . multiple punishments for the same offense." *United States v. Halper*, 490 U.S. 435, 440 (1989) (overruled on other grounds). Thus, an indictment may not charge a single offense in several counts. *See, e.g., United States v. Burns*, 990 F.2d 1426, 1438 (4th Cir. 1993) ("The signal danger in multiplicitous indictments is that the defendant may be given multiple sentences for the same offense[.]"); *United States v. Sandstrom*, 594 F.3d 634, 651-52 (8th Cir. 2010) ("A multiplicitous indictment is impermissible because the jury can convict the defendant on both counts, subjecting the defendant to two punishments for the same crime in violation of the double-jeopardy clause of the fifth amendment.") (internal quotations omitted).[2]  Furthermore, a multiplicitous Indictment improperly amplifies the charged conduct to the jury and may cause the jury to believe it is much graver because it comprises separate counts rather than one single count. Accordingly, multiplicitous counts in an Indictment must be dismissed.

The Indictment here is clearly multiplicitous. Mr. Sterling is charged with providing information about Classified Program No. 1 and Human Asset No. 1 to an individual not authorized to possess the information, Author A. This act forms the basis of Counts One, Four and Six against Mr. Sterling. Thus, the "general public" would not have obtained details on the classified information through either the publication of Author A's book or the potential

---

[2]  While the *Blockburger* test applies only to instances "where the same act or transaction constitutes a violation of two distinct statutory provisions" (*Blockburger v. United States*, 284 U.S. 299, 304 (1932)) and thus is not applicable here, where the Government is charging Mr. Sterling with three separate counts under the same statute, the teaching of *Blockburger* is instructive and application of its test warrants dismissal. Under *Blockburger*, "the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of [an additional] fact which the other does not." *Id*. Each of the three counts requires proof of the fact that Mr. Sterling transmitted classified information to Author A. No additional fact is required to prove the offense charged in Count Four.

publication of Author A's newspaper article if the predicate act of Mr. Sterling providing the classified information to Author A had not occurred. The Government cannot properly charge Mr. Sterling with every possible consequence of the same alleged criminal conduct in a different count. Doing so would unconstitutionally subject Mr. Sterling to potential criminal prosecution for any possible result of sharing classified information.

The Fourth Circuit has foreclosed this method of prosecution. In *United States v. Dunford*, the Fourth Circuit reversed thirteen of fourteen counts of illegal possession of firearms and ammunition as unconstitutionally duplicative. 148 F.3d 385, 388 (4th Cir. 1998). The Court held that "a single act of possession can only constitute a single offense." *Id*. Likewise, the single act of allegedly disclosing classified information to Author A can only constitute a single offense. That Author A then went on allegedly to use this classified information in an unpublished newspaper article and in a book is immaterial to the base offense with which Mr. Sterling is charged. Like the convictions in *Dunford*, the Indictment here is unconstitutionally duplicative. Accordingly, Counts One and Six must be dismissed.

## CONCLUSION

For the foregoing reasons, Mr. Sterling respectfully requests the Court grant his Motion to Dismiss Counts One and Six of the Indictment as Multiplicitous of Count Four.

Dated: February 24, 2011       Respectfully submitted,

                               JEFFREY A. STERLING

                               By:_____/s/_____
                               Edward B. MacMahon, Jr. (VSB # 25432)
                               Law Office of Edward B. MacMahon, Jr.
                               107 East Washington Street
                               P.O. Box 25
                               Middleburg, VA 20118

1142738.1

(540) 687-3902
(540) 687-6366 (facsimile)
ebmjr@verizon.net


          /s/
Barry J. Pollack (admitted *pro hac vice*)
Miller & Chevalier Chartered
655 Fifteenth St. N.W. Suite 900
Washington, D.C. 20005
(202) 626-5830
(202) 626-5801 (facsimile)
bpollack@milchev.com

*Counsel for Jeffrey A. Sterling*

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of February, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

By: /s/
Edward B. MacMahon, Jr. (VSB # 25432)
Law Office of Edward B. MacMahon, Jr.
107 East Washington Street
P.O. Box 25
Middleburg, VA 20118
(540) 687-3902
(540) 687-6366 (facsimile)
ebmjr@verizon.net
*Counsel for Jeffrey A. Sterling*