IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. 1:10CR485 |
| | ) | |
| | ) | |
| | ) | Hon. Leonie M. Brinkema |
| v. | ) | |
| | ) | |
| JEFFREY ALEXANDER STERLING | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT JEFFREY STERLING'S
MOTION TO DISMISS COUNT NINE OF THE INDICTMENT**

Defendant Jeffrey Sterling respectfully moves this Court to dismiss Count Nine of the Indictment, which charges Mr. Sterling with the Unauthorized Conveyance of Government Property, in violation of 18 U.S.C. § 641. *See* Indictment [DE 1] at ¶ 71. The property at issue in Count Nine is not tangible property, but rather, "classified information about Classified Program No. 1." The Indictment fails to allege any fact from which a reasonable inference may be drawn that this information has monetary value. Accordingly, Count Nine, charging Mr. Sterling with a felony violation premised on the information having "a value of more than $1,000.00," fails adequately to allege an essential element of 18 U.S.C. § 641, and must be dismissed.

**BACKGROUND**

On December 22, 2010, Mr. Sterling was indicted for, *inter alia*, one count of Unauthorized Conveyance of Government Property, under 18 U.S.C. § 641 (Count Nine). *Id*. The Indictment alleges that Mr. Sterling, through his work at the CIA, lawfully possessed information about "Classified Program No. 1[,]" a "clandestine operational program of the CIA"

1143383.1

(*id*. at ¶¶ 15-16) and "Human Asset No. 1," a person who worked for the CIA and "provided highly valued information to the CIA" (*id*. at ¶¶ 14, 16). The Indictment also alleges that Mr. Sterling was in unauthorized possession of a letter related to Classified Program No. 1. *Id*. at ¶ 57.

Count Nine of the Indictment charges that Mr. Sterling "did knowingly cause to be conveyed without authority property of the United States, namely classified information about Classified Program No. 1," in violation of 18 U.S.C. § 641. *Id*. at ¶ 71. Under that statute, when the value of a property exceeds $1,000.00, the defendant may be charged with a felony rather than a misdemeanor. 18 U.S.C. § 641 ("if the value of such property . . . does not exceed the sum of $1,000.00, [the defendant] shall be fined under this title or imprisoned not more than one year, or both.").[1]

Therefore, in order to charge Mr. Sterling with a felony, the Government alleges that the classified information that Mr. Sterling is alleged to have conveyed, had "a value of more than $1,000.00" DE 1 at ¶ 71. However, nowhere in the Indictment is there a single allegation purporting to value the classified information at greater than $1,000.00. Without alleged factual support for this allegation, Mr. Sterling is not properly charged with a felony offense. Accordingly, Count Nine must be dismissed.

## ARGUMENT

### I. The Indictment Must Adequately Allege the Elements of the Charged Offense.

"A valid indictment must: (1) allege the essential facts constituting the offense; (2) allege each element of the offense, so that fair notice is provided; and (3) be sufficiently distinctive that

---

[1] The statute was amended in 1996 to increase the value from $100 to $1000. Cases cited herein that pre-date this amendment refer to the prior statutory value of $100.

1143383.1

a verdict will bar a second prosecution for the same offense." *United States v. Bolden*, 325 F.3d 471, 490 (4th Cir. 2003) (citing *United States v. Smith*, 44 F.3d 1259, 1263 (4th Cir. 1995)). If the indictment does not include every essential element of an offense, it is invalid. *United States v. Darby*, 37 F.3d 1059, 1063 (4th Cir. 1994). While "an indictment is sufficient if it alleges an offense in the words of the statute . . . the words used in the indictment [must] 'fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence.'" *United States v. Brandon*, 298 F.3d 307, 310 (4th Cir. 2002) (internal citations omitted). When **"the words of a statute are used to describe the offense generally, they 'must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offence, coming under the general description, with which he is charged.'"** *Id*. (citing *Hamling v. United States*, 418 U.S. 87, 117-18 (1974)) (emphasis added). In short, when the indictment makes general reference to the words of the statute, "the indictment must also contain a 'statement of the *essential facts* constituting the offense charged.'" *Id*. (citing Fed. R. Crim. P. 7(c)(1)) (emphasis original).

II.  **The Indictment Fails to Allege an Essential Element of § 641: That the Classified Information Had a Value Exceeding $1,000.00.**

Mr. Sterling is charged with the Unauthorized Conveyance of Government Property, in violation of 18 U.S.C. § 641.

> To obtain a conviction under § 641, the government must prove the following four elements: (1) the defendant embezzled, stole, purloined, or knowingly converted to his use or the use of another; (2) things of value; (3) the things of value were federal money or property worth more than $100; and (4) the defendant did such acts willfully and with the intent to appropriate the property to a use inconsistent with the owner's rights and benefits.

