**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. 1:10CR485 |
| | ) | |
| | ) | |
| | ) | Hon. Leonie M. Brinkema |
| v. | ) | |
| | ) | |
| JEFFREY ALEXANDER STERLING | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT JEFFREY STERLING'S
MOTION TO DISMISS COUNT EIGHT OF THE INDICTMENT**

Defendant Jeffrey Sterling respectfully moves this Court to dismiss Count Eight of the Indictment, which charges Mr. Sterling with mail fraud, in violation of 18 U.S.C. § 1341. *See* Indictment [DE 1] at ¶ 69.[1] The Indictment fails adequately to allege that Mr. Sterling knowingly devised a scheme and artifice to defraud the CIA of money or property. Thus, the Indictment does not allege an essential element of mail fraud, and Count Eight must be dismissed.

**BACKGROUND**

On December 22, 2010, Mr. Sterling was indicted for, *inter alia*, one count of Mail Fraud, under 18 U.S.C. § 1341 (Count Eight). *Id*. Count Eight of the Indictment charges Mr. Sterling with mail fraud and specifically charges that "[b]etween on or about December 24,

---

[1] Count Eight should also be dismissed for the separate reasons set forth in Mr. Sterling's Alternate Motion to Dismiss Count Eight of the Indictment, filed herewith, specifically that the Indictment fails adequately to plead the essential facts of the charged offense in that it does not allege the reasonable forseeability of a mailing.

1143274.1

2005, and on or about January 5, 2006," Mr. Sterling "knowingly devised a scheme and artifice to defraud the CIA of money and property[.]" *Id*.

Count Eight incorporates paragraphs 1-54 of the Indictment in support of its charge. Those paragraphs allege that Mr. Sterling, through his work at the CIA, lawfully possessed information about "Classified Program No. 1[,]" a "clandestine operational program of the CIA" (*id*. at ¶¶ 15-16) and "Human Asset No. 1," a person who worked for the CIA and "provided highly valued information to the CIA" (*id*. at ¶¶ 14, 16).

Specifically, paragraphs 18 through 54 describe an alleged "scheme to disclose classified information." *Id*. at ¶¶ 18-19. Paragraphs 18 and 19 allege that Mr. Sterling "pursued various administrative and civil actions against the CIA concerning alleged employment-related racial discrimination and decisions made by the CIA's Publications Review Board regarding defendant STERLING's attempt to publish his memoirs." *Id*. at ¶ 18. Because the CIA rejected Mr. Sterling's settlement offers and "made other legal decisions," the Indictment alleges that "Defendant STERLING's anger and resentment towards the CIA grew over time" and that "[i]n retaliation for the CIA's refusal to settle on terms favorable to defendant STERLING, as well as other decisions made by the CIA," Mr. Sterling then "caused and attempted to cause the publication of classified information about Classified Program No. 1 and Human Asset No. 1 that defendant STERLING characterized in a false and misleading manner." *Id*. The Indictment also sets forth various "means and methods" Mr. Sterling allegedly employed in executing this scheme, including the fact that it involved disclosing the information in a manner that would not reveal Mr. Sterling's identity. *Id*. at ¶ 19(f).

Paragraphs 20 through 64 provide further details with respect to the alleged scheme, alleging a sequence of events whereby Mr. Sterling attempted to settle his civil complaints with

the CIA during 2000-2003 (*id.* at pp. 8-12), Author A attempted to publish a newspaper article about the CIA in 2003 (*id.* at pp. 12-16) and Author A initiated several e-mail and telephone communications with Mr. Sterling from December 2003 until November 2005 (*id.* at pp. 16-18). The Indictment alleges no specific acts during the time period of December 24, 2005 until January 5, 2006, the dates during which Count Eight alleges that Mr. Sterling committed mail fraud.

Thus, it appears that the fraudulent scheme alleged in Count Eight is the disclosure of classified defense information to Author A either to retaliate against the CIA for its refusal to settle Mr. Sterling's civil litigation against it or to facilitate the publication of Mr. Sterling's memoirs.[2]  Such an allegation does not constitute a scheme to *defraud* the CIA of money or property.  At most, the Indictment alleges an act of revenge, not a fraudulent scheme.  The mail fraud statute does not criminalize vengeance, it criminalizes schemes to defraud, or obtain money or property under false or fraudulent pretenses.  18 U.S.C. § 1341.  The Indictment fails completely to allege such a scheme, and accordingly, Count Eight must be dismissed.

