IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Criminal No. 1:10CR485 |
| v. ) | |
| ) | Hon. Leonie M. Brinkema |
| JEFFREY ALEXANDER STERLING, ) | |
| ) | Motion Hearing: April 8, 2011 |
| Defendant. ) | |
| ) | |

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S
## MOTION TO DISMISS COUNT EIGHT OF THE INDICTMENT

The United States, by and through undersigned counsel, files this opposition to Defendant Sterling's motion to dismiss Count Eight of the Indictment [Docs. 57 & 58], which charges him with mail fraud. Defendant Sterling's principal argument is that the allegations in Count Eight charge a scheme to retaliate, and a scheme to retaliate is not cognizable under the mail fraud statute. The defendant's motion must be denied. Count Eight charges a scheme to defraud, not a scheme to retaliate. The defendant defrauded the United States out of money and property, which included the classified information that the defendant disclosed and caused to be disclosed to individuals not unauthorized to receive that information. The retaliation against the CIA is evidence of motive, not a substantive scheme in and of itself.

### BACKGROUND

On December 22, 2010, a federal grand jury sitting in Alexandria, Virginia, in the Eastern District of Virginia, returned a ten-count Indictment against the defendant, including six counts of unauthorized disclosure of national defense information, in violation of Title 18, United States Code, Sections 793(d) and (e), and one count each of unlawful retention of national defense

information, in violation of Title 18, United States Code, Section 793(e), mail fraud, in violation of Title 18, United States Code, Section 1341, unauthorized conveyance of government property, in violation of Title 18, United States Code, Section 641, and obstruction of justice, in violation of Title 18, United States Code, Section 1512(c)(1). The Indictment alleges, in significant detail, that the defendant, a former CIA operations officer, engaged in a scheme to disclose classified information to an author, referred to as Author A, and to members of the public from on or about August 2000 to or about January 2006. *See* Indictment, ¶¶ 5-54. (hereinafter "Ind.").

Count Eight of the Indictment charges Defendant Sterling with, between on about December 24, 2005 and on or about January 5, 2006, having knowingly devised a scheme and artifice to defraud the CIA of money and property, caused the delivery of Author A's published books for sale at a commercial retail bookstore in the Eastern District of Virginia via the United States Postal Service or a private or commercial interstate carrier, in violation of Title 18, United States Code, Sections 1341. *See* Ind. ¶¶ 68, 69. Defendant Sterling argues that the allegations in Count Eight are deficient because they allege a scheme to retaliate, not a scheme to defraud. Neither the facts nor the law support such a result.

## DISCUSSION

I. **Applicable Standard of Review for a Motion to Dismiss**

Motions to dismiss test whether the indictment sufficiently sets forth the charged offense against the defendant. *See United States v. Sampson*, 371 U.S. 75, 78-79 (1962); *United States v. Brandon*, 150 F. Supp. 2d 883, 884 (E.D.Va. 2001), *aff'd*, 298 F.3d 307 (4th Cir. 2002). As a general matter, an indictment is sufficient if it alleges the essential elements of the crime with which a defendant is charged in a manner that permits the defendant to prepare a defense and

plead double jeopardy in any future prosecution for the same offense. *Hamling v. United States*, 418 U.S. 87, 117 (1974); *United States v. Quinn*, 359 F.3d 666, 672 (4th Cir. 2004). "While it is generally sufficient that the indictment describes the offense by using the unambiguous language of the statute, that general description 'must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged.'" *Quinn*, 359 F.3d at 672-73 (citing *Hamling*, 418 U.S. at 117-18). *See also Russell v. United States*, 369 U.S. 749, 765 (1962) (noting that an indictment must "descend to the particulars" where the definition of an offense includes generic terms). Thus, "[w]here an indictment tracks the statutory language and specifies the nature of the criminal activity, it is sufficiently specific to withstand a motion to dismiss." *United States v. Carr*, 582 F.2d 242, 244 (2d Cir. 1978); *Summers v. United States*, 11 F.2d 583, 584 (4th Cir. 1926).

A motion to dismiss "is not the proper vehicle for contesting the sufficiency of the evidence." *United States v. Johnson*, 553 F.Supp. 2d 582, 616 (E.D.Va. 2008). Indeed, the indictment need not set forth with detail the government's evidence; nor need it enumerate "every possible legal and factual theory of defendants' guilt." *See United States v. American Waste Fibers Co.*, 809 F.2d 1044, 1047 (4th Cir. 1987). *See also United States v. Critzer*, 951 F.2d 306, 307 (11th Cir. 1992) ("There is no summary judgment procedure in criminal cases. Nor do the rules provide for a pre-trial determination of sufficiency of the evidence. . . . The sufficiency of a criminal indictment is determined from its face. The indictment is sufficient if it charges in the language of the statute."). Therefore, dismissal is unwarranted if the elements of the offense are set forth in the indictment, even if it does not include all the essential facts and

evidence. As one court held,

> where an indictment sets forth the offense elements and includes a brief statement of the facts and circumstances of the offense, but omits certain essential specifics of the offense, *dismissal is unwarranted*; instead, such an omission, if necessary, is typically and appropriately remedied by discovery or, in some instances, by requiring the government to file a bill of particulars.

