IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Criminal No. 1:10CR485 |
| v. ) | |
| ) | Hon. Leonie M. Brinkema |
| JEFFREY ALEXANDER STERLING, ) | |
| ) | Motion Hearing: April 8, 2011 |
| Defendant. ) | |
| ) | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS COUNTS ONE AND TWO OF THE INDICTMENT**

The United States, by and through undersigned counsel, files this opposition to Defendant Sterling's motion to dismiss Counts One and Two of the Indictment [Docs. 51 & 52], which charge him with unauthorized disclosure of national defense information. Defendant Sterling's principal argument is that the allegations in the Indictment concerning these counts are deficient because they do not specifically allege that Defendant Sterling knew that Author A was writing a book. Contrary to Defendant Sterling's motion, Counts One and Two are sufficiently pled in the Indictment, and will be supported at trial with ample evidence. Whether the government meets its evidentiary burden on this matter is a question for the jury to decide at trial. Accordingly, the Court should deny the motion.

**BACKGROUND**

On December 22, 2010, a federal grand jury sitting in Alexandria, Virginia, in the Eastern District of Virginia, returned a ten-count Indictment against Defendant Sterling, including six counts of unauthorized disclosure of national defense information, in violation of Title 18, United States Code, Sections 793(d) and (e), and one count each of unlawful retention of national

defense information, in violation of Title 18, United States Code, Section 793(e), mail fraud, in violation of Title 18, United States Code, Section 1341, unauthorized conveyance of government property, in violation of Title 18, United States Code, Section 641, and obstruction of justice, in violation of Title 18, United States Code, Section 1512(c)(1). The Indictment alleges, in significant detail, that Defendant Sterling, a former CIA operations officer, engaged in a scheme to disclose classified information to an author, referred to as Author A, and to members of the public from on or about August 2000 to or about January 2006. See Indictment ¶ 5-54 (hereinafter "Ind. ¶").

Counts One and Two of the Indictment charge Defendant Sterling with, between on about December 24, 2005 and on or about January 4, 2006, willfully causing national defense information to be communicated, delivered, and transmitted to the general public and foreign adversaries, through the publication, distribution and delivery of Author A's book, in violation of Title 18, United States Code, Sections 793(d) and (e), respectively, and Title 18, United States Code, Section 2. See Ind. ¶¶ 55 & 57. Defendant Sterling argues that the allegations in the Indictment concerning these counts are deficient because they do not specifically allege that Defendant Sterling knew that Author A was writing a book, and that they must therefore be dismissed. Neither the facts nor the law support such a result.

## DISCUSSION

**I.  Applicable Standard of Review for a Motion to Dismiss**

Motions to dismiss test whether the indictment sufficiently sets forth the charged offense against the defendant. See United States v. Sampson, 371 U.S. 75, 78-79 (1962); United States v. Brandon, 150 F. Supp. 2d 883, 884 (E.D.Va. 2001), aff'd, 298 F.3d 307 (4th Cir. 2002). An

indictment must (1) "contain the elements of the offense charged," (2) "fairly inform the defendant of the charge," and (3) "enable the defense to plead double jeopardy as a defense in a future prosecution for the same offense." United States v. Kingrea, 573 F.3d 186, 191 (4th Cir. 2009) (citing United States v. Daniels, 973 F.2d 272, 274 (4th Cir. 1992)). Pursuant to Fed. R. Crim. P. 7(c)(1), an indictment must contain "a plain, concise and definite written statement of the essential facts constituting the offense charged."

While "an indictment that fails to allege each essential element of the offense is plainly insufficient and must be dismissed," United States v. Cuong Gia Le, 310 F.Supp 2d. 763, 772 (E.D.Va. 2004), an indictment "adequately sets forth the elements of the offense if it tracks the language of the relevant criminal statute provided that that language fully, directly, and expressly, without any uncertainty or ambiguity, set[s] forth all the elements necessary to constitute the offence intended to be punished." Id. at 773 (citing Hamling v. United States, 418 U.S. 87 (1974)) (internal quotations omitted). See also United States v. Smith, 44 F.3d 1259, 1264 (4th Cir. 1995) ("The allegations of an offense are generally sufficient if stated in the words of the statute itself."). Where an indictment tracks the statutory language and specifies the nature of the criminal activity, it is sufficiently specific to withstand a motion to dismiss. United States v. Carr, 582 F.2d 242, 244 (2d Cir. 1978); Summers v. United States, 11 F.2d 583, 584 (4th Cir. 1926).

