IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:10cr485 (LMB) |
| | ) | |
| JEFFREY ALEXANDER STERLING | ) | Motions Hearing:  April 8, 2011 |

**GOVERNMENT'S OPPOSITION
TO DEFENDANT'S MOTIONS TO DISMISS COUNTS AS MULTIPLICITOUS**

The United States of America, by and through its Attorneys, Neil H. MacBride, United States Attorney for the Eastern District of Virginia; William M. Welch II, Senior Litigation Counsel, Criminal Division; Timothy J. Kelly, Trial Attorney, Public Integrity Section, Criminal Division; and James L. Trump, Senior Litigation Counsel, United States Attorney's Office, hereby responds in opposition to the defendant's Motion to Dismiss Counts One and Six of the Indictment as Multiplicitous of Count Four (Docket Nos. 53 and 54) and Motion to Dismiss Counts Two and Seven of the Indictment as Multiplicitous of Count Five (Docket Nos. 49 and 50).

**THE CONTESTED COUNTS**

Counts One, Four and Six of the indictment concern the communication and attempted communication of information relating to the national defense, in violation of Title 18, United States Code, Section 793(d).  Specifically, in Count One, the indictment alleges that, between December 24, 2005, and January 5, 2006, the defendant willfully caused the communication of national defense information to any person of the general public through the publication of

Author A's book. Count Four of the indictment charges that, between February 12, 2003, and April 30, 2003, the defendant willfully communicated national defense information to Author A, and Count Six charges that, between February 27, 2003, and April 30, 2003, the defendant attempted to communicate national defense information to the general public through the publication of a newspaper article.

Section 793(d) of Title 18 reads as follows:

Whoever, lawfully having possession of, access to, control over, or being entrusted with any document, writing, code book, signal book, sketch, photograph, photographic negative, blueprint, plan, map, model, instrument, appliance, or note relating to the national defense, or information relating to the national defense which information the possessor has reason to believe could be used to the injury of the United States or to the advantage of any foreign nation, willfully communicates, delivers, transmits or causes to be communicated, delivered, or transmitted or attempts to communicate, deliver, transmit or cause to be communicated, delivered or transmitted the same to any person not entitled to receive it, or willfully retains the same and fails to deliver it on demand to the officer or employee of the United States entitled to receive it; or

Thus, as charged in Counts One, Four and Six, the government must prove the following elements of an offense under Section 793(d):

(a) the defendant had lawful possession of, or access to or control over information relating to the national defense;

(b) the defendant communicated, delivered, transmitted or caused to be communicated, delivered, or transmitted or attempted to communicate, deliver, transmit or cause to be communicated, delivered or transmitted information relating to the national defense to a person not entitled to receive it;

(c) the defendant acted with reason to believe that the information in question could be used to the injury of the United States or to the advantage of a foreign nation; and

(d) the defendant acted willfully.

Counts Two, Five and Seven of the indictment concern the communication and attempted communication of a document relating to the national defense, in violation of Title 18, United

States Code, Section 793(e). Specifically, in Count Two, the indictment alleges that, between December 24, 2005, and January 5, 2006, the defendant willfully caused the communication of a letter containing national defense information to any person of the general public through the publication of Author A's book. Count Five charges that, between February 12, 2003, and April 30, 2003, the defendant willfully communicated this letter to Author A, and Count Seven charges that, between February 27, 2003, and April 30, 2003, the defendant attempted to communicate this letter to the general public through the publication of a newspaper article.

>Section 793(e) of Title 18 provides:

>Whoever having unauthorized possession of, access to, or control over any document, writing, code book, signal book, sketch, photograph, photographic negative, blueprint, plan, map, model, instrument, appliance, or note relating to the national defense, or information relating to the national defense which information the possessor has reason to believe could be used to the injury of the United States or to the advantage of any foreign nation, willfully communicates, delivers, transmits or causes to be communicated, delivered, or transmitted, or attempts to communicate, deliver, transmit or cause to be communicated, delivered, or transmitted the same to any person not entitled to receive it, or willfully retains the same and fails to deliver it to the officer or employee of the United States entitled to receive it; or . . . .

