**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. 1:10CR485 |
| | ) | |
| | ) | |
| | ) | Hon. Leonie M. Brinkema |
| v. | ) | |
| | ) | |
| JEFFREY ALEXANDER STERLING | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT JEFFREY STERLING'S REPLY
TO GOVERNMENT'S OPPOSITION
TO MR. STERLING'S MOTION TO DISMISS
<u>MULTIPLICITOUS COUNTS OF THE INDICTMENT</u>**

On February 24, 2011, Mr. Sterling moved to Dismiss Counts One and Six of the Indictment as Multiplicitous of Count Four and moved to Dismiss Counts Two and Seven of the Indictment as Multiplicitous of Count Five. DE 49, 53 (collectively, "Motions"). Both of these Motions argued that the Government improperly charged Mr. Sterling with three separate counts of the Unauthorized Disclosure of National Defense Information, under 18 U.S.C. § 793(d) and three separate counts under § 793(e), because the criminal act underlying each set of three separate counts was the same -- the disclosure of national defense information that Mr. Sterling lawfully possessed to a person not entitled to receive it [DE 53] and the disclosure of national defense information that Mr. Sterling unlawfully possessed to a person not entitled to receive it [DE 49]. In all six counts, the disclosure occurred because of Mr. Sterling's alleged communications with Author A. The Government opposed Mr. Sterling's Motions in a consolidated Opposition. DE 74 ("Opposition"). Mr. Sterling respectfully submits his reply to the Government's Opposition.

## ARGUMENT

The Government argues that, in assessing multiplicity, the inquiry must "focus[] on the identification of the key element of the federal offense and the *actus reus* of the defendant." *Id*. at 5. And, the Government explains, the "key element of the statute at issue here, Sections 793(d) and (e) of Title 18, is the communication . . . of national defense information . . . to any person not entitled to receive it." *Id*. at 6. This is precisely what Mr. Sterling argued in his Motions: six separate counts charge Mr. Sterling with two acts, the alleged communication of national defense information lawfully possessed by Mr. Sterling, and information unlawfully possessed by Mr. Sterling, to a personal not entitled to receive it, Author A. Multiplying this essential act to encompass six separate offenses both unduly amplifies the charged conduct to the jury and subjects Mr. Sterling to a compounded punishment for the same offense conduct.[1]

The Government cites various cases in support of its position, a number of which actually appear to support Mr. Sterling's argument. For instance, *United States v. Ansaldi* explains that "[i]t is not the conduct that underlies the offense that matters for multiplicity analysis, but rather the offense - in the legal sense, as defined by Congress." 372 F.3d 118, 124 (2d Cir. 2004) (internal citations and quotations omitted). Accordingly, the Court found multiplicitous charges and vacated a conviction. *Id*. at 124-25. Applying this analysis to the counts in the Indictment at issue in this case, it is clear that the "offense" underlying the two categories of multiplicitous counts is the same: the unauthorized disclosure of classified information to Author A.

---

[1] In contrast, Counts One, Four and Six, collectively, and Counts Two, Five and Seven, collectively, are properly charged as two separate counts. Counts One, Four and Six charge Mr. Sterling with the unauthorized disclosure to Author A of national defense information that he *lawfully* possessed. DE 1 at ¶¶ 55, 61, 65. Counts Two, Five and Seven charge Mr. Sterling with the unauthorized disclosure to Author A of national defense information that he *unlawfully* possessed. *Id*. at ¶¶ 57, 63, 67. Thus, these are two distinct offenses and can be charged as two separate offenses.

The Government also cites *United States v. Planck*. DE 74 at 5. In that case, the Fifth Circuit upheld three convictions based on the possession of child pornography in three separate devices. 493 F.3d 501, 502 (5th Cir. 2007). The Court explained, "[i]n deciding whether an indictment is multiplicitous, we look to whether separate and distinct prohibited acts, made punishable by law, have been committed." *Id*. at 503 (internal quotations omitted). Thus, a court must "determine the allowable unit of prosecution, . . . which is the *actus reus* of the defendant[.]" *Id*. (internal citations and quotations omitted). The Court upheld three separate charges because the defendant possessed "three separate types of material or media," which were "obtained through the result of different transactions." *Id*. at 505. For the statute in issue, the *actus reus* was the possession of child pornography; "[t]hrough different transactions, [the defendant] possessed child pornography in three separate places . . .and, therefore, committed three separate crimes." *Id*. at 505. Here, the *actus reus* is the unauthorized disclosure of classified information, and a study of the Indictment illustrates that it only properly charges Mr. Sterling with two separate crimes: the unauthorized disclosure of information he lawfully possessed and the unauthorized disclosure of information he unlawfully possessed.

