**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. 1:10CR485 |
| | ) | |
| | ) | |
| | ) | Hon. Leonie M. Brinkema |
| v. | ) | |
| | ) | |
| JEFFREY ALEXANDER STERLING | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT JEFFREY STERLING'S REPLY TO GOVERNMENT'S OPPOSITION
TO MR. STERLING'S MOTION TO DISMISS
COUNTS ONE AND TWO OF THE INDICTMENT AND MR. STERLING'S
ALTERNATE MOTION TO DISMISS COUNT EIGHT OF THE INDICTMENT**

On February 24, 2011, Mr. Sterling moved to dismisss Counts One and Two of the Indictment and moved, alternatively, to dismiss Count Eight of the Indictment because the Government failed adequately to allege in the Indictment that Mr. Sterling at any point was aware that Author A was intending to publish a book or that Author A was writing a book using information allegedly provided by Mr. Sterling. [DE 51, 59] (collectively, "Motions"). Without such knowledge, Mr. Sterling could neither willfully cause Author A to transmit classified information through his book, as required under 18 U.S.C. §§ 793(d) and 793(e) [DE 51], nor reasonably foresee the use of the mails to ship the book, as required under 18 U.S.C. § 1341 [DE 59]. The Government opposed Mr. Sterling's Motions in separate Opposition briefs. DE 71, 72. Because the Government's arguments in its two briefs are virtually identical, Mr. Sterling submits his reply in one consolidated brief.

In opposing Mr. Sterling's Motions and in support of its position that the Indictment does adequately allege Mr. Sterling's knowledge of Author A's book, the Government cites a number

of "implicit" and "strongly suggest[ive]" inferences possible from the plain language of the Indictment. DE 71 at 6, 9; DE 72 at 6, 9. According to the Government, it is *possible* to deduce from various paragraphs that Mr. Sterling knew Author A was writing a book and intended to publish it. *Id*. at 6-9; *id*. at 6-9. However, such speculative surmises are insufficient to ensure Mr. Sterling's Fifth Amendment right to be indicted only on facts properly found by the grand jury. Accordingly, Counts One, Two and Eight of the Indictment must be dismissed.

## ARGUMENT

As the Government correctly notes, "[m]otions to dismiss test whether the indictment sufficiently sets forth the charged offense against the defendant." DE 71 at 3; DE 72 at 2. While an indictment "need not set forth with detail the government's evidence[,]" [DE 71 at 4; DE 72 at 3] it must, at the very least, provide sufficient detail to ensure that the grand jury had before it all the facts necessary to charge the defendant with the offenses contained in the indictment. *Russell v. United States*, 369 U.S. 749, 770 (1962).

First, the Government argues that the Indictment alleges both willfulness [DE 72 at 6] and use of the mails [DE 71 at 5], because Counts One, Two and Eight use those words in charging Mr. Sterling. Reciting statutory language is not the same as alleging *facts* in support of the charges. The Federal Rules of Criminal Procedure require the Indictment to contain "a plain, concise and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). Beyond repeating statutory language, the Indictment does not include a "plain, concise and definite written statement of [] essential facts" alleging that Mr. Sterling, at any point, knew that Author A was writing a book or using information allegedly provided by Mr. Sterling in the book.

Second, the Government's Opposition is littered with speculation not based on facts actually alleged in the Indictment. For example, the Government argues that "[t]here is no reason for [Mr. Sterling's choice to disclose information to a member of the media] except to cause Author A to communicate the information to others" and "[s]uch a scheme would make no sense if Defendant Sterling merely intended for his disclosures to be made to a single person, Author A, without further communication of the information to others." DE 71 at 7; DE 72 at 7. An Indictment cannot survive a motion to dismiss because of guesswork and deduction. Moreover, even if the Indictment did adequately allege that Mr. Sterling intended Author A to communicate information to others, there is still no allegation that Mr. Sterling intended such disclosure through publication of Author A's book, which is the basis of the charges in Counts One, Two and Eight, and, indeed, the only thing that distinguishes these counts from other charges in the Indictment.

