IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. 1:10CR485 |
| | ) | |
| | ) | |
| | ) | Hon. Leonie M. Brinkema |
| v. | ) | |
| | ) | |
| JEFFREY ALEXANDER STERLING | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT JEFFREY STERLING'S REPLY
TO GOVERNMENT'S OPPOSITION
TO MR. STERLING'S MOTION TO DISMISS
<u>COUNT EIGHT OF THE INDICTMENT</u>**

On February 24, 2011, Mr. Sterling moved to Dismiss Count Nine of the Indictment because the Government failed adequately to allege that Mr. Sterling knowingly devised a scheme and artifice to defraud the CIA of money or property, as required under 18 U.S.C. § 1341 (Mail Fraud). [DE 57] ("Motion"). The Government opposed this Motion [DE 70] ("Opposition"), and Mr. Sterling respectfully submits his reply to the Government's Opposition.

**ARGUMENT**

As the Government correctly notes, "[m]otions to dismiss test whether the indictment sufficiently sets forth the charged offense against the defendant." *Id*. at 2. While an indictment "need not set forth with detail the government's evidence[,]" (*id*. at 3) it must, at the very least, provide sufficient detail to ensure that the grand jury had before it all the facts necessary to charge the defendant with the offenses contained in the indictment. *Russell v. United States*, 369 U.S. 749, 770 (1962). The Indictment here plainly fails to do so.

First, the Government argues that the Indictment sufficiently alleges mail fraud because Count Eight tracks the language of the statute. DE 70 at 5-6. Reciting statutory language is not the same as alleging *facts* in support of the charges. The Federal Rules of Criminal Procedure require the Indictment to contain "a plain, concise and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). Beyond repeating statutory language, the Indictment does not include a "plain, concise and definite written statement of [] essential facts" alleging that Mr. Sterling knowingly devised a scheme to defraud the CIA of property.

Second, the Government argues that the Indictment sufficiently alleges a scheme by Mr. Sterling to misappropriate information belonging to the CIA through deceit. DE 70 at 5. According to the Government, the Indictment properly alleges that Mr. Sterling engaged in this scheme "from on or about August 2000 to or [on or] about January 2006." *Id*. at 2. In support of its position, the Government cites paragraphs 8-12 of the Indictment, which describe the defendant's non-disclosure obligations to the CIA (*id*. at 7); paragraphs 34, 55, 57, 61, 63, 65 and 67 of the Indictment, which allege the disclosures Mr. Sterling made to Author A (*id*. at 8); and paragraphs 25, 28-31, 35, which allege Mr. Sterling's representations to the CIA of adherence to his non-disclosure agreements (*id*.).

However, none of these paragraphs of the Indictment allege the element of "deceit." Certainly, the Indictment alleges that Mr. Sterling had non-disclosure agreements with the CIA. *Id*. at ¶¶ 8-12. However, simply breaching a contract does not constitute deceit. The Indictment also alleges that Mr. Sterling discussed with the CIA his plans to publish his memoirs and submitted sample chapters to the CIA for approval. *See, e.g., id*. at ¶¶ 25, 28, 30. Yet, these allegations add nothing to the allegation of mail fraud. The fact that Mr. Sterling was following

proper channels in his effort to publish his memoirs does not make out an allegation that he engaged in deceit. The Government attempts to conflate two separate courses of conduct: Mr. Sterling, on the one hand, discussed his memoirs with the CIA, and, on the other hand, allegedly disclosed confidential information to Author A in breach of his contractual obligation of confidentiality. Not only are the two events *not* connected in the Indictment in a manner that could allow for the conclusion that Mr. Sterling's participation in the process to vet his memoirs was a deceitful act furthering his violation of his confidentiality agreements, but rather, if anything, the Indictment alleges that Mr. Sterling subsequently disclosed information to Author A because of his frustration with the CIA's responses to his attempts to publish his memoirs, not concurrent with those attempts. *Id*. at ¶ 18 ("In retaliation for the CIA's refusal to settle on terms favorable to defendant STERLING, as well as other decisions made by the CIA, defendant STERLING caused and attempted to cause the publication of classified information . . ."). Accordingly, this indicates a desire for retaliation, not a scheme to defraud.

The Government cites a number of cases in its Opposition. However, not a single one of these cases presents an analogous fact scenario. The majority of the Government's authority does not deal with mail fraud at all. Of those cases actually involving mail fraud, none are applicable to the allegations presented here alleging deceitful disclosure of classified information. *See, e.g., Carpenter v. United States*, 484 U.S. 19 (U.S. 1987) (defendant convicted of insider trading when he entered into scheme to provide advance stock information, resulting in profits to conspirators in the scheme); *United States v. ReBrook*, 58 F.3d 961 (4th Cir. 1995) and *United States v. Bryan*, 58 F.3d 933 (4th Cir. 1995) (defendants charged with honest services fraud when they used their positions as state officials fraudulently to award government contracts). The Government does not cite a single case where a government employee who has

allegedly leaked classified information may be charged with having devised a scheme to defraud simply by his act of leaking the information. Indeed, in one of the Government's cases, charging defendant with the theft of trade secrets from his employer, the First Circuit held that, while the mail fraud statute may be violated when the information is obtained through dishonest or deceitful means, "mere access to the confidential information is insufficient[.]" *United States v. Martin*, 228 F.3d 1, 16 (2000). The evidence must show that the defendant "knowingly and willingly participated in a scheme to defraud [the employer] of confidential information or other property via false pretenses" and "in doing so either harmed [the employer] or intended to use the information for his own gain." *Id*. Here, the Indictment does not allege any false pretenses, but merely a breach of contractual obligations.

Whether Mr. Sterling actually leaked classified information is for the jury to determine. Whether Mr. Sterling may be charged with having devised a fraudulent scheme against the CIA by his mere act of disclosure is not supported by any of the Government's case law. Count Eight must be dismissed.

## CONCLUSION

For the foregoing reasons, Mr. Sterling respectfully requests the Court grant his Motion to Dismiss Count Eight of the Indictment.

Dated: March 16, 2011                     Respectfully submitted,

                                          JEFFREY A. STERLING

                                      By:_____/s/_____
                                          Edward B. MacMahon, Jr. (VSB # 25432)
                                          Law Office of Edward B. MacMahon, Jr.
                                          107 East Washington Street
                                          P.O. Box 25
                                          Middleburg, VA 20118

4

1148762.1

(540) 687-3902
(540) 687-6366 (facsimile)
ebmjr@verizon.net

/s/

Barry J. Pollack (admitted *pro hac vice*)
Miller & Chevalier Chartered
655 Fifteenth St. N.W. Suite 900
Washington, D.C. 20005
(202) 626-5830
(202) 626-5801 (facsimile)
bpollack@milchev.com

*Counsel for Jeffrey A. Sterling*

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of March, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

By: /s/
Edward B. MacMahon, Jr. (VSB # 25432)
Law Office of Edward B. MacMahon, Jr.
107 East Washington Street
P.O. Box 25
Middleburg, VA 20118
(540) 687-3902
(540) 687-6366 (facsimile)
ebmjr@verizon.net

*Counsel for Jeffrey A. Sterling*

1148762.1