IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:10cr485 (LMB) |
| | ) | |
| JEFFREY ALEXANDER STERLING | ) | |

**RESPONSE OF THE UNITED STATES TO ORDER REQUIRING
REVIEW OF JAMES RISEN'S MOTION TO QUASH GRAND JURY SUBPOENA**

The United States, through the undersigned counsel, hereby responds to the Court's order that the "government review Risen's Motion to Quash the grand jury subpoena and all pleadings responding to that motion and promptly advise the Court, Sterling's counsel, and Risen's counsel as to whether it is willing to agree to these pleadings being unsealed, subject to appropriate redaction of classified information." (Dkt. 117). The government has reviewed the grand jury pleadings, and respectfully believes that the need for grand jury secrecy continues to outweigh any public interest in disclosure.

"The grand jury has always occupied a high place as an instrument of justice in our system of criminal law-so much so that it is enshrined in the Constitution." *United States v. Sells Engineering, Inc.*, 463 U.S. 418, 423 (1983)(citations omitted). "It serves the `dual function of determining if there is probable cause to believe that a crime has been committed and of protecting citizens against unfounded criminal prosecutions.'" *Id*. (quoting *Branzburg v. Hayes*, 408 U.S. 665, 686-687 (1972)(footnote omitted)). "It has always been extended extraordinary powers of investigation and great responsibility for directing its own efforts." *Sells Engineering*,

463 U.S. at 423. "These broad powers are necessary to permit the grand jury to carry out both parts of its dual function. Without thorough and effective investigation, the grand jury would be unable either to ferret out crimes deserving of prosecution, or to screen out charges not warranting prosecution." *Id*.

"The same concern for the grand jury's dual function underlies the `long-established policy that maintains the secrecy of the grand jury proceedings in the federal courts.'" *Id*. at 424 (quoting *United States v. Procter & Gamble,* 356 U.S. 677, 681 (1958) (footnote omitted)).

> We consistently have recognized that the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings. In particular, we have noted several distinct interests served by safeguarding the confidentiality of grand jury proceedings. First, if preindictment proceedings were made public, many prospective witnesses would be hesitant to come forward voluntarily, knowing that those against whom they testify would be aware of that testimony. Moreover, witnesses who appeared before the grand jury would be less likely to testify fully and frankly, as they would be open to retribution as well as to inducements. There also would be the risk that those about to be indicted would flee, or would try to influence individual grand jurors to vote against indictment. Finally, by preserving the secrecy of the proceedings, we assure that persons who are accused but exonerated by the grand jury will not be held up to public ridicule.

*Id*. (quoting *Douglas Oil Co.,* 441 U.S. at 218-219). "Grand jury secrecy, then, is `as important for the protection of the innocent as for the pursuit of the guilty.'" *Sells Engineering*, 463 U.S. at 424 (quoting *United States v. Johnson,* 319 U.S. 503, 513 (1943)).

Given these important policy interests, the Supreme Court consistently has required "a *strong showing of particularized need* for grand jury materials before any disclosure will be permitted." *Sells Engineering*, 463 U.S. at 443 (citations omitted)(emphasis added). A "strong showing of a particularized need" requires a demonstration that "(1) the materials are needed to

avoid an injustice in another proceeding; (2) the need for disclosure is greater than the need for continued secrecy; and (3) the request is structured to cover only needed materials." *United States v. Moussaoui*, 483 F.3d 220, 235 (4th Cir. 2006)(citing *Douglas Oil*, 441 U.S. at 222-23).

Even where a grand jury may have completed its investigation, "stringent protection of the secrecy of completed grand jury investigations may be necessary to encourage persons to testify fully and freely before future grand juries." *Illinois v. Abbot & Assocs., Inc.*, 460 U.S. 557, 566 n.11 (1983)(citing *Douglas Oil*, 441 U.S. at 222-23)). "Once the proceeding of the grand jury ends, the interests of secrecy are reduced, but not eliminated." *Gilbert v. United States*, 203 F.3d 820, 2000 WL 20581 at *3 (4th Cir. 2000). For example, while the public interest in the secrecy of a witness' grand jury testimony is comparatively low if the witness has testified at trial, "Rule 6 still requires a showing of a particularized need before the grand jury testimony may be disclosed." *United States v. Jackson*, 363 Fed. Appx. 159, 162 (3rd Cir. 2010).

