**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. 1:10CR485 |
| | ) | |
| | ) | |
| | ) | Hon. Leonie M. Brinkema |
| v. | ) | |
| | ) | |
| JEFFREY ALEXANDER STERLING | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT JEFFREY STERLING'S
MOTION FOR ISSUANCE OF RULE 17(C) SUBPOENAS**

Defendant Jeffrey Sterling respectfully moves this Court for issuance of subpoenas pursuant to Federal Rule of Criminal Procedure 17(c). Each of the charges against Mr. Sterling in this case is based entirely on the premise that he is the source for "Author A," who the Government has now confirmed is journalist James Risen, with respect to "Classified Program No. 1." *See generally* Indictment [DE 1]. Mr. Sterling allegedly worked on this Program from 1998 to 2000. *Id.* at ¶ 16. In March 2003, Mr. Sterling allegedly lawfully met with staff members of the United States Senate Select Committee on Intelligence and discussed "Classified Program No. 1" with them. *Id.* at ¶ 36. In April 2003, Mr. Risen allegedly informed the C.I.A. that he intended to write about "Classified Program No. 1," and demonstrated that he had information about the program that the C.I.A. deemed to be highly classified. *Id.* at ¶ 39. Thus, while the Indictment alleges Mr. Sterling had familiarity with "Classified Program No. 1" since 1998, and knew James Risen since at least November 2001 (*id.* at ¶ 23), there is no indication that Mr. Risen came into possession of any information relating to "Classified Program No. 1" until April 2003, less than a month after Senate staffers learned about the Program.

A jury trial is scheduled to begin on October 17, 2011. DE 128. A likely defense at trial will be that individuals other than Mr. Sterling are responsible for the unauthorized disclosures that form the basis for the charges against him. In order to fully develop this defense, Mr. Sterling requires access to documents in the possession of the United States Senate and Donald Stone, Vicky Divoll, Lorenzo Goco, each of whom were members of the staff of the United States Senate Select Committee on Intelligence at the time that Mr. Sterling allegedly lawfully discussed "Classified Program No. 1" with the staff of that Committee. For the reasons set forth below, Mr. Sterling respectfully requests the Court exercise its discretion under Fed. R. Crim. P. 17(c) to order these documents produced by August 17, 2011, which is two months before trial, to provide Mr. Sterling adequate time to inspect the documents and to prepare his defense.

**ARGUMENT**

Federal Rule of Criminal Procedure 17(c)(1) provides:

> A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

"Rule 17(c) reflects the command of the Sixth Amendment that the full power and processes of the courts are available to defendants in criminal cases to help them defend against the charges brought by the Government." *United States v. Beckford*, 964 F. Supp. 1010, 1016 (E.D. Va. 1997) (Payne, J.). "Its chief innovation was to expedite the trial by providing a time and place *before* trial for the inspection of the subpoenaed materials." *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951) (emphasis original). Thus, "Rule 17(c) is more far reaching than testimonial subpoenas." *Beckford*, 964 F. Supp. at 1016 (citing *Bowman Dairy*, 341 U.S. at

220)). The district court has full discretion to order the production of documents before trial. *United States v. King*, 194 F.R.D. 569, 573 (E.D. Va. 2000) (Payne, J.).

The Supreme Court has held that pretrial production by third parties pursuant to Rule 17(c) is appropriate where the moving party has shown:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general fishing expedition.

*United States v. Nixon*, 418 U.S. 683, 699-700 (1974) (internal quotations omitted). Mr. Sterling's Rule 17(c) subpoenas, attached as Exhibits A-D to his Motion, satisfy this test.

### A. The Documents Are Relevant to Mr. Sterling's Defense.

Mr. Sterling is charged with unlawfully disclosing classified information to a third party not authorized to receive the information. An obvious defense at trial will be that any disclosure to the third party was done by another person or by multiple individuals -- and not by Mr. Sterling.

Specifically, Mr. Sterling spoke to staff members of the United States Senate Select Committee on Intelligence in March 2003 about the Classified Program underlying the charges in the Indictment. These conversations were all lawful. Discovery in this case has revealed that Mr. Sterling spoke to two Committee staff members, Donald Stone and Vicky Divoll, and that they briefed a third Committee staff member, Lorenzo Goco. Less than a month after Mr. Sterling's conversation with the Senate staffers, Mr. Risen contacted the C.I.A. requesting comments for an article on Classified Program No. 1. The timing is highly suggestive that it was one of the staff members and *not* Mr. Sterling who unlawfully disclosed classified information.

