IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| vs.   ) | Case No. 1:10-cr-00485-LMB |
| ) | |
| **JEFFREY ALEXANDER STERLING,** ) | |
| ) | |
| **Defendant.**   ) | |

**REPLY IN SUPPORT OF THE DEFENDANT'S
MOTION TO COMPEL DISCOVERY**

**COMES NOW** Jeffrey A. Sterling, by counsel, and for his Reply in Support of his Motion to Compel Discovery, states as follows:

First, the Government concedes in its Response to the Defendant's Discovery Motion (Docket No. 129) that "false" information cannot form the basis for a prosecution under 18 U.S.C. § 793. (Response pp. 3-4) ("To the extent 'facts' appear in the book that are not documented in the classified discovery materials, those 'facts' are incorrect and were communicated in a false and misleading manner as alleged in the indictment; and the government will not rely on those purported 'facts' to prove the defendant communicated national defense information through Chapter 9 of the book.") The remaining issue, however, is whether the government should be ordered to identify either the "true" information or the "false" information to the defense before trial rather than requiring the defense to waste time speculating and comparing what is in classified discovery with Mr. Risen's writings to determine the same. It is submitted that such an Order should be entered, in part, because the Court has already ordered a Bill of Particulars in this case and that reply could

be supplemented. (Docket No. 87) ("[i]t is hereby ORDERED that the government promptly provide defendant, under seal, with a written version of its oral summary of the factual allegations underlying Counts One through Seven.") Since that response is under seal, the defense will not discuss it in this forum. Suffice it to say, however, that the Bill of Particulars provided does not answer this question. Regardless, it would be no additional burden on the government to identify what is "true" versus "false" and thus give proper notice to the defense and perhaps even streamline CIPA issues going forward.

Second, the Government also appears to concede that the actual impact - rather than just the potential impact - of the alleged disclosure is a proper area for discovery and for the jury in this case. Indeed, the Government acknowledges as much announcing that it intends to introduce evidence of the steps taken "to minimize the damage caused by his disclosures." (Response pp. 4) It also admits that it may not be "able to quantify with precision the damage the disclosures may have caused" (Response pp. 4-5) thereby opening the door to evidence that no damage was done. While the defense currently has no idea as to how the government plans to seek to prove the existence of national defense information in this case, it is critical that the defense be able to prepare its case by obtaining the information requested in this motion - and perhaps more after the government's expert notice is provided - in sufficient time for an expert to begin to form and then state opinions as to the same issue that the government has had over eight (8) years to develop.

The defense appreciates and accepts the offer to sit down and review what has already been provided so that the legal issues that the Court must resolve can be narrowed. However, the defense must be able to obtain the discovery sought in this motion in order to be prepared for trial and to provide an adequate defense.

Dated: July 15, 2011

JEFFREY A. STERLING<br>By counsel

By:     /S/
Edward B. MacMahon, Jr. (VSB #25432)
Law Office of Edward B. MacMahon, Jr.
107 E. Washington Street, P.O. Box 25
Middleburg, VA 20118
(540) 687-3902
ebmjr@verizon.net


By:     /S/
Barry J. Pollack (admitted *pro hac vice*)
Miller & Chevalier Chartered
655 Fifteenth St. N.W. Suite 900
Washington, D.C. 20005
(202) 626-5830
bpollack@milchev.com

*Counsel for Jeffrey A. Sterling*


## CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2011, I caused an electronic copy of Defendant's Reply in Support of the Defendant's Motion to Compel Discovery to be served via ECF upon William W. Welch, II and James L. Trump, United States Attorney's Office.


By:     /S/
Edward B. MacMahon, Jr. (VSB #25432)
*Counsel for Jeffrey A. Sterling*