TOP SECRET/[REDACTED]

Filed with Classified
Information Security Officer

Date [handwritten]

**UNCLASSIFIED//REDACTED**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | Case No. 1:10-cr-00485-LMB |
| ) | |
| JEFFREY ALEXANDER STERLING, ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT'S OPPOSITION TO MOTIONS REGARDING
### DEFENSE EXPERT PATRICK LANG

COMES NOW Jeffrey A. Sterling, by counsel, and for his Consolidated Opposition to the Government's Motion to Strike and/or Preclude Testimony of Defense Expert Patrick Lang, states as follows:

**1. Introduction.**

The Government's position as to expert testimony is essentially that all nine of its experts can speculate as to the potential harm caused by the alleged disclosures at issue in this case. The defense, then, will simply have to accept that testimony because the actual facts of what transpired are irrelevant and inadmissible. The defense, on the other hand, wants to introduce the truth about what actually occurred and has identified two experts to provide well-documented opinions as to the existence of national defense information. As to Mr. Manners, the Government offers no complaint nor could it as he relies upon what is in the book. As to Mr. Lang, the Government claims that he

TOP SECRET/[REDACTED] 1

**UNCLASSIFIED // REDACTED**

TOP SECRET/[ ]

cannot testify as to "[ ] operations" or [ ] operations." And, the Government claims that the opinion overall is not admissible. Both objections should be overruled.

2. [ ] Operations.

The defense provided a detailed resume for Mr. Lang. In stark contrast to the Government's disclosures, Mr. Lang showed that he has wide experience overseeing [ ] and clandestine operations and that he knows that a [ ]

[ ]

In opposition, the Government cites the Court to two "facts" that have never been shared with the defense. It is impossible for the defense to rebut that which it cannot see and thus these "facts" should be produced as reciprocal discovery. Regardless, the fact that the CIA elected to notify Congress, obtain approval from the Director of the CIA and the [ ]

[ ]

[ ] This is obviously a basis for this opinion which is relevant to the issue of national defense information. The Government admits that this is not a [ ] and should not be allowed to mislead the jury by suggesting, through other evidence, that it was. The [ ] operation was conducted as a [ ] clandestine intelligence operation, [ ] This is the truth which forms the basis for part of Mr. Lang's testimony.

TOP SECRET [ ] 2.

TOP SECRET/[ ]

The Government admits that a defense expert can actually testify about the [ ] operation. "Furthermore, the facts of [ ] operation are what they are. Either the operation constitutes national defense information, or it does not." (Motion to Strike at 12.) Of course, to support his argument, Mr. Lang can show that a [ ] operation is common and that information that discloses such a common operation is not national defense information. The word [ ] is used by the Government to describe this operation. (See Bates No. Q02365-67.) Mr. Lang should be allowed to use the contemporaneous records generated by the CIA to describe its own operation. These are the facts and he is required to rely on them.

3. **National Defense Information.**

In his Opinion, Mr. Lang stated the standard for national defense information under 18 U.S.C. § 793 (d) and 793 (e). To prove that something is national defense information, it is the Government's burden to show that 1) the disclosure of the information would be potentially damaging to the United States or potentially useful to a foreign nation; and 2) the information is closely held by the government. United States v. Rosen, 445 F. Supp.2d 602, 621 (E.D.Va. 2006) (citing United States v. Morison, 844 F.2d 1057, 1071-72 (4th Cir. 1985).[1]

That standard is properly stated in Mr. Lang's opinion and the Government's objection is that Mr. Lang did not identify all of the other instances - other than embarrassment - where national

---

[1] If the elements of criminal dissemination of national defense information are read only to require examining the potential harm that could occur, without any regard to what actually occurred, that reading must be unconstitutionally vague. See Morison, 844 F.2d at 1084 (Wilkinson, J. concurrence.) What could be termed "potentially damaging to the United States" is an almost limitless set. The defense needs to be able to rebut what could have happened with what actually happened. Without this ability, the defense can do nothing to rebut this charge.

TOP SECRET/[ ] 3

TOP SECRET/[ ]

defense information would not be shown. Those are "waste," "misconduct," "corruption," and "scandal." In Mr. Lang's opinion, the term embarrassment is a sufficient description of this operation and is a sufficient factual basis for his opinion.

The Government, while stating that the facts of the operation are key, then seeks to stop Mr. Lang from stating the facts of the operation. It is a fact that the Government encouraged Human Asset No. 1 to [ ] [ ] The fact that he [ ] which is described in the book, is poor tradecraft and its exposure as such is, in Mr. Lang's opinion, merely embarrassing to the Government. What the Government calls a critique the defense calls an opinion.

The Government hopes that these critiques are unfounded and even assumes the role as juror in that regard. "But even taken as true, they do not rise to the level of anything that would suggest that the information disclosed in Chapter Nine was not national defense information." (Motion to Strike at 5.) Of course, this is one of the issues this jury will have to decide and Mr. Lang's well-supported opinion will help them reach this decision.

To the extent that the Government claims that Mr. Lang has no basis for his opinion that the [ ] the defense submits that this may not be necessary. Mr. Lang's well-documented opinion is that, as a matter of fact, there is no evidence that [ ] [ ]

4. **Conclusion.**

The defense is pleased that the Government concedes that a defense expert can opine as to the existence of national defense information based upon what actually occurred in this case. As of

TOP SECRET/[ ] 4

TOP SECRET/

now, the defense has no idea what opinion the Government intends to offer in this regard other than the speculation that has already been disclosed. The defense has to be able to confront this speculation with the facts of this case and do so with an opinion that is properly supported under the law. Mr. Lang's opinion is just that and it should not be stricken.

JEFFREY A. STERLING
By Counsel

Edward B. MacMahon, Jr.
VSB No. 25432
Law Office of Edward B. MacMahon, Jr.
P.O. Box 25
107 East Washington Street
Middleburg, VA 20118
(540) 687-3902
(540) 687-6366
ebmjr@verizon.net

Barry J. Pollack (admitted *pro hac vice*)
Miller & Chevalier Chartered
655 Fifteenth St. N.W. Suite 900
Washington, DC 20005
(202) 626-5830
(202) 626-5801 (facsimile)
bpollack@milchev.com

*Counsel for Defendant Jeffrey A. Sterling*

TOP SECRET/                                                                 5

## CERTIFICATE OF SERVICE

I hereby certify that on September 30, 2011, I delivered an original of the following Defendant's Opposition to Motions Regarding Defense Expert Patrick Lang to the CISO as directed by the Classified Information Protective Order issued in this case.

By: _____
Edward B. MacMahon, Jr. (VSB #25432)

*Counsel for Jeffrey A. Sterling*