TOP ~~SECRET~~/[REDACTED]  Filed with Classified
~~Information Security~~ Office

CISO [signature]
Date 6/23/11

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

**UNCLASSIFIED//REDACTED**

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>)<br>) |
| vs. | ) Case No. 1:10-cr-00485-LMB<br>) |
| JEFFREY ALEXANDER STERLING, | )<br>) |
| Defendant. | )<br>) |

### REPLY BY JEFFREY A. STERLING TO GOVERNMENT'S OBJECTION TO THE DEFENDANT'S PROPOSED TESTIMONY PURSUANT TO CIPA SECTION FIVE

COMES NOW Jeffrey A. Sterling, by counsel, and for his Reply to the Response of the United States to the Defendant's Proposed Testimony Pursuant to CIPA Section Five, states as follows:

1. **Standard.**

Pursuant to CIPA § 5(a), a defendant must give notice as to his or her intention to disclose classified information at a trial or pretrial proceeding. That notice, by statute, is required to be a "brief description of the classified information." By filing the Notice at issue, Mr. Sterling has done precisely that and has thus complied with CIPA's precise obligations. Of course, no matter what the defense does with CIPA notices, the Government repeats the complaint that the notice is inadequate. Even the Government concedes that the latest notice it was provided gave "considerably more information regarding this fourth notice than the previous three." (Response of the United States to the Defendant's Fourth CIPA Notice at 3.) Yet each and every CIPA notice in this case

TOP ~~SECRET~~/[REDACTED]   1


UNCLASSIFIED // REDACTED

TOP SECRET/

has resulted in the same filing asking that the Notice be stricken.[1] Here, the defendant has given specific notice as to specific testimony that he will offer, if and when, he testifies. As such, CIPA § 5 (a) is plainly complied with by the production of the "brief description" of Mr. Sterling's testimony which was provided to the Government under CIPA. That is all the statute requires.

2. **Particularization.**

The defense recently met with the Government to go over each of the documents that were designated under CIPA including Mr. Sterling's proposed testimony. At that meeting, the Government was specifically told why this information, which is only a part of Mr. Sterling's potential testimony, was relevant to the case. The issue of relevance, of course, would only arise in the context of substitutions under CIPA § 6 (a) and not in the litigation of a CIPA § 5 notice. Nonetheless, the evidence is properly relevant, useful and admissible because it reflects Mr. Sterling's experiences at the CIA. It is his own story. He alone can tell that story and he alone has the constitutional right to testify. The evidence is relevant and admissible because it shows that Mr. Sterling -- as a matter of fact -- possessed substantial secrets that he is not even alleged to have disclosed to anyone and that he engaged in an excellent career at the CIA. This rebuts any claim that he was incompetent or otherwise incapable of performing his services at the CIA.

This evidence also rebuts the Government's claim that he, Mr. Sterling, had some motive or plan to leak -- anger at the CIA -- because, if he had that motive and a plan to harm the CIA by leaking national defense information, he could have, and presumably would have, disclosed all of these matters and there is no evidence that he did. The

---

[1] As is seen with the Government's alleged expert notices, when the Government makes reference to a 302 that was inadequate when identified by the defense, it has no problem with a "vague" notice.

TOP SECRET/                                                                 2

TOP SECRET

Government surely will open the door to this evidence as soon as it puts on evidence of the discrimination lawsuit. The evidence is also rebuts identity. Because Mr. Sterling did not disclose, and is not alleged to have disclosed, any of the national defense information described in the Notice it is less likely that he was the person who leaked information to Mr. Risen. This rebuts the Government's evidence that because the fact that he possessed information about other covert operations that was not alleged to have been retained or disclosed, makes it less likely he is the person who leaked information about Classified Program No. 1. This is the exact rebuttal of the Government's oft repeated arguments.

And, the evidence is also necessary to show the jury what was happening in Mr. Sterling's discrimination case, the facts and circumstances of which the Government also desires to admit in its case in chief. The jury simply cannot get the full flavor of Mr. Sterling's discrimination claims without some information about what was at issue in that case and the implications to Mr. Sterling when that case was dismissed. The Indictment is replete with references to the discrimination complaint and interactions with Mr. Sterling's attorney about that case. Literally dozens of proposed Government exhibits address Mr. Sterling's discrimination case which deals, in part, with many of the issues described in the CIPA § 5 notice. Mr. Sterling alone can tell the jury was happening in that case and when and provide context, through the details of his career, to the discrimination case.

