IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. 1:10CR485 |
| | ) | |
| | ) | |
| | ) | Hon. Leonie M. Brinkema |
| v. | ) | |
| | ) | |
| JEFFREY ALEXANDER STERLING | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT JEFFREY STERLING'S SUPPLEMENTAL OPPOSITION
TO GOVERNMENT'S MOTION *IN LIMINE*
TO PRECLUDE EXPERT TESTIMONY OF W. PATRICK LANG**

On September 16, 2011, the Government filed a motion *in limine* seeking to preclude the expert testimony of W. Patrick Lang. [DE 198] The Government argues that to prove that information is national defense information, it need only prove that the defendant reasonably believed that it was possible the information would harm national security or could be used by enemies of the United States. Accordingly, the Government argues that whether or not the disclosure of the information, in fact, did harm national security or was, in fact, used by enemies of the United States is not admissible. Gov't's Mot. at 5. While the Government may be correct that such evidence is not dispositive, that does not make the evidence irrelevant. Surely, if the Government had evidence that the disclosures in Chapter 9 of State of War in fact harmed national security or were used by enemies of the United States, the Government would seek to admit such evidence as probative as to whether or not it was the type of information that could do so or would reasonably be believed to be this type of information. Accordingly, evidence of the opposite is equally admissible. That the information did not actually harm the United States does not prove that it was not information that could have harmed the United States or that it

would not reasonably be believed to be such information, but it is relevant and probative of that issue. The fact that the disclosure did not actually harm the United States tends to make it more likely that it would not have reasonably been believed to be the type of information that could do so. See Federal Rule of Evidence 401 (relevant evidence is evidence having "any" tendency to make the existence of a fact more probable or less probable than it would be without the evidence).

*United States v. Rosen*, 240 F.R.D. 204 (E.D. Va. 2007), illustrates this point. The defendants sought to depose Israeli officials regarding whether the transmission of the alleged national defense information (NDI) actually benefitted the United States. The Court wrote: "Testimony that transmission of the alleged NDI to [Israeli] officials allegedly benefitted the United States would tend to negate an element of the charged offenses. . . . [T]he defendants must have joined the alleged conspiracy 'willfully,' that is, knowing that the contemplated disclosures were illegal and could harm national security; additionally, they must have had 'reason to believe' that the contemplated disclosures could harm the United States or aid a foreign government. *Id.* at 212. Accordingly, the Court held that testimony that the defendants and others believed that the disclosure of the alleged national defense information actually was beneficial to the United States' interests was exculpatory. *Id.*

The court did not allow the depositions of the Israeli officials because it concluded that there were other witnesses within the United States, including United States government officials, who could testify as to this issue. However, it seems clear from this case that testimony regarding opinions regarding the actual beneficial nature to the United States of the disclosure of alleged national defense information constitutes admissible and

potentially exculpatory evidence with regard to the third element of the charges under the Espionage Act.

Likewise, Mr. Sterling should be allowed to present expert testimony that the alleged national defense information was not, in fact, harmful to the United States. That information is relevant to whether or not it is the type of information that would reasonably be believed to be possibly harmful to the United States and presents a basis on which Mr. Lang forms his opinion that it was not the type of information that could have been harmful to the United States.

## CONCLUSION

For the reasons set forth above and in Mr. Sterling's prior opposition, the Government's Motion *in Limine* should be denied.

Dated: October 11, 2011

                      Respectfully submitted,
                      JEFFREY A. STERLING

By: /s/
Edward B. MacMahon, Jr. (VSB # 25432)
Law Office of Edward B. MacMahon, Jr.
107 East Washington Street
P.O. Box 25
Middleburg, VA 20118
(540) 687-3902
(540) 687-6366 (facsimile)
ebmjr@verizon.net

/s/
Barry J. Pollack (admitted pro hac vice)
Miller & Chevalier Chartered
655 Fifteenth St. N.W. Suite 900
Washington, D.C. 20005
(202) 626-5830
(202) 626-5801 (facsimile)

bpollack@milchev.com

Counsel for Jeffrey A. Sterling

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th, day of October 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

By:_____/s/_____
Edward B. MacMahon, Jr. (VSB # 25432)
Law Office of Edward B. MacMahon, Jr.
107 East Washington Street
P.O. Box 25
Middleburg, VA 20118
(540) 687-3902
(540) 687-6366 (facsimile)
ebmjr@verizon.net

*Counsel for Jeffrey A. Sterling*