IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) No. 1:10cr485 (LMB) |
| | ) |
| JEFFREY ALEXANDER STERLING | ) |

**GOVERNMENT'S PROPOSED VOIR DIRE**

The United States of America hereby submits its suggested *voir dire*:

1.  Have you read or heard anything about this case or the defendant, Jeffrey Sterling, a former Central Intelligence Agency case officer, in any newspaper or magazine, on or through the Internet, on television or radio, from word of mouth conversation, or any other source of information? If yes, what have you heard?

2.  There will be testimony and evidence introduced at this trial about a newspaper reporter and author named James Risen, the newspaper *The New York Times*, and a publisher, *Simon & Schuster*. Do you know, or does any close relative know, James Risen, anyone who is a news reporter, editor, or producer, or anyone who is otherwise employed by a news media company or news organization? If yes, please describe your relationship.

3.  Do you believe as true or presumptively true facts or information contained in an article or book simply because it was published by a reputable reporter, journalist, newspaper, publisher, or other news media organization?

4.  Have you, or has any close relative, ever provided an anonymous tip, served as an anonymous source, or provided information anonymously or otherwise to any journalist, reporter, or news media? If yes, please describe the circumstances.

5. Have you, or has any close relative, ever worked for the Central Intelligence Agency, that is, the CIA, or any other intelligence agency of the United States government?

6. Have you, or has any close relative, ever had any legal dispute with, or filed any legal claims against, the Central Intelligence Agency or any other agency of the United States government?

7. Have you, or has any close relative, ever filed any formal or informal discrimination claim or felt discriminated against by an employer, including any private employer or any agency of the United States government?

8. Do you, or does any close relative, have any beliefs or opinions about the work or mission of the Central Intelligence Agency that you believe either the government or the defendant should know or that you believe might affect your ability to be an impartial juror in this case?

9. Some of the witnesses in this case are current or former employees of the Central Intelligence Agency. Several of these witnesses may testify using their initials or other protective measures because of the nature of their work with the CIA. Would the fact that a witness is an employee of the Central Intelligence Agency affect your ability to assess the credibility of that witness or your ability to be an impartial juror? Would the fact that a witness may testify without using his or her true name or uses some other means of concealing his or her identity affect your ability to assess the credibility of that witness or your ability to be an impartial juror?

10. This case involves the enforcement of United States criminal laws relating to the

unauthorized retention and disclosure of classified information regarding national security. Do you have any beliefs or opinions regarding such laws? Do you have any beliefs or opinions on whether the United States classifies too much information or not enough information?

11. Have you, or has any close relative, ever received any training regarding classified information? Have you, or has any close relative, ever possessed a security clearance for classified information?

12. Have you, or has any close relative, ever been investigated for or charged with the possession of classified government documents without authorization, or the unauthorized disclosure of classified information? Have you, or has any close relative, ever been denied a security clearance or ever lost a security clearance?

13. This case will involve classified documents the government alleges relate to national security. Many of these documents were classified. For trial purposes, I have authorized the use of such documents with redactions, that is deletions, of certain information, and, frequently, the substitution of certain words or phrases for the redacted material in order to protect classified information. Is there anything about the use of classified documents, the use of redacted documents, or the use of documents that have had some words or phrases replaced with unclassified substitutions that would affect your ability to weigh fairly the evidence received at trial or your ability to be an impartial juror?

14. Jurors who are selected to serve on this jury will be required to hold in strict confidence classified information you are exposed to at trial, even after your jury service ends. Disclosure of any of this classified information, even to your spouse, other close relatives, or

friends, could involve a violation of federal law. Would this obligation affect your ability to serve as a juror in this case?

15. Have you read, heard or followed any news coverage about any individuals or organizations or groups who have been investigated or charged with the unauthorized possession or disclosure of classified government documents or information?

16. Do you have any opinion, favorable or unfavorable, about organizations or individuals who release to the public government documents and information without authorization, including the news media, government employees, or private persons?

17. Do you have any positive or negative beliefs or opinions regarding the term "whistleblower" or individuals who act in the role of a "whistleblower"? Do you believe a person who believes that he or she is a "whistleblower" is entitled to disclose classified information to the media?

18. Now that you know a little about the case about to be tried, is there anything else that you think the Court should know about you that you believe could affect in any way your ability to fairly and impartially judge the evidence presented in this case, and apply the law as instructed by the Court?

                                      Respectfully submitted,

                                      Neil H. MacBride
                                      United States Attorney

                                      William M. Welch II
                                      Senior Litigation Counsel
                                      Criminal Division
                                      United States Department of Justice

        Timothy J. Kelly
        Trial Attorney
        Public Integrity Section
        United States Department of Justice

        James L. Trump
        Senior Litigation Counsel
        United States Attorney's Office
        Eastern District of Virginia

By:           /s/
        James L. Trump
        Attorney for the United States of America
        United States Attorney's Office
        Justin W. Williams U.S. Attorney's Building
        2100 Jamieson Avenue
        Alexandria, Virginia 22314
        Phone: 703-299-3726
        Fax: 703-299-3981
        Email Address: jim.trump@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that I caused an electronic copy of the foregoing *Government's Proposed Voir Dire* to be filed with the Court and served via ECF on Edward B. MacMahon, Jr., and Barry J. Pollack, counsel for the defendant.

By: _____/s/_____
James L. Trump
Attorney for the United States of America
United States Attorney's Office
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: 703-299-3726
Fax: 703-299-3981
Email Address: jim.trump@usdoj.gov