IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal No. 1:10CR485 |
| v. | ) | |
| | ) | Hon. Leonie M. Brinkema |
| JEFFREY ALEXANDER STERLING, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**GOVERNMENT'S OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS FOR SELECTION PROSECUTION**

The United States of America, by and through undersigned counsel, respectfully respond to the defendant's *Motion to Dismiss for Selection Prosecution*. Dkt. 254. The defendant's motion should be denied because the defendant has not articulated a shred of evidence to support a claim of selective prosecution. In addition, the individual referenced in the defendant's motion (hereinafter referred to as "Person A") made statements under the express threat of loss of employment. The compulsion of those statements rendered them inadmissible under *Garrity v. New Jersey*, 385 U.S. 493 (1967), foreclosing any potential prosecution.

**DISCUSSION**

I.   **The Defendant Has Not Made A Credible Showing That He Has Been Selectively Prosecuted.**

The defendant claims that he was selectively prosecuted. At bottom, he alleges that because someone else was not prosecuted for the unauthorized disclosure of classified information, then he must have been selectively prosecuted. His claim of selective prosecution is entirely without legal or factual support.

### A. A Prosecutor's Charging and Pre-Trial Decisions Are Given A Presumption of Regularity and Substantial Deference.

A prosecutor's decision to seek charges against a particular defendant is accorded great deference in light of the Executive Branch's obligation and responsibility for the enforcement of federal criminal law:

> A selective prosecution claim asks a court to exercise judicial power over a "special province" of the Executive. The Attorney General and United States Attorneys retain broad discretion to enforce the Nation's criminal law . . . . As a result, [t]he presumption of regularity supports their prosecutorial decisions and, in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties. In the ordinary case, so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion.

*United States v. Armstrong*, 517 U.S. 456, 464 (1996)(footnote not in original). Thus, the Fourth Circuit cautions, courts must not unduly intrude upon the broad discretion given to prosecutors in making charging decisions. *United States v. Lighty*, 616 F.3d 321, 369 (4th Cir. 2010) ("A selective-prosecution claim asks a court to exercise judicial power over a special province of the Executive Branch and, accordingly, must pass a high threshold in order to succeed." ).

The defendant seeks to overcome the presumption of regularity by claiming that the decision to charge him must have been the product of some illegitimate prosecutorial decision because Person A was not prosecuted. But he fails to offer any evidence to support his claim, and falls far short of satisfying the high burden required to overcome the presumption of regularity. *See United States v. Passero*, 577 F.3d 207, 219 (4th Cir. 2009) ("[u]nless a defendant provides 'clear evidence' to overcome the presumption that a government prosecutor has acted

lawfully and without discrimination-a 'particularly demanding' standard-he cannot demonstrate a constitutional violation for selective prosecution."). The defendant does not rely upon or cite to a shred of evidence that would suggest that there was any illegitimate prosecutorial reason for his criminal prosecution. Given the lack of any evidence, there is "no basis for judicial interference with that discretion." *Id*.

    **B.**    **The Defendant Has Failed To Show that He Is Being Selectively Prosecuted Even Through the Evidence Presented.**

"In order to obtain discovery on a selective-prosecution claim, a defendant must make 'a credible showing of different treatment of similarly situated persons.'" *Lighty*, 616 F.3d at 369 (citing *Armstrong,* 517 U.S. at 470). "This showing 'should itself be a significant barrier to the litigation of insubstantial claims.'" *Lighty*, 616 F.3d at 369-70 (citing *Armstrong,* 517 U.S. at 464). "In deference to executive discretion, we have held that 'defendants are similarly situated when their circumstances present no distinguishable legitimate prosecutorial factors that might justify making different prosecutorial decisions with respect to them.'" *Lighty*, 616 F.3d at 370 (quoting *United States v. Olvis,* 97 F.3d 739, 744 (4th Cir.1996)). Prosecutorial decisions may be based on 'such factors as the strength of the evidence against a particular defendant, the defendant's role in the crime, . . . the defendant's candor and willingness to plead guilty, the amount of resources required to convict a defendant, the extent of prosecutorial resources, the potential impact of a prosecution on related investigations and prosecutions, and prosecutorial priorities for addressing specific types of illegal conduct.'" *Lighty*, 616 F.3d at 370 (quoting *Olvis,* 97 F.3d at 744).

Here, prior prosecutors reviewed the circumstances surrounding Person A's statements

3

and concluded that Person A's statements had been obtained in violation of *Garrity v. New Jersey*, 385 U.S. 493 (1967). Person A's statements are the only evidence against Person A cited by the defendant. Person A had been interviewed a number of times by internal security investigators, and Person A had an employment obligation to cooperate with those internal security investigators. Failure to do so meant loss of security clearances and potentially loss of employment for Person A. Thus, the threat of loss of employment, whether implied through the loss of security clearances or express, supplied the requisite coercion to render Person A's statements inadmissible, and Person A never waived any *Garrity* rights or executed any *Garrity* waivers prior to making the statements at issue. Thus, the situation of this defendant and Person A are starkly different, not similarly situated.

## CONCLUSION

WHEREFORE, the Government respectfully requests that the Court deny the motion.

Respectfully submitted,

Neil H. MacBride
United States Attorney

William M. Welch II
Senior Litigation Counsel
U.S. Department of Justice

Timothy J. Kelly
Trial Attorney
U.S. Department of Justice

        James L. Trump
        Senior Litigation Counsel
        United States Attorney's Office

By:        /s/
        William M. Welch II
        Attorney for the United States
        United States Attorney's Office
        Justin W. Williams U.S. Attorney's Building
        2100 Jamieson Avenue
        Alexandria, Virginia 22314
        Phone: (703) 299-3700
        Fax: (703) 299-3981
        Email: william.welch2@usdoj.gov

**CERTIFICATE OF SERVICE**

      I hereby certify that I have served an electronic copy of the foregoing opposition using the CM/ECF system to the following counsel for defendant Jeffrey Sterling:

      Edward B. MacMahon
      107 East Washington Street
      Middleburg, VA 20118
      (703) 589-1124

      Barry J. Pollack
      Miller & Chevalier
      655 Fifteenth Street, NW
      Suite 900
      Washington, DC 20005-5701
      (202) 626-5830
      (202) 626-5801 (fax)

                                        /s/
                                  William M. Welch II
                                  Senior Litigation Counsel
                                  United States Department of Justice