**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. 1:10CR485 |
| | ) | |
| | ) | |
| | ) | Hon. Leonie M. Brinkema |
| v. | ) | |
| | ) | |
| JEFFREY ALEXANDER STERLING | ) | |
| | ) | |
| Defendant. | ) | |

**REPLY OF DEFENDANT JEFFREY STERLING TO GOVERNMENT'S**
**OPPOSITION TO MR. STERLING'S MOTION TO DISMISS**
**BASED ON SELECTIVE PROSECUTION**
**OR, IN THE ALTERNATIVE,**
**TO TAKE DISCOVERY RELATED TO SELECTIVE PROSECUTION**

In Opposition to Mr. Sterling's motion to dismiss or for discovery on selective prosecution, the Government makes two arguments: 1) Mr. Sterling has not made a threshold showing of selective prosecution; and 2) A distinguishing factor between Mr. Sterling's case and that of Person A is that Person A made admissions that are protected by Garrity.

With respect to the Government's first contention, as set forth in his motion, Mr. Sterling has made a detailed showing. Mr. Sterling showed that the conduct of Person A was more egregious, Person A was not prosecuted, Mr. Sterling had sued the CIA for discrimination, and Mr. Sterling was prosecuted. In *United States v. Adams*, 870 F.2d 1140 (6th Cir. 1989), the court found that similar facts constituted a prima facie showing of selective prosecution. In that case, the defendant and her husband were indicted on charges of making false federal income tax returns. The defendants moved to dismiss the indictment on the grounds that the charges were retaliatory -- the defendant had filed a sex discrimination suit against the EEOC prior to the filing of the indictment. The motion to dismiss noted that the defendants had corrected their tax filing

1

deficiencies and paid their debt to the IRS before the indictment was filed. The trial court refused to allow discovery on the vindictive prosecution question. The appellate court reversed that decision. It wrote that "this is one of those rare cases where the defendants are entitled to discovery on the issue of whether the government's decision to prosecute was tainted by improper motivation." *Id*. The court explained, "[i]t seems reasonably clear . . . that a prosecution which would not have been initiated but for governmental 'vindictiveness' -- a prosecution, that is, which has an 'actual retaliatory motivation' -- is constitutionally impermissible." *Id*. at 1145. "[W]here there has been a *prima facie* showing of 'a realistic likelihood of vindictiveness,' it is incumbent upon the district court to conduct an evidentiary hearing where the government's explanations can be formally presented and tested. And a criminal defendant may . . . be entitled to discovery on the issue of selective prosecution if he introduces some evidence tending to show the existence of the essential elements of the defense." *Id*. at 1146 (internal quotation marks and citations omitted).

The Government's second contention does not rebut Mr. Sterling's showing. While it may be true that the Government could not have used Person's A's admissions in a criminal case against her, that does not explain why she was not prosecuted. Mr. Sterling has not admitted any criminal conduct. That did not prevent the Government from prosecuting him. The Government is perfectly capable of prosecuting a case when it does not have an admissible admission from the defendant. In Person A's case, it chose in the face of no admissible admissions from Person A not to investigate and prosecute the case as a criminal matter. In Mr. Sterling's case, in the face of no admissible admissions from Mr. Sterling, it chose to conduct an eight-year investigation and bring criminal charges. The greatest distinguishing feature is that Mr. Sterling

had sued the CIA for discrimination.   Accordingly, as in *Adams*, Mr. Sterling has made a showing of selective prosecution.

## CONCLUSION

For the reasons set forth above and in Mr. Sterling's motion, his case should other be dismissed, or discovery on selective prosecution ordered.

Dated: October 13, 2011

Respectfully submitted,
JEFFREY A. STERLING


By: _____/s/_____
    Edward B. MacMahon, Jr. (VSB # 25432)
    Law Office of Edward B. MacMahon, Jr.
    107 East Washington Street
    P.O. Box 25
    Middleburg, VA 20118
    (540) 687-3902
    (540) 687-6366 (facsimile)
    ebmjr@verizon.net


_____/s/_____
    Barry J. Pollack (admitted pro hac vice)
    Miller & Chevalier Chartered
    655 Fifteenth St. N.W. Suite 900
    Washington, D.C. 20005
    (202) 626-5830
    (202) 626-5801 (facsimile)
    bpollack@milchev.com

*Counsel for Jeffrey A. Sterling*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 13th, day of October 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

By:_____/s/_____
    Edward B. MacMahon, Jr. (VSB # 25432)
    Law Office of Edward B. MacMahon, Jr.
    107 East Washington Street
    P.O. Box 25
    Middleburg, VA 20118
    (540) 687-3902
    (540) 687-6366 (facsimile)
    ebmjr@verizon.net

    *Counsel for Jeffrey A. Sterling*