UNCLASSIFIED//**REDACTED**

Information Security Officer
CISO M. Peters
Date 10/18/2011

FILED
OCT 18 2011
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| v. | ) 1:10cr485 |
| JEFFREY ALEXANDER STERLING, | ) |
| Defendant. | ) |

ORDER

For the reasons stated on the record during a sealed hearing, the following motions have been resolved as described below.

The Government's <u>Ex Parte</u>/<u>In Camera</u> Motion for Protective Order Under CIPA Section 4 [Dkt. No. 197] and its Motion to Strike Defense Expert W. Patrick Lang's Testimony Under Section 6 of CIPA [Dkt. No. 200] are GRANTED to the extent that neither party may use the phrase ⎡_____⎤ or describe Classified Program No. 1 ⎡___⎤ ⎣_____⎦ . The Government's Motion <u>in Limine</u> to Preclude Expert Testimony of W. Patrick Lang [Dkt. No. 198] and the scope of any potential testimony from Lang, including whether Classified Program No. 1 ⎡_____ ⎣_____⎦ will be held in abeyance until the close of the Government's case-in-chief; moreover, a



UNCLASSIFIED//**REDACTED**

determination as to the Government's proposed rebuttal expert Charles A. Duelfer [Dkt. No. 237] will be made after the Government rests and the defense presents its case.

The Government's Motion in Limine to Exclude Certain Evidence and Arguments [Dkt. No. 234] is DENIED, and its Motion in Limine to Admit Certain Statements of James Risen, Dr. Condoleezza Rice, and Human Asset No. 1 [Dkt. No. 235] is DENIED to the extent that the Government seeks to admit Dr. Rice's written talking points in place of her testimony and to admit hearsay statements of Human Asset No. 1 from January 2006; however, the motion is GRANTED to the extent that when Government witness William Harlow testifies, the documents he wrote memorializing his conversations with Risen, as reflected in CIPA Exhibits 103 through 106, will be admitted into evidence with a cautionary instruction as to how Risen's statements may be considered by the jury.

The Defendant's Motion in Limine to Preclude the Government from Introducing Evidence Related to Sterling's 2000 Personnel Appraisal Report and Supplemental Memorandum in Opposition to the Government's Motion in Limine to Introduce Exhibit 132 [Dkt. No. 232] is DENIED; specifically, the Government's CIPA Exhibit 132 (1993 personnel report), as redacted, will be admitted, and the

redacted unclassified version of the Government's Exhibit 60 (2000 Performance Appraisal Report), which was given to Mr. Sterling's counsel in 2001 in connection with Sterling's employment discrimination complaint, will be admitted.

Because the Government may ask James Risen additional clarifying questions about his writing style, among other topics, the defense expert witness, Mark Feldstein, will likely not be needed. Accordingly, the Government's Motion in Limine to Preclude Expert Testimony [Dkt. No. 183] is provisionally GRANTED; however, at the close of the Government's case-in-chief, the defendant may move to admit the testimony of Feldstein if Risen's testimony is insufficient. The defendant's Motion to Dismiss Based on Selective Prosecution or, in the Alternative, to Take Discovery Related to Selective Prosecution [Dkt. No. 254] is unsupported by the facts before the Court and the law. Moreover, there is not enough time before the start of the trial to conduct further discovery. For these reasons, the defendant's motion is DENIED.

The Government's request for substitutions as to certain classified names [Dkt. No. 241] is GRANTED as to its proposed substitutions for the ▮▮▮▮▮, but its proposed substitution for ▮▮▮▮▮▮▮▮▮ is

DENIED. In the alternative, the Government is directed to use the Silent Witness Rule, as discussed in Court, with respect to documents referencing either ▢ ▢ by name. The Government's Motion for an Order Pursuant to CIPA Sections 4, 6(c) and 8 [Dkt. No. 267], which relates to redactions of trial exhibits discussed orally at the hearing, is GRANTED.

The Government's Motion for Reconsideration Regarding Certain Security Measures for a Limited Number of Government Witnesses [Dkt. No. 233] is GRANTED to the extent that the Court adopts the Government's proposed <u>voir dire</u> procedure with some modifications. Specifically, asking potential jurors if they recognize the names of any witnesses will be delayed until a qualified pool of jurors is established and jurors stricken for cause have been excused from the courtroom. Then, as groups of jurors are considered for peremptory challenge, they will be shown an alphabetical list containing the full names of all witnesses, with no other identifying information. Any jurors recognizing a witness's name will be stricken for cause. Because the witness list will contain the full names of many CIA employees whose identities the Government wants to protect, it will remain classified; however, a redacted list will become part of the public record. The motion is

also GRANTED to the extent that the Court will extend the extraordinary protective measures to the ten specific current and former CIA employees identified in the Government's motion. These measures include screening the well of the Court to block the public's view of the witness, allowing the witnesses to enter the courtroom from a non-public entrance, and permitting the use of pseudonyms in open court; however, the Court will hold in abeyance pending further briefing the Government's request not to disclose, even under seal, to the defendant or jury the true names of these witnesses as they testify. Accordingly, it is hereby

ORDERED that the Government file a brief detailing the legal support for its motion to conceal from the defendant and the jurors the names of those ten witnesses. A final hearing on this and any other remaining issues will be heard on Friday, October 14, 2011 at 1:00 p.m.

Finally, the Defendant' Motion for Issuance of Rule 17(c) Subpoenas [Dkt. No. 130] is DENIED as moot.

The Clerk is directed to forward copies of this Order to counsel of record and the Classified Information Security Officer.

Entered this 18 day of October, 2011.

Alexandria, Virginia

/s/
Leonie M. Brinkema
United States District Judge