IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. 1:10CR485 |
| | ) | |
| | ) | |
| | ) | Hon. Leonie M. Brinkema |
| v. | ) | |
| | ) | |
| JEFFREY ALEXANDER STERLING | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF
DEFENDANT JEFFREY STERLING'S MOTION TO COMPEL**

Defendant Jeffrey Sterling respectfully moves the Court to compel the United States to produce all of the *Giglio* material in its possession that was set forth in its previous letters to defense counsel in October 2011. On January 14, 2011, the Court ordered the government to "produce to the defendant the *Jencks Act* and *Giglio* materials for the witnesses who will testify in the government's case in chief." Discovery Order [DE 15] at 4. Such production was to occur "no later than five calendar days before trial[.]" *Id*. On October 13, 2011, just two business days before the start of trial, the government produced to defense counsel letters describing *Giglio* material in its possession. Defense counsel responded to the government that same day, stating that it believed the information contained in the letters may be used for impeachment purposes and requesting the underlying documentation regarding the information described in the letters. On October 13, as well, the government filed an *ex parte* motion with the Court asking whether it was obligated to produce to the defense further possible *Giglio* material. Mr. Sterling did not receive notification of that material until the afternoon of October 14. Again, the government did not supply the actual material, but merely provided a description of it.

1461968.1

In the interim, as the Court is well aware, Mr. Sterling's fate has remained in limbo due to the litigation of other matters. During that interim period, Mr. Sterling again requested the underlying *Giglio* documents in correspondence with the government, but the government has not produced them. *See* Letter from Edward B. MacMahon, Jr. to James Trump, January 28, 2014 (attached as Exhibit A). Following the Fourth Circuit's issuance of its mandate, the Court has scheduled a Status Conference for October 10, 2014. Three years have passed since the government first notified Mr. Sterling and the Court of the *Giglio* material it possessed. To date, Mr. Sterling has not received a single document. Instead, he has only two letters from the government summarizing the *Giglio*. As discussed below, the government has a constitutional duty to provide to the defense any material favorable to the defense sufficiently in advance of trial to allow the defendant to make meaningful use of it. Due to the various security restrictions present in this case and the applicability of the Classified Information Procedures Act ("CIPA"), the full development of any exculpatory and impeachment material will require a significant deal of time. Accordingly, the time for the government to produce the *Giglio* material in its possession is now.

**ARGUMENT**

**A. The Government Has a Constitutional Duty to Produce Any Material In Its Possession that is Favorable to the Defense**.

It is a fundamental principle of constitutional law that the government must disclose to the defense information that is favorable to the defense. *See, e.g., Smith v. Cain*, 132 S. Ct. 627, 630 (2012). This includes material that impeaches a government witness. *Smith v. Branker*, 461 Fed. Appx. 336, 337-38 (4th Cir. 2012) ("Evidence tending to impeach a witness for the State must be disclosed to the defendant if known to the prosecution") (citing *Giglio v. United States*, 405 U.S. 150 (1972) (the government is constitutionally obligated to produce to the defense

information that would tend to impeach a government witness)); *Spicer v. Roxbury Corr. Inst.*, 194 F. 3d 547, 556 (4th Cir. 1999) ("Evidence that can be used to impeach a witness is unquestionably subject to disclosure under *Brady*").  The government's disclosure obligations are continuing in nature.  *United States v. Cheatham*, 500 F. Supp. 2d 528, 535 (W.D. Pa. 2007) ("the Government has a continuing obligation to supplement the discovery it has produced under Rule 16, [] as well as obligations pursuant to *Brady*, *Giglio*, and the Jencks Act which it may not ignore").

The *Giglio* material Mr. Sterling seeks pertains to, *inter alia*, two key government witnesses, whom the government has previously explained would "lay the necessary foundation for nearly half of the government's trial exhibits" and provide "expert testimony on Sterling's training, experience, and ability to understand the potential harm caused by leaking the information."  Appellate Brief of the United States at 53 n.17.  The information described in the letters sheds light on these witnesses' veracity, which is plainly impeachment material.  *See* Fed. R. Evid. 608 ("A witness's credibility may be attacked . . . by testimony about the witness's reputation for having a character for truthfulness or untruthfulness"); *see also United States v. Rosga*, No. 3:10CR170-HEH, 2010 U.S. Dist. LEXIS 126080, at *5 (E.D. Va. Nov. 30, 2010) (ordering disclosure to defendant of the fact that a government witness failed to advise his supervisor of a traffic citation, as "[t]his could arguably affect his credibility").

