**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. 1:10CR485 |
| | ) | |
| | ) | |
| | ) | Hon. Leonie M. Brinkema |
| v. | ) | |
| | ) | |
| JEFFREY ALEXANDER STERLING | ) | |
| | ) | |
| Defendant. | ) | |

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF**
**DEFENDANT JEFFREY STERLING'S MOTION TO COMPEL**

On October 9, 2014, Defendant Jeffrey Sterling, through undersigned counsel, respectfully filed a motion to compel [DE 324], with an accompanying memorandum in support [DE 325].  The motion asks the Court to order the government to disclose to the defense documents related to the summaries of *Giglio* material belatedly produced to the defense on the eve of the previously scheduled trial date of October 17, 2011.  At the status conference before the Court on October 10, 2014, the government indicated that it would be producing some additional *Giglio* material in its possession related to the issues it disclosed to the defense on October 13 and 14, 2011, but did not believe it was required to produce all of the documents sought in Mr. Sterling's motion to compel.  The Court asked the parties to confer to determine whether the parties could agree on what the government was obligated to produce. Subsequently, the government made available to the defense three 302's of interviews conducted by the FBI following the October 2011 disclosures.  However, counsel for the government has indicated to undersigned counsel that it is the government's position that it need not disclose the

1461968.1

documents referenced in the October 2011 correspondence or even provide to the defense verbatim quotes from those documents.

The government's opposition to the motion to compel was due on October 20, 2014. However, to date, the government has not filed a written response. Government counsel indicated to undersigned counsel that the government would prefer to address this issue in December, the month before trial, when there may be other issues related to the production of *Giglio* or Jencks materials that require the Court's resolution. Mr. Sterling respectfully submits that, irrespective of any new issues that may arise between now and trial, the issues related to the government's production of *Giglio* that should have been provided to the defense three years ago are ripe for resolution now.

## ARGUMENT

As Mr. Sterling noted in his Memorandum in Support of the pending Motion to Compel, under *Brady* and *Giglio*, the government is obligated to produce the underlying source documents that contain the exculpatory information, not mere summaries of such information as the government provided in this case in October 2011. As Judge Sullivan of the United States District Court for the District of Columbia recognized in the trial of Senator Ted Stevens, exculpatory material must "be turned over in a useable format because, as we've seen in this case, the use of summaries is an opportunity for mischief and mistake[.]" Transcript of Proceedings, April 7, 2009, Case No. 1:08-cr-00231 (D.D.C.) at 8-9 (attached as Exhibit A to Mr. Sterling's Memorandum of Law, [DE 325]).

Judge Sullivan is not alone in that view. In *United States v. Poindexter*, No. 88-0080, 1990 U.S. Dist. Lexis 2023, at *1-2 (D.D.C. March 5, 1990), Judge Harold Green addressed and rejected the same argument the government makes here:

1461968.1

> The Government is unable to cite a single decision in which a summary of the exculpatory information has been held sufficient to meet its *Brady* obligations. On the contrary, it is clear that the common practice is . . . to produce the documents themselves.

*See also Thomas v. United States*, Civil Action No. 12-4358 (SDW), 2014 U.S. Dist. LEXIS 148386, at *4-5 (D.N.J. Oct. 17, 2014) (government faxed a letter to defense counsel day before suppression hearing summarizing materials it was required to produce under *Giglio*; following an *in camera* review, court ordered government to produce to defense counsel the actual materials, rather than a summary of the facts, and postponed the suppression hearing).

The reason for this practice is apparent. At trial, the defense will want to cross-examine the relevant government witnesses about the subject matters summarized in the government's correspondence. In order to do so effectively, the defense needs to be able to confront the witness with, as close as possible, the underlying information. If the witness fails to recall a prior statement or incident, the defense will want to attempt to refresh the witness's recollection with the version of events contained in contemporaneous documents, rather than with a summary by the government of the events and statements contained in those documents. It is the contemporaneous version that is most likely to result in the witness's recollection being refreshed.

Further, to the extent the government witness testifies at trial in a manner that is inconsistent with a prior statement, the defense needs to be able to confront the witness with the prior statement.

> If the witness does not admit the prior inconsistent statement, defense counsel will need to call an agent who was present at the interview to elicit evidence of the prior inconsistent statement. It is very difficult for the defense lawyer to impeach the witness with a summary letter from the prosecutor. Rather, if a memorandum of the interview or another

> contemporaneous record of the statement exists (as it should), that document should be provided to defense counsel.

R. Cary, C. Singer, S. Latcovich, <u>Federal Criminal Discovery</u> (published by the American Bar Association, Criminal Justice Section 2011) at 49 (citing F.R.Evid. 613(b), allowing the introduction of extrinsic evidence of a prior inconsistent statement after the witness is afforded the opportunity to explain or deny the prior statement).

Giglio material must be disclosed sufficiently in advance of trial for the defendant to be able to make meaningful use of it. *See United States v. Elmore*, 423 F.2d 775, 779 (4th Cir. 1970) ("'[D]isclosure to be effective must be made at a time when the disclosure would be of value to the accused.' . . . Manifestly, a more lenient disclosure burden on the government would drain Brady of all vitality") (internal citation omitted); *United States v. Noel*, No. 3:08cr186-03, 2009 U.S. Dist. LEXIS 72448, at *2-3 (E.D. Va. Aug. 14, 2009) ("Brady material must be disclosed in sufficient time to be of meaningful use to the defendant"); *United States v. Beckford*, 962 F. Supp. 780, 787 (E.D. Va. 1997) ("Therefore, *Giglio/Bagley* impeachment material, like all other *Brady* material, must be disclosed to a defendant in time for its effective use at trial.") (internal quotations omitted).

With only the summaries, Mr. Sterling does not even know who was present when the statements reflected in the summaries were made. Thus, the defense cannot begin a meaningful investigation of this information until the government makes the underlying documents available to the defense. Accordingly, Mr. Sterling seeks the immediate disclosure of the underlying documents.

1461968.1

## CONCLUSION

For the foregoing reasons, Mr. Sterling respectfully requests the Court grant his Motion
to Compel.


Dated: October 24, 2014                         Respectfully submitted,


                                                JEFFREY A. STERLING

                                                By:＿＿＿＿＿＿＿/s/＿＿＿＿＿＿＿
                                                Edward B. MacMahon, Jr. (VSB # 25432)
                                                Law Office of Edward B. MacMahon, Jr.
                                                107 East Washington Street
                                                P.O. Box 25
                                                Middleburg, VA 20118
                                                (540) 687-3902
                                                (540) 687-6366 (facsimile)
                                                ebmjr@verizon.net


                                                ＿＿＿＿＿＿＿＿/s/＿＿＿＿＿＿＿＿
                                                Barry J. Pollack (admitted *pro hac vice*)
                                                Miller & Chevalier Chartered
                                                655 Fifteenth St. N.W. Suite 900
                                                Washington, D.C. 20005
                                                (202) 626-5830
                                                (202) 626-5801 (facsimile)
                                                bpollack@milchev.com

                                                *Counsel for Jeffrey A. Sterling*

1461968.1

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of October, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

By:_____/s/_____
Edward B. MacMahon, Jr. (VSB # 25432)
Law Office of Edward B. MacMahon, Jr.
107 East Washington Street
P.O. Box 25
Middleburg, VA 20118
(540) 687-3902
(540) 687-6366 (facsimile)
ebmjr@verizon.net
*Counsel for Jeffrey A. Sterling*

1461968.1