IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:10cr485 (LMB) |
| | ) | |
| JEFFREY ALEXANDER STERLING | ) | |

**RESPONSE OF THE UNITED STATES
TO DEFENDANT'S MOTION TO COMPEL**

The United States, by and through the undersigned counsel, hereby responds to the defendant's motion to compel production of *Giglio* documents.

1.      On October 9, 2014, the defendant filed a motion to compel the government to produce documents underlying the government's disclosure in October 2011 of potential *Giglio* information (Docket 324). The government addressed this motion briefly at the status conference on October 10, 2014. We advised the Court that we were in the process of updating our review of the CIA files for agency witnesses (both current and retired) and were also undertaking a review for the first time of the files of several new agency witnesses (replacements for witnesses who are not available for various reasons). We represented that, when this process is complete, we we would be providing the defendant with some additional information. In this regard, we suggested that the Court likely will need to resolve a number of issues relating to the potential *Giglio* information that has been and will be provided by the government, including the issue raised in the defendant's motion about access to the underlying agency files, and a hearing most likely will be necessary to resolve them. We suggested that the Court convene a hearing after the parties have had an opportunity to file additional motions and brief fully all of the *Giglio* issues, not just the

motion to compel. This was one of three subject matters that the government identified for pre-trial hearings, the other two being (1) any remaining CIPA issues and (2) James Risen's testimony.

2. The Court gave the parties 30 days (*i.e.*, by November 10, 2014) in which to file additional motions (Docket 326), after which the Court would decide on a hearing schedule. Given this procedure, the government planned to address the defendant's motion to compel after it provided the defendant with the additional information from the agency's files but within the 30 days the Court provided for the filing of additional motions.

3. In a telephone conversation with defense counsel on October 22, 2014, counsel asked if the government planned on producing any of the requested documents or filing a written response to its motion to compel. We reiterated our position, which we previously expressed at the October 10 status conference, that the law does not support production to the defense of the underlying documents. As such, we explained that the government would oppose production of such material and that we would outline our position in a motion in limine to exclude the evidence, which we intend to file by the Court's November 10 deadline. After full briefing by the parties, the Court would then be in a position to resolve issues related to the admissibility of all potential impeachment information as well as whether the defense is entitled to any of the underlying material. Subsequently, the defendant filed a supplemental memorandum in support of his motion to compel (Docket 328).

4. At bottom, a thorough analysis of the issues raised by the defendant's motion and addressed in the government's forthcoming motion to exclude will reveal, we submit, that the government has met its obligations, the information it disclosed is not admissible impeachment under the Federal Rules of Evidence, and the underlying source documents are therefore not discoverable. To that end, although the defendant claims he is entitled to relief based on blanket assertions about all

of the various disclosures the government has made to date, the law requires inquiry into each of the disclosures on an individual basis to determine whether each piece of information is permissible grounds for impeachment under the Rules of Evidence.

5. In this context, the government submits that deferring consideration of the defendant's motion to compel until after the government produces the additional information and files its motion to exclude the evidence, which will address these threshold questions of the relevance and admissibility of the disclosed information, will allow the Court to determine in an efficient and orderly manner whether the production of any of the underlying documents is necessary. This procedure is also consistent with the Court's direction that the parties file additional motions within 30 days.

6. The government suggests that the Court schedule a hearing on November 20, 2014, or at such other time convenient to the Court, to hear argument on the government's motion to exclude the *Giglio* evidence to be filed November 10th as well as the defendant's pending motion to compel the production of documents. Defense counsel is available on that date (without, of course, committing counsel to the position taken by the government in this pleading). Some of the *Giglio* information disclosed by the government is classified; the security files themselves are classified; and the information within those files is protected under a number of privacy laws and

agreements. As such, until the Court rules on the admissibility of this information, the hearing, we submit, should be conducted under seal. A proposed order is attached.

        Respectfully submitted,

        Dana J. Boente
        United States Attorney

By        /s/
        James L. Trump
        Senior Litigation Counsel
        Attorney for the United States of America
        United States Attorney's Office
        2100 Jamieson Avenue
        Alexandria, Virginia 22314

**CERTIFICATE OF SERVICE**

I hereby certify that I caused an electronic copy of the foregoing pleading to be filed and served via ECF on Edward B. MacMahon, Jr., and Barry J. Pollack, counsel for the defendant, this 27th day of October, 2014.

By:    /s/
   James L. Trump
   Senior Litigation Counsel
   Attorney for the United States of America
   United States Attorney's Office
   2100 Jamieson Avenue
   Alexandria, Virginia 22314
   Phone: 703-299-3726
   Fax: 703-299-3981
   Email Address: jim.trump@usdoj.gov