REDACTED / CLEARED FOR PUBLIC RELEASE

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

|                                  |     |                              |
|----------------------------------|-----|------------------------------|
| UNITED STATES OF AMERICA         | )   |                              |
|                                  | )   |                              |
|                                  | )   |                              |
| v.                               | )   |                              |
|                                  | )   | 1:10cr485 (LMB)              |
|                                  | )   |                              |
| JEFFREY ALEXANDER STERLING,      | )   |                              |
|                                  | )   |                              |
| Defendant.                       | )   |                              |

Filed with the Classified
Information Security Officer
CISO _____
Date 12 / 17 / 2014

## ORDER

Before the Court is the defendant's Ex Parte and Under Seal Motion for Issuance of

Subpoena Ad Testificandum to Human Asset No. 1.  The government has opposed the motion on

the grounds that the witness suffers from a serious medical condition (                    ),

which prevents his appearance at trial.  The government also argues that the defense has not

made a sufficient showing of relevance to overcome the hardship this witness might face if

required to testify.  To support that argument, the government has presented a letter from the

witness's treating physician.  Although that letter confirms the witness's serious medical

condition, it does not make clear that the witness is incapable of testifying; rather it simply states,

"We do not think that Mr. . . . can do well as a witness in other state [sic] without significant

risks."  Resp. of United States About Prospective Witness, ECF No. 353.  The letter has been

redacted to prevent the Court from seeing whether it was written on letterhead stationery, who

the doctor is, and what his credentials are.  There is also no signature appearing on the letter.

Given that three years ago the medical prognosis for the witness was so dire that the government

was seeking leave to take a pretrial deposition of the witness, the Court has concerns about the

accuracy of this description of the witness's condition.  For these reasons, the Court is not

REDACTED / CLEARED FOR PUBLIC RELEASE

satisfied that it would be medically impossible for this witness to testify, at least via a deposition,

if not in person. Therefore, on this record, the government has not established that the witness's

medical condition presents an insurmountable barrier to issuing the subpoena.

As the second ground for opposing the defendant's motion, the government argues that

the defendant has not shown how the witness's testimony is relevant to the defense. The

defendant has attempted to defeat that argument in his ex parte motion by pointing out that, in

2011, the government sought the opportunity to depose the witness because his testimony was

material. At that time, counsel for the government argued:

> If I understand the defense, it's Mr. Sterling was not the source of the leaks.
> Well, there's a person who had the same information as Mr. Sterling in many
> respects. We have to put him on the stand and ask him whether he was the source
> of the leaks.
>
> There are a lot of predicate facts with respect to some other counts. The fraud
> count, for example, we believe his testimony will be that the facts as laid out by
> the witness will be different than what was disclosed in, in our view of the case by
> Mr. Sterling to, to the media. So that goes to that count as well.

Tr. CIPA Hr'g 8, May 12, 2011.

To obtain compulsory process, a defendant who has not had direct access to a witness

must make only a "plausible showing" that the witness would testify in his favor. See United

States v. Moussaoui, 382 F.3d 453, 472 (4th Cir. 2004) (quoting United States v. Valenzuela-

Bernal, 458 U.S. 858, 873 (1982)) (explaining that, where a defendant has not had access to a

proposed witness, "he cannot be required to show materiality with the degree of specificity that

applies in the ordinary case").[1] This standard requires a plausible showing that the prospective

---

[1] In Valenzuela-Bernal, the Supreme Court established the standard for determining whether the
denial of a subpoena violated a defendant's Sixth Amendment right to compulsory process. The
Supreme Court did not apply this standard to the showing that a defendant must make to obtain
the issuance of a subpoena in the first place. 458 U.S. at 873, n.9 ("In adopting this standard, we
express no opinion on the showing which a criminal defendant must make in order to obtain

2

testimony would be "material and favorable to [the] defense, in ways not merely cumulative to the testimony of available witnesses." Valenzuela-Bernal, 458 U.S. at 873; cf. Daniels v. Lee, 316 F.3d 477, 489 (4th Cir. 2003) (finding, on collateral review, that there had been no violation of the petitioner's right to compulsory process because the trial testimony he sought was "cumulative and not essential to his defense"). From the defendant's ex parte motion, it appears that among the favorable, non-cumulative testimony this witness would provide is that he, at some point, possessed on a disk a version of the letter that appears to be quoted in James Risen's book, State of War: The Secret History of the CIA and the Bush Administration. That testimony would enable the defense to argue that there were persons, other than the defendant, who had a copy of the letter and could have been the source. Given the government's admission that its case will be based on inferences, evidence of alternative inferences will be critical to the defense.

For these reasons, and the additional reasons described in the defendant's ex parte motion, the Ex Parte and Under Seal Motion for Issuance of Subpoena Ad Testificandum to Human Asset No. 1 [Dkt. No. 339] is GRANTED, and it is hereby

ORDERED that the government forthwith arrange for and serve a trial subpoena on the witness.

The Clerk is directed to forward copies of this Order to counsel of record and to the Classified Information Security Officer.

Entered this 17 day of December, 2014.

Alexandria, Virginia

/s/

Leonie M. Brinkema
United States District Judge

---

compulsory process for securing the attendance at his criminal trial of witnesses within the United States."). Courts in the Fourth Circuit, however, have employed the Valenzuela-Bernal standard in analyzing whether a defendant has made the requisite showing that he or she is entitled to compulsory process of a prospective witness. See, e.g., Moussaoui, 382 F.3d at 472; United States v. Rosen, 520 F. Supp. 2d 802, 811 (E.D. Va. 2007).

3