IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | No. 1:10cr485 (LMB) |
| v. | ) | |
| | ) | |
| | ) | |
| JEFFREY ALEXANDER STERLING | ) | |
| | ) | |

**REPLY OF THE UNITED STATES TO
DEFENDANT'S RESPONSE CONCERNING VOIR DIRE**

The United States of America, through its undersigned attorneys, hereby replies to the Defendant's Response (Dkt. No. 382) to the Government's proposed *voir dire* (Dkt. No. 257). This reply addresses each proposed *voir dire* inquiry submitted by the United States on October 11, 2011:

1. Parties in agreement.

2. Parties in agreement. However, in light of the hearing concerning James Risen on January 5, 2015, as well as the significant media coverage surrounding his status as a witness, the government suggests the Court inquire as to whether prospective jurors have an opinion about the propriety of a journalist appearing as a witness in a criminal prosecution and refusing to identify his source or sources.

3. Withdrawn by the United States.

4. The government maintains the position that this is an appropriate *voir dire* inquiry. However, the government agrees that there is no need to inquire into the circumstances if the answer is "yes." Accordingly, the government withdraws that part of the request. The

essential question, which can be answered with either a "yes" or "no" answer, is appropriate and necessary for *voir dire*. If a potential juror responds "yes" to this question, a clear issue of bias or partiality is raised by this juror's service on this jury. *United Sates v. Lancaster*, 96 F.3d 734, 742 (4th Cir 1996). Further, an individual who has been involved in a similar, extraordinarily unique, situation as the defendant may be particularly susceptible to confusion or distraction. In addition to the specter of bias or partiality raised by an affirmative answer to this question, the government is concerned that a juror who has previously been in this situation would be unable to dispassionately or objectively evaluate the facts over a two week trial. The defendant's concerns over the prospective juror's privacy interests are not well founded. A "yes" answer to this question obviates the need for any further inquiry. There is no need to inquire into the specific circumstances of the juror's anonymous sourcing for news media. The government is satisfied that a "yes" or "no" answer to this question provides the necessary response.

5. Parties in agreement.

6. Parties in agreement.

7. Parties in agreement.

8. The government maintains the position that this is an appropriate question *voir dire* inquiry. Notwithstanding the defendant's objection, the government believes this question is properly posed to elicit bias for or against the government and the defendant. In essence, the government views this question as potentially benefitting the defendant, as well as the United States, in the effort to discover potential juror bias. If this inquiry is pursued, the defendant will be able to determine if any prospective juror is partial in favor of the work or mission of the CIA.

9. Parties in agreement.

10. Withdrawn by the United States.

11. Withdrawn by the United States.

12. This is a proper question, designed to elicit from potential jurors whether they have not only engaged in potential criminal conduct but also the same type of conduct with which the defendant is charged.   A prospective juror who has been investigated for the same or similar conduct will no doubt present a clear bias issue.   Likewise, whether anyone has been denied a clearance or had one revoked will reflect personal experience, or the experience of a close relative, that is similar to issues addressed in this case.

13. Parties in agreement.

14. Withdrawn by the United States.

15. Parties in agreement.

16. Parties in agreement.

17. Parties in agreement.

18. Parties in agreement.


Respectfully submitted,

Jack Smith
Chief

Eric G. Olshan
Deputy Chief
Public Integrity Section
U.S. Department of Justice

Dana J. Boente
United States Attorney

James L. Trump
Senior Litigation Counsel

Dennis Fitzpatrick
Assistant United States Attorney
Eastern District of Virginia

By      /s/
James L. Trump
Attorney for the United States of America

        United States Attorney's Office
        2100 Jamieson Avenue
        Alexandria, Virginia 22314
        (703) 299-3726
        (703) 299=837-8242 (fax)
        jim.trump@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on January 9, 2015, I filed a copy of the foregoing pleading with the district's NEF/ECF system which will provide service on Edward B. MacMahon, Jr., and Barry J. Pollack, counsel for the defendant.

        By    /s/
            Dennis M. Fitzpatrick
            Attorney for the United States of America
            United States Attorney's Office
            2100 Jamieson Avenue
            Alexandria, Virginia 22314
            (703) 299-3954
            Dennis.fitzpatrick@usdoj.gov