IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:10cr485 (LMB) |
| | ) | |
| JEFFREY ALEXANDER STERLING | ) | |

## UNITED STATES' MOTION IN LIMINE TO EXCLUDE JAMES RISEN AS AN UNAVAILABLE WITNESS

The United States, by and through its attorneys, moves this Court in limine to exclude James Risen as an unavailable witness and to instruct the jury that it should draw no inferences, favorable or unfavorable, as to either party based upon the absence of Mr. Risen as a witness.

On January 5, 2015, the Court convened a hearing to moot Mr. Risen's testimony prior to trial. Dkt. No. 377. The purpose of the hearing was to allow the parties and the Court an opportunity to see which questions, if any, Mr. Risen would answer and to provide sufficient time to resolve any disputes, including any Sixth Amendment issues. Dkt. Nos. 350 and 352.

During the hearing, Mr. Risen refused to answer numerous questions posed by the government. Dkt. No. 378 at 11-13. Indeed, at one point the Court recessed the proceeding so that Mr. Risen could confer with counsel concerning whether he would agree to confirm simple facts from his prior sworn affidavits. Id. at 17. To the extent Mr. Risen did answer questions, he made one point abundantly clear, testifying repeatedly that if called as a witness at trial, he would refuse to answer questions that go to the heart of the case. Specifically, Mr. Risen stated that he would refuse to answer any questions that would directly or indirectly identify his source or sources, and that his position would not change regardless of any sanctions he might face based on

his refusal to answer questions. Id. at 19-20, 23, 35-36. Mr. Risen's justification was that he is "not willing to provide information in any way that will prove or disprove a mosaic that the government seems to be trying to make." Id. at 14.

Mr. Risen's under-oath testimony has now laid to rest any doubt concerning whether he will ever disclose his source or sources for Chapter 9 of *State of War* (or, for that matter, anything else he's written). He will not. As a result, the government does not intend to call him as a witness at trial. Doing so would simply frustrate the truth-seeking function of the trial. This is true irrespective of whether he is called by the government or the defense—he is unavailable to both parties. The law makes clear that testimony that is not subject to meaningful cross-examination regarding non-collateral matters is antithetical to the purpose of a trial and should be excluded. Cf. Lawson v. Murray, 837 F.2d 653, 656 (4th Cir. 1988) (affirming striking defense witness testimony who invoked Fifth Amendment privilege during cross-examination by government); United States v. Esparsen, 930 F.2d 1461, 1469-70 (10th Cir. 1991); Denham v. Deeds, 954 F.2d 1501, 1503-04 (9th Cir. 1992) ("We . . . join with those circuits that have permitted the exclusion of a defense witness's testimony when the witness has refused on cross-examination to respond to questions on non-collateral matters."); United States v. Doddington, 822 F.2d 818, 822 (8th Cir. 1987); United States v. Frank, 520 F.2d 1287, 1291-92 (2d Cir. 1975); First Data Merch. Svcs. Corp. v. Security Metrics, Inc., 2014 WL 6871581, at * 10 (D. Md. 2014) (excluding expert testimony of attorney whose assertion of attorney-client privilege would prevent opposing party "from fully investigating basis of [attorney's] knowledge and expertise"). Further, the unavailability of a witness may be determined before trial. See United States v. Gary, 74 F.3d 304, 309 (1st Cir. 1996) ("Courts have not permitted defendants to call

2

witnesses to the stand who have indicated that they will refuse to answer the government's questions on cross-examination with respect to non-collateral matters").[1]

Although a Court may permit a witness to testify when the witness raises a privilege or refuses to testify concerning a collateral matter, Mr. Risen has indicated under oath, without hesitation or equivocation, that he will not answer questions that go to the heart of the case. As such, he is unavailable for purposes of the trial and neither party should be permitted to call him as a witness. Compare Lawson, 837 F.2d at 656 (finding that striking testimony was appropriate where witnesses asserted Fifth Amendment privilege as to matters in question), with, United States v. Curry, 993 F.2d 43, 45 (4th Cir. 1993) (finding that striking testimony was not appropriate where witness only asserted Fifth Amendment as to recent drug activities that were collateral).[2]

Moreover, since Mr. Risen is not available as a witness on the central issue in the case, the defendant should be prohibited from commenting on Mr. Risen's failure to appear or suggesting that the government has failed to meet its burden because it did not call him as a witness. Where, as here, the witness is unavailable to both sides on non-collateral areas of testimony, courts have

---

[1] At least one court has determined that a contempt finding is unnecessary where a prospective witness has asserted unequivocally that he would never testify. See, e.g., Cooper v. Woodford, 2010 WL 2571872, at *17 n. 8 (N.D. Cal. 2010) (unpublished) (state habeas proceeding determining that witness was unavailable and contempt finding would be futile where witness was adamant he would not testify against the defendant despite being granted immunity and already serving a life sentence).