*United States v. Seaman*, 18 F.3d 649, 650 (9th Cir. 1994).

Because the Government seeks to impose the felony sanction against Mr. Sterling, the value of the item conveyed is an essential element of the charge. *See United States v. Patterson*, 294 Fed. Appx. 985, 987 (5th Cir. 2008) ("To convict Patterson of theft of public property, proof was required that . . .the property belonged to the government and had a value in excess of $1000") (internal quotations omitted); *United States v. Robie*, 166 F.3d 444, 449 (2d Cir. 1999) ("As to the value of the goods stolen, for the offense proscribed by 18 U.S.C. § 641 to amount to a felony, there must be both charge and proof that the value of the property stolen . . . exceeds the sum of $100.") (internal citations and quotations omitted); *United States v. DiGilio*, 538 F.2d 972, 978 (3d Cir. 1976) ("Proof that the value of the stolen property is in excess of $100 is an element of the offense if the felony sanction is to be imposed.").

The statue defines "value" as "face, par, or market value, or cost price, either wholesale or retail, whichever is greater." 18 U.S.C. § 641. However, the property at issue here -- "classified information about Classified Program No. 1" -- has no face or par value. Nor does it have a cost price, since the Government did not purchase this information. Therefore, the Indictment must adequately allege the market value of the information, which it has utterly failed to do. For example, the Indictment does not allege that there was any market, either a legitimate market or a black market, for the type of information at issue. *See United States v. DiGilio*, 538 F.2d at 979 (when the stolen property "had no 'face' or 'par' value" the relevant inquiry became "market value[,]" defined as "the price at which the minds of a willing buyer and a willing seller would meet" or, if "no commercial market for particular contraband exists, value may be established by reference to a thieves' market.").

The Fourth Circuit has previously recognized the significance of sufficiently alleging the value of the property conveyed. *See United States v. Wilson*, 284 F.2d 407, 408 (4th Cir. 1960)

("A fact which distinguishes a violation punishable by imprisonment for not more than one year from a violation punishable by imprisonment for ten years cannot be permitted to rest upon conjecture or surmise."). Thus, the court found it "well settled that where the grade of larceny, and consequently the punishment, depend on the value of the property, it is essential that the value of the property defendant is charged with having taken be alleged and proved." *Id*. at 408-09 (internal citations and quotations omitted). The Indictment here plainly has not done so. The Indictment contains the statutory phrase that the classified information has "a value of more than $1,000.00" DE 1 at ¶ 71. The Indictment does not plead a single factual allegation to support the invocation of the statutory language.

Indictments that fail to allege an essential element of an offense are "fatally defective." *United States v. Hooker*, 841 F.2d 1225, 1226 (4th Cir. 1988); *see also United States v. Pupo*, 841 F.2d 1235, 1239 (4th Cir. 1988) ("when an indictment fails to include an essential element of the offense charged, it thereby fails to charge *any* federal offense and a conviction under the indictment may not stand") (emphasis original); *United States v. Cuong Gia Le*, 310 F. Supp. 2d 763, 772 (E.D. Va. 2004) ("it is clear that an indictment that fails to allege each essential element of the offense is plainly insufficient and must be dismissed."). Thus, when an indictment charging a felony violation of 18 U.S.C. § 641 fails sufficiently to allege that the item conveyed had a value exceeding $1,000.00, it is fatally defective. Count Nine must be dismissed.

## CONCLUSION

For the foregoing reasons, Mr. Sterling respectfully requests the Court grant his Motion to Dismiss Count Nine of the Indictment.

1143383.1

Dated: February 24, 2011 Respectfully submitted,

JEFFREY A. STERLING

By: /s/
Edward B. MacMahon, Jr. (VSB # 25432)
Law Office of Edward B. MacMahon, Jr.
107 East Washington Street
P.O. Box 25
Middleburg, VA 20118
(540) 687-3902
(540) 687-6366 (facsimile)
ebmjr@verizon.net


/s/
Barry J. Pollack (admitted *pro hac vice*)
Miller & Chevalier Chartered
655 Fifteenth St. N.W. Suite 900
Washington, D.C. 20005
(202) 626-5830
(202) 626-5801 (facsimile)
bpollack@milchev.com

*Counsel for Jeffrey A. Sterling*

1143383.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of February, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

By:       /s/
Edward B. MacMahon, Jr. (VSB # 25432)
Law Office of Edward B. MacMahon, Jr.
107 East Washington Street
P.O. Box 25
Middleburg, VA 20118
(540) 687-3902
(540) 687-6366 (facsimile)
ebmjr@verizon.net
*Counsel for Jeffrey A. Sterling*

1143383.1