## ARGUMENT

**I.     The Indictment Must Adequately Allege the Elements of the Charged Offense.**

"A valid indictment must: (1) allege the essential facts constituting the offense; (2) allege each element of the offense, so that fair notice is provided; and (3) be sufficiently distinctive that a verdict will bar a second prosecution for the same offense." *United States v. Bolden*, 325 F.3d 471, 490 (4th Cir. 2003) (citing *United States v. Smith*, 44 F.3d 1259, 1263 (4th Cir. 1995)).  If

---

[2]  The Indictment does not allege that Mr. Sterling attempted to extort a more favorable financial settlement from the CIA of his civil litigation by threatening disclosure of national defense information. Indeed, precisely the opposite, the Indictment alleges that Mr. Sterling disclosed the information in a manner in which he believed would prevent the CIA from learning he had done so. DE 1 at ¶ 19f.

the indictment does not include every essential element of an offense, it is invalid. *United States v. Darby*, 37 F.3d 1059, 1063 (4th Cir. 1994). While "an indictment is sufficient if it alleges an offense in the words of the statute . . . the words used in the indictment [must] 'fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence.'" *United States v. Brandon*, 298 F.3d 307, 310 (4th Cir. 2002) (internal citations omitted). When **"the words of a statute are used to describe the offense generally, they 'must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offence, coming under the general description, with which he is charged.'"** *Id*. (citing *Hamling v. United States*, 418 U.S. 87, 117-18 (1974)) (emphasis added). In short, when the indictment makes general reference to the words of the statute, "the indictment must also contain a 'statement of the *essential facts* constituting the offense charged.'" *Id*. (citing Fed. R. Crim. P. 7(c)(1)).

**II.     The Indictment Fails to Allege An Essential Element of Mail Fraud: the Existence of a Scheme to Defraud.**

Count Eight specifically alleges a scheme to defraud the CIA of money or property. Yet, the Indictment fails to allege any "money" or "property" of which Mr. Sterling schemed to deprive the CIA. The only scheme set forth in the Indictment is a scheme to disclose national defense information, a scheme motivated out of "anger and resentment" and in "retaliation." *Id*. at ¶ 18.[3] Thus, Mr. Sterling's alleged intent was to punish the CIA, not to defraud it of its money or property. Count Eight must be dismissed.

---

[3] The deceit alleged in the Indictment is that Mr. Sterling "deceive[d] the CIA into believing that [he] was . . . adhering to his secrecy and non-disclosure agreements." *See id*.at ¶ 19e. The CIA's intangible contractual rights or intangible right to the honest services of its *former* employee plainly cannot fall within any permissible reading of the mail fraud statute. *See United States v. Skilling*, 561 U.S. ___ (2010).

### III. The Failure of the Indictment Adequately to Plead an Essential Element of Mail Fraud Deprived Mr. Sterling of His Rights Under the Fifth Amendment.

The Indictment contains no allegations that Mr. Sterling ever devised a scheme to defraud the CIA of money or property. Thus, a serious concern exists that the grand jury did not have before it the facts that it would have needed to conclude that the essential elements of mail fraud were met when it indicted Mr. Sterling on Count Eight.

The Supreme Court has held that an indictment must completely and clearly define the charges because:

> to allow the prosecutor, or the court, to make a subsequent guess as to what was in the minds of the grand jury at the time they returned the indictment would deprive the defendant of a basic protection which the guaranty of the intervention of a grand jury was designed to secure. For a defendant could then be convicted on the basis of facts not found by, and perhaps not even presented to, the grand jury which indicted him.

*Russell v. United States v. Russell*, 369 U.S. 749, 770 (1962). The Fifth Amendment "requires that the grand jury have considered and found all elements to be present" before issuing an indictment. *United States v. Hooker*, 841 F.2d 1225, 1230 (4th Cir. 1988). Where, as here, the Indictment utterly fails to allege that Mr. Sterling ever told the CIA of his communications with Author A, and indeed appears to allege that Mr. Sterling only disclosed classified information to Author A as an act of retaliation, there is simply no grounds for charging Mr. Sterling with mail fraud. Thus, not only does the Indictment fail to allege an essential element of the offense of mail fraud, but the very real possibility exists that the grand jury itself never properly considered this element before bringing the charge in Count Eight against Mr. Sterling. Accordingly, Count Eight must be dismissed.

## CONCLUSION

For the foregoing reasons, Mr. Sterling respectfully requests the Court grant his Motion to Dismiss Count Eight of the Indictment.

Dated: February 24, 2011                   Respectfully submitted,

                                           JEFFREY A. STERLING

                                       By: _____/s/_____
                                           Edward B. MacMahon, Jr. (VSB # 25432)
                                           Law Office of Edward B. MacMahon, Jr.
                                           107 East Washington Street
                                           P.O. Box 25
                                           Middleburg, VA 20118
                                           (540) 687-3902
                                           (540) 687-6366 (facsimile)
                                           ebmjr@verizon.net

                                           _____/s/_____
                                           Barry J. Pollack (admitted *pro hac vice*)
                                           Miller & Chevalier Chartered
                                           655 Fifteenth St. N.W. Suite 900
                                           Washington, D.C. 20005
                                           (202) 626-5830
                                           (202) 626-5801 (facsimile)
                                           bpollack@milchev.com

                                           *Counsel for Jeffrey A. Sterling*

1143274.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of February, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

By: /s/
Edward B. MacMahon, Jr. (VSB # 25432)
Law Office of Edward B. MacMahon, Jr.
107 East Washington Street
P.O. Box 25
Middleburg, VA 20118
(540) 687-3902
(540) 687-6366 (facsimile)
ebmjr@verizon.net
*Counsel for Jeffrey A. Sterling*

1143274.1