*Cuong Gia Le*, 310 F.Supp 2d. at 773-74 (emphasis added).

## II. The Allegations in Count Eight Are Sufficient to Establish A Violation of Title 18, United States Code, Section 1341

The elements of a substantive violation of Section 1341 are: (1) the existence of a scheme to defraud; and, (2) the use of the mails in furtherance of that scheme. *United States v. Curry*, 461 F.3d 452, 457 (4th Cir. 2006); *United States v. ReBrook*, 58 F.3d 961, 966 (4th Cir. 1995). Property under the mail fraud statute includes tangible property as well as intangible property, such as confidential information. *Carpenter v. United States*, 484 U.S. 19, 25 (1987)(holding that a newspaper's interest in the prepublication confidentiality of a daily column about stocks was a property right). *See also United States v. Bryan*, 58 F.3d 933, 943 (4th Cir. 1995); *ReBrook*, 58 F.3d at 967. The deprivation of that property can constitute mail fraud when an individual misappropriates the confidential information fraudulently. *See Carpenter*, 484 U.S. at 26-27; *Bryan*, 58 F.3d at 943 (affirming wire fraud convictions where defendant traded on employer's confidential information); *ReBrook*, 58 F.3d at 967 (affirming wire fraud convictions based upon misappropriation of confidential information theory). *See also United States v. O'Hagan*, 521 U.S. 642, 650 (1997)(holding that criminal liability may be premised upon misappropriation theory under securities fraud statute).

Where an individual has a duty to safeguard confidential information, but misappropriates that information and engages in deceit, the elements of mail fraud have been met. *Carpenter*, 484 U.S. at 27-28 (affirming wire fraud convictions where defendant had duty to safeguard confidential information of the Wall Street Journal, appropriated that information for his own use, but pretended to perform his duty to safeguard it, thereby engaging in deceit). The duty to protect and safeguard classified information can extend beyond the termination of the employment relationship. *See Snepp v. United States*, 444 U.S. 507, 515 n.11 (1980); *United States v. Pappas*, 94 F.3d 795, 801 (2nd Cir. 1996)(stating that the United States "is entitled to enforce its agreements to maintain the confidentiality of classified information.").

Innocent or good intentions at the outset are no defense to mail fraud where the elements have been met. *Curry*, 461 F.3d at 458. "Indeed, once a government employee signs an agreement not to disclose information properly classified pursuant to an executive order, that employee 'simply has no first amendment right to publish' such information." *Wilson v. CIA*, 586 F.3d 171, 184 (2nd Cir. 2009)(quoting *Stillman v. CIA*, 319 F.3d, 546, 548 (D.C. Cir. 2003)). See also *Stillman v. CIA*, 319 F.3d 546, 548 (D.C. Cir. 2003)). *See also Alfred A. Knopf, Inc. v. Colby,* 509 F.2d 1362, 1370 (4th Cir.1975)(holding that government employee subject to a secrecy agreement has "effectively relinquished his First Amendment right[ ]" to publish classified information).

First, Count Eight tracks the statutory language of the mail fraud statute such that it adequately sets forth the essential element. Title 18, United States Code, Section 1341 provides in pertinent part that:

> [w]hoever, having devised or intending to devise any

> scheme or artifice to defraud, or for obtaining money
> or property by means of false or fraudulent pretenses,
> representations, or promises, . . . for the purpose of
> executing such scheme or artifice or attempting so to
> do, places in any post office or authorized depository
> for mail matter, any matter or thing whatever to be
> sent or delivered by the Postal Service, or takes or
> receives therefrom, any such matter or thing, or
> knowingly causes to be delivered by mail according to
> the direction thereon, or at the place at which it is
> directed to be delivered by the person to whom it is
> addressed, any such matter or thing,

shall be guilty of an offense against the United States.

Count Eight alleges that between on or about December 24, 2005, and on or about January 5, 2006, the defendant:

> having knowingly devised a scheme and artifice to
> defraud the CIA of money and property, for the
> purpose of executing, and attempting to execute said
> scheme and artifice to defraud, did knowingly cause to
> be delivered by the United States Postal Service or any
> private or commercial interstate carrier according to
> the direction thereon a shipment of Author A's
> published books for sale at a commercial retail
> bookstore in the Eastern District of Virginia.

Ind. ¶ 69.

As set forth above, Count Eight of the Indictment tracks the statutory language and specifically alleges the essential elements of the mail fraud statute. Count Eight alleges that the existence of a scheme to defraud, the use of the mails in furtherance of that scheme to defraud, and the defendant's willful participation in that scheme to defraud. Thus, there can be no question that Count Eight is sufficient.