A motion to dismiss "is not the proper vehicle for contesting the sufficiency of the evidence." United States v. Johnson, 553 F.Supp. 2d 582, 616 (E.D.Va. 2008). Indeed, the indictment need not set forth with detail the government's evidence; nor need it enumerate "every possible legal and factual theory of defendants' guilt." See United States v. American

Waste Fibers Co., 809 F.2d 1044, 1047 (4th Cir. 1987). See also United States v. Critzer, 951 F.2d 306, 307 (11th Cir. 1992) ("There is no summary judgment procedure in criminal cases. Nor do the rules provide for a pre-trial determination of sufficiency of the evidence. . . . The sufficiency of a criminal indictment is determined from its face. The indictment is sufficient if it charges in the language of the statute."). Therefore, dismissal is unwarranted if the elements of the offense are set forth in the indictment, even if it does not include all the essential facts and evidence. As one court held,

> where an indictment sets forth the offense elements and includes a brief statement of the facts and circumstances of the offense, but omits certain essential specifics of the offense, *dismissal is unwarranted*; instead, such an omission, if necessary, is typically and appropriately remedied by discovery or, in some instances, by requiring the government to file a bill of particulars.

Cuong Gia Le, 310 F.Supp 2d. at 773-74 (emphasis added).

## II. The Allegations in Counts One and Two Are Sufficient to Establish A Violation of Title 18, United States Code, Sections 793(d) and (e)

Defendant Sterling appears to conflate two distinct arguments: that (1) the Indictment does not adequately allege willfulness as an element of the above offenses, and (2) the Indictment is otherwise deficient because, by not explicitly alleging that Defendant Sterling knew that Author A was writing as book, it is not a "plain, concise and definite written statement of the essential facts constituting the offense charged," Fed. R. Crim. P. 7(c)(1), such that it fairly informs him of the offense. Both of these arguments fail.

First, Counts One and Two track the language of the relevant statutes such that they adequately set forth the element of willfulness. The language of each statute requires willful conduct:

> Whoever, lawfully having possession of . . .
> information relating to the national defense . . .
> *willfully* communicates . . . to any person not entitled
> to received it [shall be guilty of an offense].

18 U.S.C. Section 793(d) (emphasis added).

> Whoever, having unauthorized possession of . . .
> information relating to the national defense . . .
> *willfully* communicates . . . to any person not entitled
> to received it [shall be guilty of an offense].

18 U.S.C. Section 793(e) (emphasis added).

Counts One and Two of the Indictment allege that, between on or about December 24, 2005, and on or about January 5, 2006, Defendant Sterling:

> having lawful possession of, access to, and control
> over information relating to the national defense . . .
> did *willfully* cause to be communicated, delivered, and
> transmitted the same information to any person of the
> general public not entitled to receive said information
> . . . through the publication, distribution, and delivery
> of Author A's book . . .

Ind. ¶ 55 (emphasis added).

> having unauthorized possession of, access to, and
> control over any document relating to the national
> defense . . . did *willfully* cause to be communicated,
> delivered, and transmitted the same information to any
> person of the general public not entitled to receive said
> information . . . through the publication, distribution,
> and delivery of Author A's book . . .

Ind. ¶ 57 (emphasis added).

5

As set forth above, Counts One and Two of the Indictment specifically allege that Defendant Sterling acted willfully; there is no question that the Indictment adequately sets forth that element of the offense charged. Therefore, dismissal of these counts is plainly unwarranted. Defendant Sterling's repeated claims that the Indictment does not make such an allegation are simply wrong. See, e.g., Mem. [Doc. 56] at 3 ("The Indictment Fails to Allege an Element of 18 U.S.C. §§ 793(d) and 793(e): the Willful Transmission of Information").

Second, to the extent that Defendant Sterling argues that the Indictment is otherwise deficient on the issue of willfulness -- solely because it does not contain the words "Defendant Sterling knew that Author A was writing a book" -- such that it does not fairly inform him of the essential facts of the offense, his argument fails as well. Obviously, the Indictment alleges that Defendant Sterling willfully caused the information to be transmitted through Author A's book, so it is implicit in that allegation that Defendant Sterling knew about the book. Additional facts that support the allegation that Defendant Sterling willfully caused the delivery of Author A's book -- that Defendant Sterling intended for Author A to write about the information he disclosed to him and knew that he was doing so -- appear throughout the Indictment.[1] For example, the Indictment alleges that:

- Defendant Sterling "caused and attempted to cause the publication of classified information" during a scheme that lasted from August 2000 until January 2006, the time the book was delivered. Ind. ¶ 18.

- Defendant Sterling deliberately chose to disclose the information to a member of

---

[1] Count One includes paragraphs 1-54 of the Indictment. Count Two incorporates them by reference. See Ind. ¶ 56.

- the media, Author A. Ind. ¶ 19(f). There is no reason for such a choice except to cause Author A to communicate the information to others.

- The particular author in question, Author A, had already written two articles based on information provided to him by Defendant Sterling. See Ind. ¶¶ 23, 27.

- Defendant Sterling provided documents to Author A for his "use," which could only involve writing about them. Ind. ¶ 19(c).

- Defendant Sterling's motive in disclosing national defense information was to retaliate against the CIA. See Ind. ¶ 18. Such a scheme would make no sense if Defendant Sterling merely intended for his disclosures to be made to a single person, Author A, without further communication of the information to others.