As charged in Counts Two, Five and Seven of the indictment, the government must prove the following elements of an offense under Section 793(e):

(a) the defendant had unauthorized possession of, or access to or control over any document, writing code book, signal book, sketch, photograph, photographic negative, blueprint, plan, map, model, instrument, appliance, or note relating to the national defense;

(b) the defendant communicated, delivered, transmitted or caused to be communicated, delivered, or transmitted or attempted to communicate, deliver, transmit or cause to be communicated, delivered or transmitted any document, writing code book, signal book, sketch, photograph, photographic negative, blueprint, plan, map, model, instrument, appliance, or note relating to the national defense to a person not entitled to receive it;

    (c)    the defendant acted with reason to believe that the information in question could be used to the injury of the United States or to the advantage of a foreign nation[1]; and

    (d)    the defendant acted willfully.

The defendant claims that charging these offenses in this manner is multiplicitous. He argues that the act of disclosing classified information to Author A defines the offenses under Sections of 793(d) and (e). Thus, he contends, the communication of information to Author A must be charged in a single count under Section 793(d), and the delivery of the letter to Author A must be charged in a single count under Section 793(e). Otherwise, the argument continues, the defendant is exposed to multiple punishments for the same offenses.

## DISCUSSION

Multiplicity is the charging of a single offense in more than one count. *United States v. Mancuso*, 42 F.3d 836, 847 n.11 (4th Cir. 1994); *United States v. Colton*, 231 F.3d 890, 908 (4th Cir. 2000); *United States v. Segall,* 833 F.2d 144, 145 (9th Cir. 1987). The danger of multiplicity is that it may lead to multiple sentences for a single offense, or it may unfairly suggest that more than one crime has been committed. *United States v. Allen*, 13 F.3d 105, 108-109 (4th Cir. 1993); *United States v. Duncan,* 850 F.2d 1104, 1108 n.4 (6th Cir. 1988). A multiplicitous indictment raises the possibility of a double jeopardy violation if the defendant is convicted of multiplicitous counts. But, where each offense requires proof of different facts,

---

[1] The "reason to believe" language in Sections 793(d) and (e) applies only to "information" and not to "any document." The United States alleges, however, in Counts Two, Five and Seven, that the defendant did, in fact, have reason to believe that the disclosure of the information in the letter could be used to the injury of the United States or to the advantage of a foreign nation.

4

there is no multiplicity, and separate punishments may be imposed for each offense. Thus, the test for multiplicity is whether each count charged requires proof of a fact which the other does not. *Blockburger v. United States,* 284 U.S. 299, 304 (1932). *See generally United States v. Burns*, 990 F.2d 1426, 1438 (4th Cir. 1993); *United States v. Bailey*, 112 F.3d 758, 767 (4th Cir. 1997).

Multiplicity claims often arise when the government alleges that a single act gives rise to two or more distinct offenses. *See*, *e.g.*, *United States v. Allen*, 13 F.3d at 107-108 (prosecution for separate violations of 18 U.S.C. §§ 287 and 1001 appropriate). In such cases, a conventional *Blockburger* analysis (*i.e.*, comparing the elements of the charged offenses) is warranted. *United States v. Ansaldi*, 372 F.3d 118, 125 n.3 (2nd Cir. 2004).

In this case, however, the same offense is charged in the two disputed sets of Counts (Section 793(d) for Counts One, Four and Six and Section 793(e) for Counts Two, Five and Seven), so no comparison can be made of the statutory elements. Where, as here, the same statutory violation is charged in more than one count, the question is whether the facts underlying each count were intended by Congress to constitute separate units of prosecution. *Id.* at 125, *citing Bell v. United States*, 349 U.S. 81, 83-84 (1955); *United States v. Planck*, 493 F.3d 501, 503 (5th Cir. 2007)(stating that in deciding whether an indictment is multiplicitous, the court looks to whether separate and distinct prohibited acts, made punishable by law, have been committed)(quotations and citations omitted). The inquiry as to what constitutes the correct unit of prosecution focuses on the identification of the key element of the federal offense and the *actus reus* of the defendant. *Id.* (holding that three counts of possession of child pornography warranted by the simultaneous possession of various images on three different electronic

5

devices); *see also United States v. Esch*, 832 F.2d 531, 542 (10th Cir. 1987)(holding that each photograph taken during a single photographing session may be charged as a separate offense under 18 U.S. C. § 2251), *citing Ebeling v. Morgan*, 237 U.S. 625, 629 (1915)("[a]lthough the transaction of cutting the mail bags was in a sense continuous, the complete statutory offense was committed every time a mail bag was cut . . . .").