With respect to Counts One, Four and Six, the Government charges Mr. Sterling with the unauthorized disclosure of "information about Classified Program No. 1 and Human Asset No. 1[,]" which he lawfully possessed. DE 1 at ¶¶ 55, 61, 65. The same disclosure of classified information that constitutes the disclosure element of each Count cannot serve to support three separate offenses. The Government references the differences among the dates charged in the separate counts, but the Indictment itself does not describe at which points the general "information" was shared, thus representing the separate offenses. Indeed, certain dates such as the February 12, 2003 commencement of the offense charged in Count Four and the February 27,

2003 commencement of the offense charged in Count Six, which are both based on the disclosure of the same information, are unsupported by any factual allegations in the Indictment, beyond a telephone call allegedly placed by Mr. Sterling on February 27, 2003 to Author A. Thus, unlike *United States v. Planck*, the acts alleged here cannot be divided into separate transactions. Rather, the Government has improperly charged Mr. Sterling with the single act of disclosing "information about Classified Program No. 1 and Human Asset No. 1" to Author A in three separate counts. DE 1 at ¶¶ 55, 61, 65.

Likewise, Counts Two, Five, and Seven are not distinguishable by date, despite the Government's recitation of separate date ranges for each count. Each of these three counts charges Mr. Sterling with the unauthorized disclosure of "a letter relating to Classified Program No. 1," information he unlawfully possessed. DE ¶¶ 57, 63, 67. The Indictment does not allege that Mr. Sterling disclosed the same letter to Author A on three separate occasions. Ultimately, the offense conduct occurred when Mr. Sterling allegedly disclosed the letter to Author A -- that single act was the beginning and end of the conduct with which Mr. Sterling can properly be charged. Mr. Sterling should not be charged with the endless subsequent uses of the letter; the act "intended by Congress to constitute separate units of prosecution" [DE 74 at 5] was the unauthorized transmittal of the letter. Mr. Sterling should only be charged with this act once.

The Government cites a series of cases for the proposition that "[w]here the evidence shows that offenses charged under a single statute are separated by time and place, multiple counts within an indictment are not multiplicitous." *Id*. at 6. Yet, when focusing on the *actus reus* of the defendant -- which the Government urges the Court to do -- it becomes clear that Mr. Sterling should only be charged with two separate offenses under two distinct subsections of the statute. The act underlying the offense is the unauthorized disclosure of classified information.

Mr. Sterling allegedly did so, both with information that he lawfully possessed and with information that he unlawfully possessed, and in all alleged instances, he made disclosure of the same information to the same person: Author A. Accordingly, he should only be charged with two counts, one each under 18 U.S.C. § 793(d) and § 793(e).

## CONCLUSION

For the foregoing reasons, Mr. Sterling respectfully requests the Court grant his Motion to Dismiss Counts One and Six of the Indictment as Multiplicitous of Count Four and Motion to Dismiss Counts Two and Seven of the Indictment as Multiplicitous of Count Five.

Dated: March 16, 2011

Respectfully submitted,
JEFFREY A. STERLING

By:       /s/
Edward B. MacMahon, Jr. (VSB # 25432)
Law Office of Edward B. MacMahon, Jr.
107 East Washington Street
P.O. Box 25
Middleburg, VA 20118
(540) 687-3902
(540) 687-6366 (facsimile)
ebmjr@verizon.net

      /s/
Barry J. Pollack (admitted *pro hac vice*)
Miller & Chevalier Chartered
655 Fifteenth St. N.W. Suite 900
Washington, D.C. 20005
(202) 626-5830
(202) 626-5801 (facsimile)
bpollack@milchev.com
*Counsel for Jeffrey A. Sterling*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 16th day of March, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

By: /s/
Edward B. MacMahon, Jr. (VSB # 25432)
Law Office of Edward B. MacMahon, Jr.
107 East Washington Street
P.O. Box 25
Middleburg, VA 20118
(540) 687-3902
(540) 687-6366 (facsimile)
ebmjr@verizon.net
*Counsel for Jeffrey A. Sterling*

1148760.1