The Government also cites a number of alleged communications from Author A to Mr. Sterling in support of its contention that Mr. Sterling was aware of Author A's book, asking the Court to read Mr. Sterling's knowledge of a book into a handful of phrases, none of which make any reference to a book. *See, e.g.,* DE 71 at 8; DE 72 at 8 (citing Author A's e-mail to Mr. Sterling indicating that he was "trying to write the story."). Again, the Government invites pure conjecture, as none of the quoted language sets forth Mr. Sterling's awareness of the book. While paragraph 46 of the Indictment does allege that Author A informed Mr. Sterling that he is "trying to write the story," the Indictment does not indicate that this statement was in reference to the book, rather than to, for instance, another newspaper article. DE 1 at ¶ 46. Indeed, the most logical assumption is that Author A was referencing another newspaper article, because the Indictment alleges that Author A "was employed by a national newspaper and wrote newspaper

1148761.1

articles about the CIA and the intelligence community generally (*id*. at ¶ 17), Author A actually published an article about Mr. Sterling (*id*. at ¶ 27), and Author A had multiple conversations with the Director of the Office of Public Affairs for the CIA about a newspaper article he was writing using the classified information Mr. Sterling had allegedly provided him (*id*. at ¶¶ 39-42). Finally, the word "story," seems to apply much more naturally to a newspaper article than to a full-length non-fiction book.

Similarly, the Government attempts to infuse references to Author A's book into other non-descriptive sentences in the Indictment. For example, the Indictment cites an e-mail Author A wrote to Mr. Sterling, which included the sentence "I'm sorry if I failed you so far but I really enjoy talking to you and would like to continue," which the Government portrays as Author A's lamentation of his "inability to communicate Defendant Sterling's story to the public as quickly as he *apparently understood* Defendant Sterling to want" [DE 71 at 8; DE 72 at 8] (emphasis added). To the extent that the Government's interpretation of Author A's state of mind can be imputed to Mr. Sterling, this sentence could just as likely indicate that Author A was working on another newspaper article. Another e-mail cited in the Indictment included Author A's statement that he would send something to Author A: "I can get it to you. Where can I send it?" DE 1 at ¶ 50; DE 71 at 9; DE 72 at 9. While the Government argues that this sentence is "consistent with a practice of sending a manuscript to a source for fact-checking" [DE 72 at 9; DE 71 at 9], the fact that an allegation in the Indictment is "consistent with" an allegation not in the Indictment is of little moment. The sentence on which the Government relies is logically, based on the facts alleged in the Indictment, a reference to a draft of a newspaper article, which also would require fact-checking, rather than to a book that is not directly referenced until Paragraph 52 of the Indictment. The debate between the meaning of the Indictment based on what is actually alleged

1148761.1

in the Indictment and what the Indictment could possibly mean based on facts that are not alleged in the Indictment only highlights the infirmity of the Indictment.

Ultimately, the Government is asking the Court to uphold an Indictment that implicitly, if one accepts speculation built on inference upon inference, charges Mr. Sterling with the Unauthorized Disclosure of National Defense Information and with Mail Fraud by providing classified information to someone with the intent that he publish it in a book, rather than makes those charges directly. While the Indictment can be construed impliedly to allege Mr. Sterling's awareness of Author A's book, such a reading is not the "plain, concise and definite written statement of the essential facts constituting the offense charged" required by the Federal Rule of Criminal Procedure 7(c)(1). Accordingly, there is no way to know that the grand jury indicted based on the speculation now offered by the Government to justify the charges in Counts One, Two and Eight. Accordingly, these Counts must be dismissed.

## CONCLUSION

For the foregoing reasons, Mr. Sterling respectfully requests the Court grant his Motion to Dismiss Counts One and Two of the Indictment and Alternate Motion to Dismiss Count Eight of the Indictment.

Dated: March 16, 2011                    Respectfully submitted,

                                         JEFFREY A. STERLING

                                         By:_____/s/_____
                                            Edward B. MacMahon, Jr. (VSB # 25432)
                                            Law Office of Edward B. MacMahon, Jr.
                                            107 East Washington Street
                                            P.O. Box 25
                                            Middleburg, VA 20118
                                            (540) 687-3902
                                            (540) 687-6366 (facsimile)
                                            ebmjr@verizon.net

1148761.1

        /s/
Barry J. Pollack (admitted *pro hac vice*)
Miller & Chevalier Chartered
655 Fifteenth St. N.W. Suite 900
Washington, D.C. 20005
(202) 626-5830
(202) 626-5801 (facsimile)
bpollack@milchev.com

*Counsel for Jeffrey A. Sterling*

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of March, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

By:     /s/
Edward B. MacMahon, Jr. (VSB # 25432)
Law Office of Edward B. MacMahon, Jr.
107 East Washington Street
P.O. Box 25
Middleburg, VA 20118
(540) 687-3902
(540) 687-6366 (facsimile)
ebmjr@verizon.net

*Counsel for Jeffrey A. Sterling*

1148761.1