Here, there has been no showing of any particularized need for disclosure of the grand jury pleadings. There has been no showing that any individual will suffer an injustice if disclosure does not occur, nor has there been any showing that the need for disclosure is greater than the need for secrecy, which the Supreme Court has consistently recognized as vital to the grand jury's functions. In fact, the record demonstrates quite the opposite. Counsel for Risen has had access to all of the grand jury pleadings and has been able to advance their litigation positions seeking to quash the trial subpoena through the use of redacted and unredacted filings. The requirements of Rule 6(e) cannot be side-stepped simply because the grand jury investigation has concluded. *See United States v. Foggo*, 595 F.Supp.2d 672, 680 (E.D.Va. 2009)

The legal issues raised in the grand jury pleadings are currently being litigated publicly

through the government's motion in limine and James Risen's motion to quash the issuance of a trial subpoena served upon him. The unsealing of this Court's November 2010 Memorandum Opinion more than suffices to inform the public about the grand jury proceedings and puts the current litigation involving the trial subpoena issued to Risen in its proper context. Thus, unsealing all of the grand jury pleadings relating to the motion to quash the grand jury subpoena does not significantly advance any public interest where the availability of other discovery, e.g. the Memorandum Opinion, and a different, public forum to hear the competing legal issues and arguments exists. The unsealing of the grand jury pleadings certainly does not outweigh the continued interest in grand jury secrecy under the *Sells Engineering* test..

      Instead, unsealing all of the grand jury pleadings relating to the motion to quash carries considerable risks. Many indicted cases involve pre-indictment litigation that presents unique and significant legal issues, but such a rationale is not sufficient to overcome the strong public policy interests in secrecy. To allow the unsealing of grand jury pleadings on that basis alone would discourage prospective witnesses from testifying fully and freely before future grand juries. No witness would ever know if his or her testimony was associated with a future, significant legal issue and thus subject to disclosure. It is the assurance of knowing with some certainty that strong prohibitions against disclosure exist that allows the grand jury to function so effectively. *See Foggo*, 595 F.Supp.2d at 680 (stating "the justification for continued secrecy, though, looks forward as well as back" in denying motion for public disclosure of grand jury testimony at sentencing); *Sun Dun Inc. v. United States*, 766 F.Supp. 463, 470 (.E.D.Va. 1991)(stating that "[w]hen the government abandons its witnesses in this way - and to the extent that the government has misrepresented to potential witnesses the guarantee of secrecy - the

Court must take the responsibility of protecting the rights of grand jury witnesses.").

        Respectfully submitted,

        Neil H. MacBride
        United States Attorney

        William M. Welch II
        Senior Litigation Counsel
        Criminal Division
        United States Department of Justice

        Timothy J. Kelly
        Trial Attorney
        Public Integrity Section
        United States Department of Justice

        James L. Trump
        Senior Litigation Counsel
        United States Attorney's Office
        Eastern District of Virginia

By: _____
        William M. Welch II
        Attorney for the United States of America
        United States Attorney's Office
        Justin W. Williams U.S. Attorney's Building
        2100 Jamieson Avenue
        Alexandria, Virginia 22314
        Phone: 703-299-3700
        Fax: 703-299-3981
        Email Address: william.welch2@usdoj.gov

## CERTIFICATE OF SERVICE

    I hereby certify that I have filed the foregoing *Response of the United States to Order Requiring Review of James Risen's Motion to Quash Grand Jury Subpoena* with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing to the following:

> Peter K. Stackhouse, Esq.
> 219 Lloyds Lane
> Alexandria, Virginia 22302
> (703) 684-7184
>
> David N. Kelley, Esq.
> Joel Kurtzberg, Esq.
> Cahill Gordon & Reindel LLP
> 80 Pine Street
> New York, New York 10005
> (212) 701-3000
>
> Edward B. MacMahon
> 107 East Washington Street
> Middleburg, VA 20118
> (703) 589-1124
>
> Barry J. Pollack
> Miller & Chevalier
> 655 Fifteenth Street, NW
> Suite 900
> Washington, DC 20005-5701
> (202) 626-5830
> (202) 626-5801 (fax)

                                                              /s/
                                       William M. Welch II
                                       Senior Litigation Counsel