However, Mr. Sterling cannot develop this defense without access to the staff members' records. For instance, Mr. Sterling has obtained through discovery from the Government the telephone records of Mr. Risen. However, the Government apparently did not obtain the telephone records for the Senate staffers who had access to information about "Classified Program No. 1," as no such records have been produced to Mr. Sterling in discovery. Without the Senate staffers' phone records, the numbers cannot be matched up to develop an evidentiary link between the reporter and the staff members. In *United States v. Nixon*, the Supreme Court found that the relevancy burden had been met when "there was a sufficient likelihood" that tapes contained "conversations relevant to the offenses charged in the indictment." 418 U.S. at 700. Here, there is also "a sufficient likelihood" that the documents sought contain information relevant to the offenses charged. Indeed, the information is not only relevant, but likely crucial to Mr. Sterling's defense.[1]

### B. Mr. Sterling Cannot Otherwise Obtain the Documents.

Mr. Sterling seeks documents in the possession of the United States Senate and Senate staff members. Counsel for Mr. Sterling have requested counsel for the United States Senate Select Committee on Intelligence voluntarily to produce the records in question. To date, the Committee has not agreed to do so. Nor are these documents available from any other source. *See, e.g., Nixon*, 418 U.S. at 702 (finding that the moving party had made a sufficient showing to justify a subpoena for production before trial when "[t]he subpoenaed materials are not available

---

[1] The temporal link between Mr. Sterling's alleged conversation with the Senate staff members and evidence of when Mr. Risen possessed highly classified information about "Classified Program No. 1" strongly suggest the potential evidentiary value of the phone records of the Senate staffers. But the temporal link does not stand alone. Discovery produced to date reveals that at least one of the staffers in question served as a source for Mr. Risen with respect to matters that came before the United States Senate Select Committee on Intelligence.

1168512.1

from any other source, and their examination and processing should not await trial in the circumstances shown."). Thus, no further exercise of reasonable due diligence on Mr. Sterling's part would otherwise succeed in procuring these documents.

### C. Failure to Obtain the Documents Before Trial Will Cause Delay.

Mr. Sterling anticipates that the documents sought will be quite voluminous. For instance, Mr. Sterling seeks phone records encompassing a two-year period.[2] Examining these phone records for information relevant to Mr. Sterling's defense, which will include matching them up with the voluminous records for Mr. Risen that have already been produced, will undoubtedly be a time-consuming venture, and Mr. Sterling requires enough time before trial to conduct this exercise so that he can present evidence relevant to his defense at trial.

Moreover, it is likely that at least some of the subpoenas will be resisted. Some of the subjects of the subpoenas may file motions to quash the subpoenas on the Speech or Debate Clause or other grounds. Such motions would need to be fully litigated before any production occurs, and therefore before Mr. Sterling can even begin reviewing the records to assess their evidentiary value. Initiating this process at the beginning of trial will clearly disrupt the course of the trial and cause unreasonable delay.

### D. Mr. Sterling's Good Faith Request Specifies the Documents Necessary to His Defense and Is Not Intended as a Fishing Expedition.

Mr. Sterling's requests are narrowly tailored to capture only those documents necessary to develop fully his defense. The document requests fall into three general categories: (1) documents related to communications with Mr. Sterling or James Risen; (2) documents related to

---

[2] The two-year period, 2003 and 2004, coincides with the period during which the Indictment alleges that Mr. Sterling was making unauthorized disclosures to Mr. Risen. Accordingly, it is necessary to the defense to explore communications between the Senate staff at issue and Mr. Risen during this same period of time.

the Senate employees' handling of confidential information; and (3) documents related to "Classified Program No. 1." These topics are all directly relevant to Mr. Sterling's anticipated defense that a Senate employee disclosed information related to "Classified Program No. 1" following a conversion with Mr. Sterling. They are focused on what the specific staff members who are believed, based on the discovery provided to date, to have received information about "Classified Program No. 1" directly or indirectly from Mr. Sterling. The requests are also narrowly tailored to what these specific staffers knew about this particular program and to information that would provide an evidentiary link between them and Mr. Risen in the relevant time frame. The subpoenas do not cast a wide net attempting to capture communications with any reporter or documents relevant to C.I.A. programs, in general. Under the circumstances of this case, the requests are framed as narrowly as possible to still afford Mr. Sterling a chance to develop this defense theory.

In summary, Mr. Sterling's requests are relevant to his defense and are not available through other discovery means. Mr. Sterling must obtain these documents prior to trial so as to avoid any delay. Finally, Mr. Sterling has specifically tailored his requests to capture only those documents relevant to his defense.

## CONCLUSION

For the foregoing reasons, Mr. Sterling respectfully requests the Court grant his Motion for Issuance of Subpoenas.

1168512.1

Dated: July 11, 2011 Respectfully submitted,

JEFFREY A. STERLING

By: /s/
Edward B. MacMahon, Jr. (VSB # 25432)
Law Office of Edward B. MacMahon, Jr.
107 East Washington Street
P.O. Box 25
Middleburg, VA 20118
(540) 687-3902
(540) 687-6366 (facsimile)
ebmjr@verizon.net

/s/
Barry J. Pollack (admitted *pro hac vice*)
Miller & Chevalier Chartered
655 Fifteenth St. N.W. Suite 900
Washington, D.C. 20005
(202) 626-5830
(202) 626-5801 (facsimile)
bpollack@milchev.com

*Counsel for Jeffrey A. Sterling*

### CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of July, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

By: /s/
Edward B. MacMahon, Jr. (VSB # 25432)
Law Office of Edward B. MacMahon, Jr.
107 East Washington Street
P.O. Box 25
Middleburg, VA 20118
(540) 687-3902
(540) 687-6366 (facsimile)
ebmjr@verizon.net
*Counsel for Jeffrey A. Sterling*

1168512.1