In addition to the allegations in the Indictment and the proposed exhibits the defense has been given in discovery substantial amounts of documents from Mr. Sterling's litigation with the CIA. The Government even brought his civil attorney

TOP SECRET/ 3

TOP SECRET

before the grand jury. That civil case was dismissed upon a claim of state secrets on the motion of the Government. Mr. Sterling's book proposal has also been identified by the Government. That proposal was submitted properly for review and was the subject of brief federal litigation. To rebut the charge that Mr. Sterling would go outside proper channels and leak to Mr. Risen, and in order to explain all of these events, Mr. Sterling needs for the jury to understand all of the matters that he was involved with and how his entire career ended at the CIA. Taking a page from the Government's playbook, Mr. Sterling thus needs this evidence in rebuttal.

3.  **This is Not Character Evidence.**

Contrary to the Government's assertions, this evidence is not character evidence and is not graymail. Mr. Sterling is seeking to introduce this evidence to explain to the jury the entirety of his career at the CIA and what was at issue in his discrimination suit which the Government has raised. Mr. Sterling simply wants the jury to know fully what Mr. Sterling did at the CIA so that he can be judged in the full light of his work and his life at the CIA. Though the Government repeatedly acts as if it knows how this case will be defended (Response at 8) ("To make matters worse, the defense in this case is identity, not intent."), the decision whether or not to testify rests entirely with Mr. Sterling. It is his right and surely the Government would have kept him from the stand had he made no proffer under CIPA §5 (a). And, this evidence may be critical.

Take, for example, the fact that Mr. Sterling's chief at the [redacted] was David M[redacted] The jury surely should know the relationship between Mr. M[redacted] and one way to get that information to the jury is through Mr. M[redacted] Had Mr. Sterling not provided this notice the Government surely would have objected under CIPA to have

TOP SECRET/ 4

either Mr. Sterling or Mr. M[    ] testify as to the relationship. It is critical, as the jury considers Mr. M[    ] expert testimony, that the relationship between the two be known so that the jury can properly weigh Mr. M[    ] testimony, and, in the event it occurs, Mr. Sterling's testimony.

4. **The CIPA Substitute is Inadequate.**

Finally, the Government's proposed CIPA substitution for the defendant's own testimony is plainly inadequate. Pursuant CIPA § 6 (c)(1), a proposed substitution must "provide the defendant with substantially the same ability to make his defense as would disclosure of the specific classified information." This proposed substitution does not even approach that standard. First, there is no precedent for the CIA writing the testimony for a defendant in a criminal case.[2] This proposed substitution strips Mr. Sterling's story of all meaning and reduces it to a few bland statements and government sponsored snippets. Second, the proposed substitution merely seeks to parrot the Government's version of what happened in the [    ] operation. Mr. Sterling would be unlikely to call Human Asset No. 1 [    ] and he would never call his wife [    ] but rather by their actual names. This is a blatant attempt to make Mr. Sterling's testimony fit the story in Chapter Nine of State of War, which is so fixated on the [                    ] was actually entitled [    ] In addition, [                    ] so that portion is misleading as well. The Court cannot be countenance the Government's proposal as a CIPA substitute.

---

[2] The Court will surely recall that critical evidence was intentionally withheld by the CIA the last time the Government proposed testimony for witnesses.

TOP SECRET/

Finally, in the event the Government is allowed to use a CIPA Substitute for even part of Mr. Sterling's testimony, the jury should be told that Mr. Sterling was prepared to tell the story of his entire career at the CIA and how it was destroyed and why he chose to speak about his lawsuit against the CIA (but not any covert operation) with James Risen, and that the CIA, as it did with this lawsuit and his book, intervened to keep Mr. Sterling from telling his story. Such a statement would serve the interests of fairness and completeness in this case.

5. **Conclusion.**

For the reasons stated above, the Government's Motion to Strike Mr. Sterling's testimony should be denied.

Dated: September 23, 2011

JEFFREY A. STERLING
By counsel

By: /s/
Edward B. MacMahon, Jr. (VSB #25432)
Law Office of Edward B. MacMahon, Jr.
107 E. Washington Street, P.O. Box 25
Middleburg, VA 20118
(540) 687-3902
ebmjr@verizon.net

By: /s/
Barry J. Pollack (admitted *pro hac vice*)
Miller & Chevalier Chartered
655 Fifteenth St. N.W. Suite 900
Washington, D.C. 20005
(202) 626-5830
bpollack@milchev.com

*Counsel for Jeffrey A. Sterling*

TOP SECRET

## CERTIFICATE OF SERVICE

I hereby certify that on September 23rd, 2011, I delivered an original of the following REPLY BY JEFFREY A. STERLING TO GOVERNMENT'S OBJECTION TO THE DEFENDANT'S PROPOSED TESTIMONY PURSUANT TO CIPA SECTION FIVE to the CISO as directed by the Classified Information Protective Order issued in this case.

By: *[signature]*
Edward B. MacMahon, Jr. (VSB #25432)

*Counsel for Jeffrey A. Sterling*

TOP SECRET

7