As this Court has previously held, it is apparent even from the summaries provided by the government on the eve of the previously scheduled trial date that the belatedly disclosed *Giglio* material would allow for impeachment of the government witnesses' truthfulness.  Further, the government has stated that it will put forth evidence under Fed. R. Evid. 404(b) that Mr. Sterling has mishandled classified documents in the past.  Plainly, the probative value of any evidence

that Mr. Sterling did so diminishes rapidly with the concurrent evidence that the government's own witnesses, including his superior, did precisely the same. Thus, for this reason as well, the *Giglio* material must be produced to Mr. Sterling.

Despite explicit requests from defense counsel, the government to date has not produced the underlying documents that constitute the *Giglio* material. The provision of mere summaries of the *Giglio* material does not meet the government's constitutional disclosure obligation. As Judge Sullivan of the United States District Court for the District of Columbia recognized in the trial of Senator Ted Stevens, exculpatory material must "be turned over in a useable format because, as we've seen in this case, the use of summaries is an opportunity for mischief and mistake[.]" Transcript of Proceedings, April 7, 2009, Case No. 1:08-cr-00231 (D.D.C.) at 8-9 (attached as Exhibit B).

### B. The *Giglio* Information Must Be Produced Sufficiently In Advance of Trial For its Meaningful Use by Mr. Sterling.

Further, the *Giglio* material must be disclosed sufficiently in advance of trial to enable the defendant to make meaningful use of it. *See United States v. Elmore*, 423 F.2d 775, 779 (4th Cir. 1970) ("'[D]isclosure to be effective must be made at a time when the disclosure would be of value to the accused.' . . . Manifestly, a more lenient disclosure burden on the government would drain *Brady* of all vitality") (internal citation omitted); *United States v. Noel*, No. 3:08cr186-03, 2009 U.S. Dist. LEXIS 72448, at *2-3 (E.D. Va. Aug. 14, 2009) ("*Brady* material must be disclosed in sufficient time to be of meaningful use to the defendant"); *United States v. Beckford*, 962 F. Supp. 780, 787 (E.D. Va. 1997) ("Therefore, *Giglio/Bagley* impeachment material, like all other *Brady* material, must be disclosed to a defendant in time for its effective use at trial") (internal quotations omitted).

In order to make effective use of the *Giglio* material, Mr. Sterling requires sufficient time to fully develop and investigate the material summarized in the letters. This requires time to locate witnesses, conduct interviews in a Secured Compartmentalized Information Facility and possibly litigate the restrictions the government has imposed on interviewing witnesses with classified information. Following all of this, the defense must then make a CIPA § 5 notice and litigate the disclosure of classified information necessary to make use of the exculpatory testimony at trial. Plainly, this will be a long, time-consuming process, replete with presently unforeseeable delays and roadblocks.

There is no reason for further delay. Mr. Sterling must be provided access to the documents and information described in the government's letters. The disclosure should occur immediately, so that Mr. Sterling can begin developing the *Giglio* material. Accordingly, Mr. Sterling respectfully requests that the Court compel the production of all the *Giglio* material described in the October 2011 letters forthwith.

## CONCLUSION

For the foregoing reasons, Mr. Sterling respectfully requests the Court grant his Motion to Compel.

Dated: October 9, 2014                                Respectfully submitted,

JEFFREY A. STERLING

By:_____/s/_____
Edward B. MacMahon, Jr. (VSB # 25432)
Law Office of Edward B. MacMahon, Jr.
107 East Washington Street
P.O. Box 25
Middleburg, VA 20118
(540) 687-3902
(540) 687-6366 (facsimile)
ebmjr@verizon.net

1461968.1

/s/
Barry J. Pollack (admitted *pro hac vice*)
Miller & Chevalier Chartered
655 Fifteenth St. N.W. Suite 900
Washington, D.C. 20005
(202) 626-5830
(202) 626-5801 (facsimile)
bpollack@milchev.com

*Counsel for Jeffrey A. Sterling*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of October, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

By: /s/
Edward B. MacMahon, Jr. (VSB # 25432)
Law Office of Edward B. MacMahon, Jr.
107 East Washington Street
P.O. Box 25
Middleburg, VA 20118
(540) 687-3902
(540) 687-6366 (facsimile)
ebmjr@verizon.net
*Counsel for Jeffrey A. Sterling*

1461968.1