[2] Preclusion of Mr. Risen as a witness does not implicate the defendant's constitutional rights because "[t]he Sixth Amendment does not confer the right to present testimony free from the legitimate demands of the adversarial system; one cannot invoke the Sixth Amendment as justification for presenting what might have been a half-truth." Taylor v. Illinois, 484 U.S. 400, 412-13 (1988); see Lawson v. Murray, 837 F.2d 653, 656 (4th Cir. 1988). This is because "cross examination is an indispensable tool in the search for the truth" and part of the fundamental goal of the legal system. Lawson, 837 F.2d at 656 (citing United States v. Havens, 446 U.S. 620, 626 (1980); Davis v. Alaska, 415 U.S. 308, 316 (1974); United States v. Caudle, 606 F.2d 451, 457 (4th Cir. 1979)).

instructed the parties and the jury that no adverse inference should be drawn against either party. See United States v. Myerson, 18 F.3d 153, 158-60 (2d Cir. 1994) (finding no error where district court gave instruction and prohibited argument during summation that jury should draw adverse inference based on missing witness); United States v. Keplinger, 776 F.2d 678, 703 (7th Cir. 1985) (finding that "where the witness appears to be equally available or unavailable to both sides, we think it is well within the district court's discretion to refuse to allow such argument" (emphasis added)); United States v. Pizarro, 717 F.2d 336, 346 (7th Cir. 1983) (affirming trial court's preclusion of comment on missing confidential informant at trial); United States v. Long, 533 F.2d 505, 509 (9th Cir. 1976) (finding it was "fair and accurate" to apprise jury that the witness's absence resulted from "an order of the court and neither the defendant nor the government is responsible for his failure to testify.").

As such, the United States respectfully requests that the Court provide the following instruction at the conclusion of trial:

> James Risen has refused to testify concerning his source or sources for Chapter Nine of his book *State of War*. He is therefore unavailable as a witness in this case. As a result, you should draw no inferences as to either the government or the defense based on Mr. Risen's absence as a witness or any testimony he might have provided.

Similar instructions have been provided in cases where a witness is unavailable to both parties. Cf. United States v. Baker, 496 F. App'x 201, 204 (3d Cir. 2012) (unpublished) (affirming use of jury instruction that "[i]f a witness is equally available or unavailable to both sides, you should draw no inference concerning the failure of the witness to testify or any testimony the witness might have made."); United States v. Johnson, 121 F. App'x 912, 915 (2d Cir. 2005) ("A no-inference instruction, far from being error, is the recommended charge in

4

circumstances where a witness's invocation of the Fifth Amendment renders him unavailable to both sides."); United States v. Chapman, 435 F.2d 1245, 1248 (5th Cir. 1971) (holding that neither party was entitled to inference regarding failure to call witness because they would have most likely invoked Fifth Amendment privilege); United States v. Horton, 270 F. App'x 783, 787 (11th Cir. 2008) (unpublished) (affirming rejection of defendant's proposed missing witness jury instruction because "it is improper for the jury to hold a party's failure to call a witness against that party when the witness is equally unavailable to both sides").  Likewise, courts have approved in limine rulings relating to unavailable witnesses.  See, e.g., United States v. Addo, 989 F.2d 238, 242-43 (7th Cir. 1993) (noting that although waived, the court would have affirmed district court's provisional ruling on motion in limine prohibiting comment on missing witness); United States v. Struminikovski, 1988 WL 79590, at *2-3 (N.D. Ill. 1988) (unpublished) (granting motion in limine prohibiting comment on failure to call deceased witness).

For the foregoing reasons, the Court should exclude James Risen as an unavailable witness and instruct the jury not to draw any inferences based on his absence as a witness.[3]

Respectfully submitted,

| | |
|---|---|
| Jack Smith | Dana J. Boente |
| Chief | United States Attorney |
| | |
| Eric G. Olshan | James L. Trump |
| Deputy Chief | Senior Litigation Counsel |
| Public Integrity Section | |
| U.S. Department of Justice | Dennis Fitzpatrick |

---

[3] Counsel for the defense has confirmed that they have subpoenaed Mr. Risen to testify at trial.  In the event that the Court does not exclude Mr. Risen altogether as an unavailable witness, the Court nevertheless should instruct the jury that it should draw no inference as to the government's decision not to call him.

5

Assistant United States Attorney
Eastern District of Virginia

By          /s/
Eric G. Olshan
Attorney for the United States of America
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
(202) 514-7621
(202) 514-3003 (fax)
eric.olshan@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on January 12, 2015, I caused an electronic copy of the foregoing to be filed and served via ECF on Edward B. MacMahon, Jr., and Barry J. Pollack, counsel for the defendant.

By       /s/
Eric G. Olshan
Attorney for the United States of America
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
(202) 514-7621
(202) 514-3003 (fax)
eric.olshan@usdoj.gov