Second, to the extent that the defendant argues that Count Eight does not plead enough

facts or is too generic, Count Eight specifically "realleges paragraphs 1-54 of this Indictment as though fully set forth herein." *Id*. at ¶ 69. Paragraphs 1 through 54 of the Indictment then describes in great detail the essential facts supporting the charges. These facts include for example, the defendant's non-disclosure obligations to the CIA, such as

- his agreement that "I will *never* disclose in any form or any manner, to any person not authorized by the [CIA] to receive it," any classified information. *Id*. at ¶¶ 8-10;

- his acknowledgment that "all [classified] information or material that I may acquire in the course of my employment or other service with the [CIA] . . . are and will remain the property of the United States Government unless and until otherwise determined by an appropriate official or final ruling of a court of law." *Id*. at ¶ 11;

- his agreement to "surrender anything constituting, containing or reflecting such information or material upon demand by an appropriate official of the [CIA], or upon the conclusion of my employment or other service with the [CIA]." *Id*.; and,

- his agreement to submit for prepublication review by the CIA "any writing or any preparation in any form . . . , which contains any mention of any intelligence data or activities, or contains any other information or material that might be [classified]." *Id*. at ¶ 12.

Of course, the CIA had a right to rely upon those agreements and the defendant's representations within those agreements.

In addition, the Indictment also outlined various methods and means by which the defendant engaged in the disclosure of classified information. *Id*. at ¶ 19. The methods and means specifically alleged in the Indictment included the following:

    (e)    deceiving and attempting to deceive the CIA into believing that defendant STERLING was a former employee adhering to his secrecy and non-disclosure agreements;

*Id*. The Indictment then goes on to allege a series of disclosures of classified information by the

7

defendant, one of which occurred while still employed by the CIA, *see id*. at ¶ 23, and others occurring after his employment ended with the CIA, but while his lifetime non-disclosure obligations remained in force and effect. *See id*. at ¶¶ 55, 57, 59, 61, 63, 65, 67. Indeed, while on the one hand he continually represented to the CIA that he was adhering to his non-disclosure agreements and honoring his representations contained therein, *see id*. at ¶¶ 25, 28, 29, 30, 31, 35, the defendant in actuality was simultaneously disclosing classified information to Author A. *See id*. at ¶¶ 34, 55, 57, 59, 61, 63, 65, 67.

By doing so, the defendant willfully engaged in a scheme to defraud, *see United States v. Martin*, 228 F.3d 1, 17 (1st Cir. 2000)(reasonable jury could find that employee's "relaying confidential information in violation of both her fiduciary duty to [her employer] and her signed non-disclosure and non-compete agreements . . . constituted false pretenses"), and he defrauded the CIA out of money and property. *Carpenter*, 484 U.S. at 25-26 (holding that "[c]onfidential business information has long been recognized as property."); *United States v. Fowler*, 932 F.2d 306, 310 (4th Cir. 1991)(observing that theft statute would apply to classified documents "because information is a species of property and a thing of value."). *See also United States v. Caso*, 935 F.2d 1288, 1991 WL 101559 (4th Cir. 1991)(unpublished)("It is hard to imagine 'any record' more valuable to the United States than its classified documents.").

Therefore, Count Eight is more than sufficient. It tracks the statutory language. It sets forth the essential elements. And it pleads the essential facts necessary for the defendant to prepare a defense and plead double jeopardy in any future prosecution for the same offense.

## **CONCLUSION**

WHEREFORE, the Government respectfully requests that the Court deny the motion.

        Respectfully submitted,

        Neil H. MacBride
        United States Attorney

        William M. Welch II
        Senior Litigation Counsel
        U.S. Department of Justice

        Timothy J. Kelly
        Trial Attorney
        U.S. Department of Justice

        James L. Trump
        Senior Litigation Counsel
        United States Attorney's Office

By:       /s/
        William M. Welch II
        Attorney for the United States

        United States Attorney's Office
        Justin W. Williams U.S. Attorney's Building
        2100 Jamieson Avenue
        Alexandria, Virginia 22314
        Phone: (703) 299-3700
        Fax: (703) 299-3981
        Email: william.welch2@usdoj.gov

**CERTIFICATE OF SERVICE**

    I hereby certify that I have served an electronic copy of the foregoing opposition using the CM/ECF system to the following counsel for Defendant Jeffrey Sterling:

    Edward B. MacMahon
    107 East Washington Street
    Middleburg, VA 20118
    (703) 589-1124

    Barry J. Pollack
    Miller & Chevalier
    655 Fifteenth Street, NW
    Suite 900
    Washington, DC 20005-5701
    (202) 626-5830
    (202) 626-5801 (fax)

                                                /s/
                                          Timothy J. Kelly
                                          Trial Attorney
                                          United States Department of Justice