- Defendant Sterling "characterized the classified information in a false and misleading manner as a means of inducing Author A to *write and publish a story* premised on the false and misleading information." Ind. ¶ 19(d) (emphasis added).

According to the Indictment, in May 2003, Author A's employer informed a senior United States government official that it would not publish Author A's proposed newspaper article based on the information provided by Defendant Sterling. See Ind. ¶ 43. As noted above, the Indictment alleges that the scheme through which Defendant Sterling "caused and attempted to cause the publication of classified information" continued on until January 2006, when the book was delivered. Ind. ¶ 18. Additional allegations in the Indictment make it obvious that even after May 2003, Defendant Sterling continued to act willfully in causing Author A to disclose the information through the delivery of his book in January 2006. For example, the Indictment

alleges that:

- Defendant Sterling continued to have email and phone contact with Author A after May 2003.  See Ind. ¶¶ 44-51.  Obviously Author A's profession remained the same as beforehand, as did Defendant Sterling's alleged motive in disclosing the information to him as a member of the media: to *widely communicate* the classified information to retaliate against the CIA.  Moreover, Defendant Sterling also provided Author A information, including classified operational details, that permitted Author A to travel to Country B to obtain more information about the classified program in November 2004.  See Ind. ¶ 53.

- Author A specifically told Defendant Sterling on more than one occasion that he was trying to write about the information that Defendant Sterling had given him.  For example, in May 2004, a year after Author A's employer had declined to publish his newspaper article, Author A emailed Defendant Sterling: "I want to call today.  *I'm trying to write the story.*  [Author A]  I need your telephone number again."   Ind. ¶ 46 (emphasis added).

- Not long afterward, in another email, Author A lamented his inability to communicate Defendant Sterling's story to the public as quickly as he apparently understood Defendant Sterling to want: "*I'm sorry if I failed you so far* but I really enjoy talking to you and would like to continue.  [Author A]."   Ind. ¶ 48 (emphasis added).

- A few months before Author A submitted a book proposal to a national book publisher in September 2004, Author A sent Defendant Sterling an email in which

> he offered to send him something: "I can get it to you. Where can I send it?" Ind. ¶ 50. This email is consistent with a practice of sending a manuscript to a source for fact-checking.

- Defendant Sterling and Author A remained in telephone and email contact until November 20, 2005. See Ind. ¶ 54. Approximately one month later, Author A's book was delivered. See Ind. ¶ 55. The Indictment does not reflect that Defendant Sterling ever called or emailed Author A again, strongly suggesting that the purpose of Defendant Sterling's contacts with Author A had been completed.

Of course, the government will support the allegations in the Indictment concerning Defendant Sterling's willfulness with additional evidence at trial that is not -- and need not be -- set forth in the Indictment. But, as noted above, a motion to dismiss is simply not the proper vehicle to contest the sufficiency of this evidence. Johnson, 553 F.Supp. 2d at 616. Whether the government meets its evidentiary burden on this matter is a question for the jury to decide at trial.

Indeed, none of the cases cited by Defendant Sterling remotely support the notion that the Indictment is deficient concerning the allegations of willfulness in Counts One and Two. For example, United States v. Morison, 844 F.2d 1057 (4th Cir. 1988), see Mem. [Doc. 56] at 4, concerns the sufficiency of the evidence for a conviction under the relevant statutes, rather than a motion to dismiss an indictment.

Therefore, Counts One and Two are more than sufficient. They track the statutory language. They set forth the essential elements. And they plead the essential facts necessary for the defendant to prepare a defense and plead double jeopardy in any future prosecution for the

same offense.  In any event, even if the Court were to find the Indictment factually deficient because it did not adequately support allegations of willfulness in Counts One and Two, dismissal would not be the appropriate remedy.  Because the elements of the offense are alleged, such a remedy would be for Defendant Sterling to receive additional discovery as to the Government's evidence, a process that is well underway.

## CONCLUSION

WHEREFORE, the government respectfully requests that the Court deny the motion.

Respectfully submitted,

Neil H. MacBride
United States Attorney

William M. Welch II
Senior Litigation Counsel
U.S. Department of Justice

Timothy J. Kelly
Trial Attorney
U.S. Department of Justice

James L. Trump
Senior Litigation Counsel
United States Attorney's Office


By:  _____/s/_____
Timothy J. Kelly
Attorney for the United States

United States Attorney's Office
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: (703) 299-3700
Fax: (703) 299-3981
Email: Timothy.Kelly@usdoj.gov

## CERTIFICATE OF SERVICE

  I hereby certify that I have served an electronic copy of the foregoing opposition using the CM/ECF system to the following counsel for Defendant Jeffrey Sterling:

    Edward B. MacMahon
    107 East Washington Street
    Middleburg, VA 20118
    (703) 589-1124

    Barry J. Pollack
    Miller & Chevalier
    655 Fifteenth Street, NW
    Suite 900
    Washington, DC 20005-5701
    (202) 626-5830
    (202) 626-5801 (fax)

                 /s/
              Timothy J. Kelly
              Trial Attorney
              United States Department of Justice