The key element of the statute at issue here, Sections 793(d) and (e) of Title 18, is the communication (which includes causing to communicate and attempting to communicate) of national defense information (orally or through a document) to any person not entitled to receive it. In this context, there are clear factual distinctions among the contested counts. Count One is easily distinguished from Counts Four and Six by date.[2] Count One alleges a continuing course of contact between the defendant and Author A continuing through November 20, 2005, with the charged communication of national defense information occurring between December 24, 2005, and January 5, 2006. Counts Four and Six, by contrast, allege that the charged communication of national defense information was complete as of April 2003. Where the evidence shows that offenses charged under a single statute are separated by time and place, multiple counts within an indictment are not multiplicitous. *United States v. Olmeda*, 461 F.3d 271, 279-280 (2nd Cir. 2006), *citing United States v. Dunford*, 148 F.3d 385, 389 (4th Cir. 1998); *see also United States v. Washington*, 188 F.3d 505, 1999 WL 668130, *3 (4th Cir. 1999) (unpublished)("However, while simultaneous possession of multiple firearms that are seized at the same time from the defendant's home constitutes only one act of possession, separate firearm possession offenses

---

[2] This discussion applies equally to Counts Two, Five and Seven. Count Two is similarly distinct from Counts Five and Seven by the alleged dates of the defendant's conduct.

6

exist if the firearms were acquired, stored, or possessed at different times and places," *citing United States v. Dunford,* 148 F.3d at 389; *United States v. Mullins,* 698 F.2d 686, 687 (4th Cir. 1983); *United States v. Wiga,* 662 F.2d 1325, 1336 (9th Cir. 1981); *United States v. Cunningham*, 145 F.3d 1385, 1398-99 (D.C. Cir. 1998); *United States v. Johnson*, 130 F.3d 1420, 1426 (10th Cir. 1997); *United States v. Keen*, 104 F.3d 1111, 1118 n.11 (9th Cir. 1996); *United States v. Hutching*, 75 F.3d 1453, 1460 (10th Cir. 1996); *United States v. Berry*, 977 F.2d 915, 920 (5th Cir. 1992); *United States v. Gann*, 732 F.2d 714, 718-21 (9th Cir. 1984); *United States v. Bonavia*, 927 F.2d 565, 568-71 (11th Cir. 1991); *United States v. Oliver*, 683 F.2d 224, 233 (7th Cir. 1982). *See also United States v. Cooper*, 966 F.2d 936, 942-45 (5th Cir. 1992) (holding that the maintenance of a crack house constitutes a separate offense each day it is continued); *United States v. Gallardo*, 915 F.2d 149, 151 (5th Cir. 1990)(finding that each time the defendant sent a letter through the mail, a separate offense was committed, even when several letters were mailed simultaneously on a single day).

Counts One and Six are also distinguishable from Count Four both in terms of the acts committed in furtherance of the offense charged and the "person not entitled to receive it."[3] In Count Four, the defendant is charged with having communicated national defense information to Author A, a person not entitled to receive that information. By contrast, in Count One, the defendant is charged with having caused the communication of national defense information, and in Count Six with having attempted to communicate national information, to different persons not entitled to receive it (that is, to any member of the public), through the publication of a book and the attempted publication of an article. Moreover, the *actus reus* of these crimes (which, as

---

[3] Again, this discussion applies to Counts Two, Five and Seven as well.

discussed above, is what helps define the unit of prosecution), includes any and all acts the defendant commits directly as well as any and all acts he caused or attempted to cause in bringing about the communication or attempted communication of national defense information to any member of the public.[4]

Finally, even if this Court were to suspect that two or more of the charged counts were multiplicitous, the appropriate remedy is not a dismissal of counts. There generally is no prejudice to the defendant in proceeding to trial as charged. The court can simply later vacate a count of conviction at sentencing. *United States v. Colton*, 231 F.3d 890, 910 (4th Cir. 2000)(multiplicity can easily be remedied by vacating a count of conviction and sentencing accordingly; there is no prejudice to the defendant because exactly the same evidence was

---

[4] The defendant states in both of his multiplicity motions (at page 6) that he cannot be held accountable for the acts of others, even if those acts resulted in the communication of national defense information to persons not entitled to receive it. That is not true. Title 18, United States Code, Section 2 (whose language is mirrored in Sections 793(d) and (e)), punishes as a principal not only one who directly commits an offense but also anyone who causes the doing of an act which if done by him directly would render him guilty of an offense. Under this theory of culpability, a defendant may be convicted for having caused the commission of an act forbidden by federal law even though the defendant is not capable of personally committing the act, and even though the person who committed the act is guiltless of any crime. *See, e.g., United States v. Keefer*, 799 F.2d 1115, 1122 (6th Cir. 1986). The Fourth Circuit has stated that Section 2(b) "is intended to 'impose criminal liability on one who causes an intermediary to commit a criminal act, even though the intermediary who performed the act has no criminal intent and hence is innocent of the substantive crime charged.'" *United States v. Jackson*, 608 F.3d 193, 198 n.l (4th Cir. 2010)(*quoting United States v. Richeson*, 825 F .2d 17, 20 (4th Cir. 1987) (*quoting United States v. Tobon-Builes*, 706 F.3d 1092, 1099 (11th Cir. 1983))). "In other words, a principal is guilty of an offense if she used 'an innocent pawn to cause an act to be done, which, if performed by the principal, would be unlawful.'" *United States v. Haeng Hwa Lee*, 602 F.3d 974, 976 (9th Cir. 2010). *See also United States v. Armstrong*, 550 F.3d 382, 393 (5th Cir. 2008)(stating that "the historical and statutory note for § 2 further states that '[o]ne who puts in motion or assists in the illegal enterprise or causes the commission of an indispensable element of the offense by an innocent agent or instrumentality, is guilty as a principal even though he intentionally refrained from the direct act constituting the completed offense'").

offered to prove all four counts and the jury would have learned of the same evidence even if only a single charge had been brought); *United States v. Kelly*, 2006 WL 220852, *3 (W.D. La. 2006)(not improper to charge separate offenses under 922(g) on basis of more than one disqualifying status; if convicted, counts merge at sentencing); *United States v. Luskin,* 926 F.2d 372, 378 (4th Cir.1991)(when the jury reaches a guilty verdict on more than one of such multiple counts, the proper remedy is to strike the multiplicitous convictions); *United States v. Clark*, 184 F. 3d 858, 872 (D.C. Cir. 1999)(defendant was not prejudiced at trial because evidence of possession of gun and ammunition essentially the same); *United States v. Shea*, 211 F.3d 659, 673 (1st Cir. 2000)(government entitled to get both theories of unlawful possession before the jury); *United States v. Harwell*, 426 F.Supp.2d 1189, 1192 (D. Kan. 2006)(government not required to elect as there was no risk of unfair prejudice in trying defendant on multiple counts); *United States v. Johnson*, 130 F.3d 1420, 1426 (10th Cir. 1997)(district court did not error in refusing to require government to elect between two firearms counts); *United States v. Platter*, 435 F.Supp.2d 913, 916-17 (N.D. Iowa 2006).

## **CONCLUSION**

For these reasons, we ask the Court to deny the motions to dismiss counts as multiplicitous.

Respectfully submitted,

Neil H. MacBride
United States Attorney

William M. Welch II
Senior Litigation Counsel
Criminal Division
United States Department of Justice

        Timothy J. Kelly
Trial Attorney
Public Integrity Section
United States Department of Justice

James L. Trump
Senior Litigation Counsel
United States Attorney's Office
Eastern District of Virginia

By: _____/s/_____
James L. Trump
Attorney for the United States of America
United States Attorney's Office
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: 703-299-3726
Fax: 703-299-3981
Email Address: jim.trump@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that I have caused an electronic copy of the foregoing *Response of the United States to Defendant's Motions to Dismiss Counts as Multiplicitous* to be served via ECF upon Edward B. MacMahon, Jr., and Barry J. Pollack, counsel for the defendant.

By:       /s/
James L. Trump
Attorney for the United States of America
United States Attorney's Office
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: 703-299-3726
Fax: 703-299-3981
Email Address: jim.trump@usdoj.gov