4.

MEMORANDUM FOR THE RECORD

SUBJECT:  Rights and Responsibilities of the Complainant

1.  This memorandum is to acknowledge that I understand that I have the
following rights and responsibilities in pursuing my discrimination
complaint.  Citations to regulations refer to Title 29 Code of Federal
Regulations Part 1614.

> a.  The requirement to establish contact with O/EEO within 45 days of
> the date of the matter alleged to be discriminatory or, in the case of
> a personnel action, within 45 days of the effective date of the
> action.  This time limit can be extended when the aggrieved person
> shows that circumstances beyond his or her control prevented contact
> with O/EEO within the time limit.  [1614.105(a)(1-2)]

> b.  The right to choose between the Agency's Alternative Dispute
> Resolution (ADR) system or EEO counseling.  You may request to enter
> the Agency's ADR system at any time during the informal or formal
> processing of your complaint.  (See attached).

> c.  If you choose ADR during the informal process you will receive a
> written notice terminating the counseling period upon completion of
> the ADR process or within 90 days of the beginning of counseling.  The
> notice will inform you of 1) the right to file a formal complaint
> within 15 calendar days of receipt of the notice, (2) the appropriate
> official with whom to file a formal complaint, and (3) the
> complainant's duty to immediately inform the Agency if the complainant
> retains counsel or representative.  If you enter the Agency's ADR
> system during the formal process of your complaint the time period for
> processing your complaint may be extended by agreement for not more
> than 90 days.  If the dispute is not resolved, the complaint must be
> processed within the extended time period.  [1614.105(f)]

> d.  If you choose EEO counseling you will receive in writing within 30
> calendar days of the beginning of counseling (unless the time period
> is extended by prior written consent or a resolution agreement has
> been signed) notice terminating counseling and informing the aggrieved
> person of (1) the right to file a formal complaint within 15 calendar
> days of receipt of the notice, (2) the appropriate official with whom
> to file a formal complaint, and (3) the complainant's duty to
> immediately inform the Agency if the complainant retains counsel or
> representative.  [1614.105(d)]

> e.  The requirement that the aggrieved person file a complaint within
> 15 calendar days of receipt of the counselor's notice of right to file
> a formal complaint in the event he or she wishes to file a formal
> complaint at the conclusion of counseling.  [1614.106(b)]

> f.  The right to an extension of the time for counseling (upon mutual
> agreement of the counselor and the aggrieved person), which may not
> exceed an additional 60 days. [1614.105(e)]  [NOTE:  Where notice of
> the right to file a formal complaint is not provided and no extension
> of counseling is secured and no resolution agreement has been signed,
> the aggrieved person has the right to file a formal complaint within
> 15 days after the 30th day.]

4c_Rights: 29 July 99

GOVERNMENT
EXHIBIT
48
1:10CR485

Q03717

g. The right to request a hearing before an EEOC Administrative Judge 180 calendar days after filing a formal complaint or you may request a hearing or a Final Agency Decision within 30 calendar days after receipt of the investigative file, whichever comes first. [1614.108(f) and 1614.110)] Your request for a hearing must be sent to:

Equal Employment Opportunity Commission
1400 L Street, N.W., Suite 200
Washington, D.C. 20005

You must also certify to the Administrative Judge that a copy of the request was sent to the Agency at the following address:

Ms. M. 2
Director of Equal Employment Opportunity
Central Intelligence Agency
1B25 Original Headquarters Building
Washington, D.C. 20505

h. The right to file a civil action in U.S. District Court 180 calendar days after filing a formal complaint if a Final Decision has not been issued and an appeal has not been filed, or 180 calendar days after filing an appeal with the EEOC if there has been no Final Decision by the EEOC. [1614.408]

i. The right to file a notice of intent to sue when age (40 or over) is alleged as a basis for discrimination and of the right to file a lawsuit under the Age Discrimination in Employment Act instead of filing an administrative complaint of age discrimination with the Agency. [1614.201]

If you elect to bypass the administrative process, you may file a civil action in U.S. District Court. You must first, within 180 calendar days of the date the alleged discrimination occurred, file a written notice with the EEOC of your intent to file a civil action. You must then wait at least 30 calendar days before filing a civil action.

If you elect to pursue the administrative process and file a complaint, you must exhaust all administrative remedies before you may file a civil action in U.S. District Court.

j. The right to file a civil action directly in U.S. District Court on claims of sex-based discrimination under the Equal Pay Act within two years or, if the violation is willful, three years of the date of the alleged violation, regardless of whether the complainant pursued any administrative processing. [1614.409]

k. The right to file a class complaint on behalf of a group of employees, former employees, or applicants who allegedly have been or are being adversely affected by an Agency personnel management policy or practice that discriminates against the group. [1614.204]

_X_ I wish to pursue a class complaint.

_X_ I do not wish to pursue a class complaint.

l. The right to anonymity in the counseling phase of the complaint process unless waived. [1614.105(g)]

2

Q03718

_____ I wish to remain anonymous. My request for relief does not require that my name be revealed.

__X__ I waive my right to anonymity.

m. The right to representation throughout the complaint process including the counseling stage. [1614.605(a)] If you retain an attorney or any other person as your designated representative, you must notify the EEO office in writing. If your representative does not have a security clearance, you are responsible for providing to EEO the representative's full name, address, date and place of birth, and social security number so that the clearance process can be initiated. (See AN 10-12-62 for more details.)

_____ I do not desire representation at this time. However, if I desire representation at a future time, I will immediately submit to OEEO a "Designation of EEO Representation" form.

__X__ I desire representation. My "Designation of EEO Representation" form is included.

n. The duty to keep the Agency (and the EEOC, as necessary) informed of a current mailing address, to serve copies of any appeal papers on the Agency, and to serve all official correspondence on the designated representative of the Agency. [1614.105(b)]

Until the Complainant is instructed otherwise in writing, the designated representative of the Agency is:

Director of Equal Employment Opportunity
P. O. Box 1211
Washington, D.C. 20013

o. The right to use a "reasonable" amount of official time, if otherwise on duty, to pursue a complaint. However, the Agency is not obligated to change work schedules, incur overtime wages, or pay travel expenses to facilitate the choice of a specific representative or to allow the complainant and representative to confer. [1614.605(a-b)]

p. The responsibility to mitigate damages, e.g., that interim earnings or amounts which could have been earned by the complainant with reasonable diligence generally must be deducted from any award of back pay. [1614.501(d)]

q. The rejection of the Agency's offer of resolution made pursuant to 1614.109(o) may result in the limitation of the Agency's payment of attorney's fees of costs.

2. Only issues raised at the counseling stage, or matters like or related to issues raised at the counseling stage, may be included in the formal complaint. You may amend your complaint at any time prior to the conclusion of the investigation with claim(s) that are like or related to those claim(s) raised in your original complaint by notifying the Agency at the following address:

Ms. M. 2
Director of Equal Employment Opportunity
Central Intelligence Agency

3

Q03719

1B25 Original Headquarters Building
Washington, D.C. 20505

You may also amend your complaint after requesting a hearing by filing a motion with the Administrative Judge.

3. The EEOC has directed the Agency to dismiss any formal complaint, or portion thereof, under any of the following conditions:

a. If the complaint fails to state a discrimination claim based on race, color, religion, sex, national origin, age, handicap, or reprisal for participation in the EEO process; or if the complaint restates a claim that is pending before or has been decided by the Agency or the EEOC.  [1614.107(a)(1)]

b. If the Complaint fails to comply with applicable time limits; or raises a matter not brought to the attention of the EEO Counselor and is not like or related to a matter brought to the attention of the EEO Counselor.  [1614.107(a)(2)]

c. If the complaint is the basis of a civil action, in which the Complainant is a party, that is pending before or has already been decided by a U.S. District Court.  [1614.107(a)(3)]

d. If the complaint addresses a proposed action, i.e., an action that has not yet occurred.  [1614.107(a)(5)]

e. If the Complainant cannot be located and has not responded within 15 days to a notice sent to his or her last known address. [1614.107(a)(6)]

f. If the Complainant has failed to respond within 15 calendar days of receipt of a written request for relevant information or action or if the Complainant's response does not address the Agency's request. [1614.107(a)(7)]

g. That alleges dissatisfaction with the processing of a previously filed complaint; or  [1614.107(a)(8)]

h. Where the Agency, strictly applying the criteria set forth in the Commission decisions, finds that the complaint is part of a clear pattern of misuse of the EEO process for a purpose other than the prevention and elimination of employment discrimination. A clear pattern of misuse of the EEO process requires:

(i) Evidence of multiple complaint filings; and
(ii) Allegations that are similar or identical, lack specificity or involve matters previously resolved;  or
(iii) Evidence of circumventing other administrative processes, retaliating against the agency's in-house administrative processes or overburdening EEO complaint system.

4. Current and former employees have the duty to protect classified information throughout the pursuit of a complaint. Security guidelines for pursuing EEO complaints are the subject of a separate document.

5. If discrimination is found to have occurred, a Complainant is entitled to unconditional placement in the position the person would have occupied but for the discrimination or to a substantially equivalent position plus payment for any loss of earnings the person demonstrates he or she suffered

4

Q03720

as a result of the discrimination. [1614.501(a)] [NOTE: Complainants may be entitled to compensatory but not punitive damages, according to Section 102 of the Civil Rights Act of 1991.]

6. If the complainant decides to withdraw a complaint at any time during the administrative process, he or she must do so in writing, stating the reasons for such action. The signed withdrawal statement should be sent to Director of Equal Employment Opportunity.

7. When you receive your Counselor's Report or Report of Investigation you should refrain from contacting, confronting, or challenging (either in person or in writing) those who have provided testimony to the counselor or investigator.

*My signature below signifies that I have read and understand my above mentioned rights and responsibilities in pursuit of an EEO complaint.*

Signature of Complainant

Date    5/17/00

Mr. J.

Signature of EEO Counselor

Date

Q03721

5.

SECURITY GUIDELINES FOR EEO COMPLAINTS

This document identifies procedures established to allow current and former employees to pursue their EEO complaints while continuing to meet their obligations for protecting classified information.

*/s*
Initial   A.   Designation of Representative

1.   If you choose a representative, you must complete the "Designation of EEO Representation" form and submit it to CIA/OEEO. If your representative is not an Agency employee, you must also complete and submit the "Request for Representative's Security Clearance" form to OEEO who will authorize OGC to commence the clearance process pursuant to
Should your representative receive a clearance, it will be no higher than the "Secret" level, and limited only to that information related to your case.

2.   The Agency reserves the right to withdraw your representative's security clearance at any time for just cause, such as receiving information indicating your representative has breached the terms of his or her Secrecy/nondisclosure agreement or the obligations specified by OGC in a letter to your representative or learning any other information that indicates your representative cannot have continued access to classified information. In particular, your representative's failure to abide by the regulations regarding handling, creation, storage, or use of classified information and pre-publication review will result in immediate revocation of your representative's security clearance.

3.   You are responsible for reviewing and abiding by the requirements of

*/c*
Initial   B.   Discussions with Attorneys and Other Non-Agency Representatives

1.   Until your representative's clearance is granted, and your representative has received a standard security briefing and signed appropriate secrecy non-disclosure agreements, classified information may not be discussed. You may not reveal classified names, locations, operational details, or sources/methods information. If you are a covert employee, this prohibition also applies to your true name and Agency affiliation.

2.   You can, however, describe the substance of your EEO complaint in generic, unclassified terms. For example: *I was denied enrollment in a 2-week training program because of my age (45); however, my office sent younger employees to the*

5_SECGDE:22Jun99

P.7

GOVERNMENT
EXHIBIT
49
1:10CR485

MAY 17 '00 14:26 P-SU

Q03722

program who were the same grade and performed the same work
as I. In this example, classified information on training
content, facility locations, work projects, and names of
supervisors/coworkers is unnecessary.

3. You may not remove Agency documents in any format from
Agency facilities. After your representative's clearance has
been approved, and after the investigation has been completed,
you and your representative may be authorized access to the
classified Report of Investigation on Agency premises.

C. Creation of, Storage, and Access to Classified Complaint
Initial      Material

1. To the greatest extent possible, documentation relating to
your complaint is to be created in an unclassified form. For
example, Agency employees can be identified by first name/last
initial or generic job title (First Line Supervisor, Station
Security Officer, etc.) and locations can be described as
Overseas Location A or Domestic Location B).

2. To the extent that classified information is required for
your complaint, you are responsible for ensuring that all
classified or classifiable material, which you create or store,
is created and stored on Agency premises in approved
safeguarding equipment. Classified documents may not be
created in, or transported to, your representative's office for
review or storage unless your representative is an Agency
employee and the representative's office is an Agency-approved
facility. If you do not have sufficient privacy in your Agency
office for you to create and store such material, OEEO has a
facility (with meeting room, safes, and computer equipment) for
this purpose in an Agency building in the Northern Virginia
area where your representative may also go to meet with you.
Under no circumstances will OEEO authorize classified work to
be done at home or at other non-Agency facilities.

3. To request use of OEEO's facility, direct your request to
OEEO's Complaint Specialist on           or           . OEEO will
give you the address of this building and an assigned safe.
The OEEO representative will transport any classified
information directly to the specified building and secure it in
your assigned safe. DCI Security or the DCI/IRO will review
all documents prior to transporting them to this facility to
ensure they do not exceed your representative's accesses.

4. To gain access to OEEO's facility for your representative,
you must notify OEEO at least 24 hours in advance--giving the
representative's name/social security number and your
name/badge number/telephone numbers. OEEO will submit the
visitor access request to Central Intelligence Agency Center
for Security (CCS). In addition, OGC or OEEO will take the
responsibility to obtain visitor access and escort your
representative during the review of classified information and
to ensure that classified information is not removed from
Agency control.

2

Q03723

*Initial*

**D.   Redaction of Classified Complaint Materials**

1.   OEEO has arranged with the Agency's Information Review Officers for the redaction of any classified material from documents generated during the EEO process that are to be released to complainants, their representatives, and EEOC.   The Agency's Information Review Officers will also review any notes taken by your representative to redact classified information before such notes can be removed from the Agency.

*Initial*

**E.   Providing Information About Your Complaint to OEEO**

If you are aware of information that you believe may pertain to the allegations of your complaint, you have the responsibility to inform the EEO investigator about that information.   You may describe such information in the sworn statement you will be asked to prepare during the course of the investigation.   Your involvement in the EEO process does not grant you a right to access Agency records to search for material in support of your complaint.   It is the responsibility of the investigator to compile information during the course of the investigation.   Information deemed by the investigator to be relevant to a full discussion of the allegations of the complaint will be included in the Report of Investigation.

*Initial*

**F.   Special Instructions for Covert Employees**

1.   The Agency affiliation of covert employees may not be revealed to unauthorized persons.   To do so would be a security violation.

2.   To protect cover and at the same time facilitate processing of your complaint as required under EEO law and regulations, your complaint will be processed in alias.   When you initially contact OEEO, you will be provided with the form required to obtain the alias.   The alias will then be used in the following circumstances:

   a.   In all correspondence generated by you in pursuing your complaint, up to the filing of a civil suit.

   b.   In all correspondence generated by the Agency in the processing of your complaint, up to the filing of a civil suit.

   c.   In all correspondence generated by your representative, up to the filing of a civil suit.

   d.   If you file a civil action, you will do so as John or Jane Doe.   This procedure will be discussed with your attorney by an OGC representative.

3

Q03724

I certify that I have received, read, and understood the security
guidelines specified above.  I understand that failure to comply
with these guidelines may result in punitive security action as
deemed appropriate.

_____          5/.7/00
Complainant's Signature                    ‾‾‾‾‾‾‾‾
                                            Date

_____          _____
Area Security Officer                      Date·

4

Q03725

7.

## PROCEDURES FOR PROCESSING EEO COMPLAINTS OF EMPLOYEES UNDER COVER

1.  As a CIA employee under cover, you cannot acknowledge your Agency affiliation to unauthorized persons.  To do so would be a security violation.  Therefore, in order to protect your cover and at the same time facilitate processing of your complaint as required under EEO law and regulations, your complaint will be processed in alias.  When you initially contact an EEO Counselor, the Counselor will provide you with the required alias.  The alias will then be used in the following circumstances:

    a.  In all correspondence generated by you in pursuing your complaint, up to the filing of a civil suit.

    b.  In all correspondence generated by the Agency in the processing of your complaint, up to the filing of a civil suit.

    c.  If you desire representation from outside the Agency, your communication with your representative must be in alias until he or she is security cleared by the Agency.  After the security clearance is approved, your representative will be advised of your true name; however, all correspondence to and from your representative will refer to you in alias.  (The Office of General Counsel will discuss this with your representative at the time he or she signs the secrecy agreement.)

    d.  If you file a civil action, you will do so as John or Jane Doe. This procedure will be discussed with your attorney by an OGC representative.

2.  By my signature below, I acknowledge that I understand my responsibilities and those of the Agency in protecting my cover status while pursuing my EEO complaint.

_____     _5/17/00_____
Signature of Complainant                              Date

**Mr. J.**

_____     _____
Signature of EEO Counselor                            Date

GOVERNMENT
EXHIBIT
50
1:10CR485

7_COVER:22Jun99

P.13

Q03726

July 17, 2000

**Mr. J.,**

I submit the following as terms in order to make myself whole and resolve the current situation. During discussion on the terms of a forthcoming settlement, I request to remain in place and not undertake a move from my current residence, as that issue shall be part of the negotiation as outlined below. Should resolution not be reached by August 2000, I request that I be provided the same benefits normally afforded me    **in New York**

As stated in my earlier comments on terms, one option will be the resolution as stated in my original EEO complaint; that total being $300,000.00. That amount is in addition to the following:

- Relocation allowance for a return to the WDC area or to remain in New York. Relocation expense to include shipment and delivery of my household effects currently in storage in the WDC.

- Payment of unused Annual and Sick Leave

- Continued medical coverage for one year from actual separation

- Expunge any derogatory information in my personnel file from **the New York office**  or **my most recent prior assignment.**

- Waiver of all relevant financial obligations to the Agency including the Service Agreement

- Letter of recommendation

- Related legal expenses

Should the settlement take the form of a severance package, I submit the following as terms:

- One year severance pay at my current New York level.

Total: Approximately $90,000.00

- Relocation allowance for a return to the WDC area or to remain in New York. Relocation expense to include shipment and delivery of my household effects currently in storage in the WDC area.

GOVERNMENT
EXHIBIT
51
1:10CR485

X00011

- Payment of unused Annual and Sick Leave

- Continued medical coverage for one year from actual separation

- $50,000.00 in compensation for the malicious act of vandalism to my personal property done in New York office .

- Outplacement assistance to include expenses related to retraining or continued education in order to secure employment. Monetary equivalent: $50,000.00.

- Expunge any derogatory information in my personnel file from the New York office or my most recent prior assignment.

- Waiver of all relevant financial obligations to the Agency including the Service Agreement

- Related legal expenses

- Letter of recommendation

Jeffrey Sterling

X00012

## FORMAL COMPLAINT OF DISCRIMINATION
*(Please Type or Print Legibly)*

| Complainant's Full Name | |
|---|---|
| Samuel L. Crawford | |

| Complainant's Street Address | Complainant's Home Phone Including Area Code |
|---|---|
| 305 West 50th Street; #12H | 212/247-4605 |

| Complainant's City, State, and Zip Code | Complainant's Work Phone Including Area Code |
|---|---|
| New York, NY  10019 | |

| Are you represented?          €x Yes    € No | Name and Address of Current Employer |
|---|---|
| If Yes, Name and Address of Representative | CIA |
| Currently in consultation with one atty. Another collaborating atty has yet to be cleared.  Upon his clearance, a formal relationship will be established. | Washington, DC   20505 |

| | Are you now working for the Federal Government? |
|---|---|
| If Yes, is your Representative an Attorney? €xYes   €No | €x Yes          € No |
| | If Yes, Title and Grade of Current Position |
| | Operations Officer 12/3 |

**Check Below Why You Believe You Were Discriminated Against**

€  Age. If so, state your age _____

€  Color. If so, state your color _____

€  Disability. If so, check appropriate boxes     € Mental   € Physical

€  National Origin. If so, state your national origin _____

€x Race. If so, state your race  African American

€  Religion. If so, state your religion _____

€  Gender. If so, check the appropriate box     € Female   € Male

€x Reprisal for participating in the EEO process

| Name and Address of Agency You Believe Discriminated Against You |
|---|
| CIA |
| Washington, D.C. 20505 |

| Date of Most Recent Alleged Discrimination |
|---|
| Month       Day       Year |
| April  |  06  |  2000 |

| Have you discussed your complaint with an EEO Counselor?     €x Yes     € No |
|---|
| If yes, give name of Counselor |
| Mr. J. |

| If yes, give date of final interview |
|---|
| Month       Day       Year |
| June  |  12  |  2000 |

Define each Issue in your complaint. Attach a copy of your "Notice of Right to File Formal Complaint of Discrimination" and identify the paragraph of each issue in the notice that you wish to include in your complaint. Information on the merits of your complaint is not needed for a determination on which issues meet criteria for acceptance for investigation. If an issue is accepted for investigation, you will then be asked to provide detailed, supportive information in a sworn affidavit.

Please see attached

What corrective action do you want taken on your complaint?

Please see attached

| Sign and date your complaint here | (FOR AGENCY USE ONLY) |
|---|---|
| 8/14/00 | Agency Case Number  00-23 |
| | Complaint Filing Date:   € Postmarked   € Delivered |
| | Month       Day       Year |
| | august  |  15  |  2000 |

10_Comp(laint Form) Date: 2/23/98

A-1

GOVERNMENT
EXHIBIT
54
1:10CR485

X00020

Complaint Issues:

I include the following issues in my formal complaint. Issues are included which are not noted in the Notice of
Right to File Formal Complaint of Discrimination". Though I included all of the below issues in the original
complaint and received counseling on them, my EEO Counselor    (Mr. J)    chose not to include them in the
"Notice of Right to File Formal Complaint of Discrimination".

Issue One: Discrimination and disparate treatment on the basis of reprisal and race (African American) when on 6
April 2000, New York office management ('                    David Cohen, Mr. S. 2, Mr. H., and Mr. L.)
                                         presented me with an unrealistic and unjustified Advanced Work Plan
(AWP) that is considerably more demanding than any requirements placed on white officers.
- I was given a two-month ultimatum. White officers routinely received more time and less demanding AWPs

Issue Two: The April 6, 2000 incident is one of a continuing pattern of discrimination and disparate treatment I
have endured at New York office including:
- December 29, 1999: though I was the only officer to volunteer to undertake shift duty for office coverage during
the    New Year's weekend, I was told by             Mr. Y.        that "more experienced officers were
selected since no one volunteered".
- November 1999: New York office management purposely took action to sabotage my attempt to inquire about an
onward assignment. Because of their actions, I did not receive the assignment and lost a degree of career mobility.
- January 1999 - present: I have never been afforded the same opportunities for advancement that other white
officers are routinely provided in that I was never provided the proper      mechanism to effectively operate
against others of interest to New York office management. This, despite repeatedly requesting adequate cover. In
light of my concerns, New York office management constantly hounded me to perform as other officers who were
provided proper      mechanisms and given numerous operational opportunities.

Issue Three: New York office management perpetrated a malicious act of harassment and reprisal for my
participation in the EEO process when during the time period June 8 - 13, 2000; they either committed or failed to
prevent the destruction of my personal property; an act committed in retaliation for initiating and participating in the
EEO process.

Issue Four: The discrimination and disparate treatment I have endured at New York office is analogous with a
continuous pattern of discriminatory acts I have been subjected to during my time in the Agency. These acts
include:
- September 1997: Repeatedly passed over for assignment opportunities as an      overseas    Officer. NE,
management explained that the reason I was not selected was that I "stick out" as a rather large black male speaking
Farsi. Without having such opportunities I was precluded from having a fair chance at promotion and career
mobility. All despite having experience with    Iran    and testing in farsi at 3 plus.
- September 1997: I requested         NE management address my cover issue.
       NE management refused and explained their reasons.
                      This                      prevented me from having the ability to operate
effectively overseas , which precluded me from any promotion opportunity. A white officer, who replaced me in
the same position,  made a similar request which was granted.

The constant theme running through my allegations is discrimination and disparate treatment based on race. Each
act is related in that they all involved a denial and refusal to afford me the same opportunities and treatment as my
white colleagues. Without such opportunities, especially with regard to adequate cover, I have repeatedly been
placed at a competitive disadvantage yet been expected to perform as those officers with the proper operational
mechanisms. Those in management positions within the Agency have consistently perpetrated this discriminatory
and disparate treatment; in particular management from NE ⁻¹ and New York office . The result has been:
inability to be promoted on a competitive OO level, loss of career mobility as demonstrated in the lack of
assignments and proper cover, the inability to compete for onward assignments, pain and suffering as well as
embarrassment.

Corrective action:

A negotiated settlement for separation from the Agency in the form of a severance package as well as compensation for destruction of my personal property. Such a settlement should take into account my years of service and the discriminatory treatment that I have been subjected to. I also seek assistance transitioning from the Agency. Terms of such a settlement should be formulated by me and the Agency based on negotiation with the assistance of my attorney. Until my collaborating attorney is cleared, I cannot adequately present or negotiate acceptable settlement terms.

X00022

The Director
Equal Employment Opportunity



13 September 2000

Nick Brustin, Esq.
Cochran, Neufield, and Scheck, LLP
99 Hudson Street
New York, New York 10013

Re:  EEO Case No. 00-23

Dear Mr. Brustin:

This is in reference to your client's (Samuel L. Crawford) discrimination complaint received on 22 August 2000. The filing date of your client's complaint is 15 August 2000, which is the date it was postmarked. Correspondence dated 29 August 2000 acknowledged receipt of the complaint.

The Notice of Right to File Formal Complaint of Discrimination sent to your client identifies only one issue. However, in your client's Formal Complaint of Discrimination he identifies three additional issues. A review of the documentation in your client's file reveals that he made vague references to the three additional issues in his Formal Complaint of Discrimination, therefore I am addressing all four of the issues as follows:

Issue and Bases 1:  Your client alleges discrimination on the bases of race (African American) and reprisal when he received an unrealistic and unjustified Advanced Work Plan (AWP) on 6 April 2000.

Issue and Bases 2:  Your client alleges a continuing violation of discrimination on the bases of race (African American) and reprisal when he received an unrealistic and unjustified Advanced Work Plan (AWP) on 6 April 2000. The alleged discriminatory events in support of his continuing violation are:



GOVERNMENT
EXHIBIT
55
1:10CR485

X00023

Nick Brustin, Esq.

      a. He alleges that in November 1999 he lost
an assignment because of interference by his
management when he made inquiries about the
assignment.

      b. He alleges that in December 1999 he was
denied the opportunity to undertake shift
duty during the    New Year weekend.

      c. He alleges that from January 1999 to
present he was not afforded the same
opportunities for advancement as others
because of his cover situation.

Issue and Basis 3: Your client alleges harassment on
the basis of reprisal when   office  management failed to
prevent the destruction of his personal property.

Issue and Basis 4: Your client alleges a continuing
violation on the basis of his race (African American)
when his   office  management:

      a. repeatedly passed him over for assignment
opportunities in September 1997, and

      b. denied him a change              in
September 1997, thus, preventing him from
operating effectively in a foreign country.

Based on the criteria of Title 29, Code of Federal Regulations
(C.F.R.), Part 1614, I have made the following determinations
regarding the investigation of your client's allegations:

Issue and Bases 1: I will accept this issue for
investigation.

Issue and Bases 2: I am dismissing this issue as a
continuing violation because your client did not bring
the matters he has identified as supporting his
continuing violation to the attention of an EEO
Counselor within 45 days of the alleged discriminatory
events. Title 29 C.F.R. § 1614.107(b) states:  "The
agency shall dismiss a complaint or a portion of a
complaint...that fails to comply with the applicable
time limits in 1614.105." Title 29 C.F.R.
§ 1614.105(a)(1) states:  "An aggrieved person must
initiate contact with a Counselor within 45 days of the
date of the matter alleged to be discriminatory...."
Your client first contacted the EEO counselor and

X00024

Nick Brustin, Esq.

> pursued the alleged discriminatory matter on 19 April
> 2000 some fifteen, eight, and nine months after the
> events alleged to be discriminatory.

> To evaluate a continuing violation claim, the Court must
> review whether 1) the alleged acts involve the same type of
> discrimination; 2) the alleged acts are recurring or more in the
> nature of an isolated work assignment or employment decision;
> and 3) each act has a degree of permanence that should trigger
> an employee's awareness of and the duty to assert his or her
> rights. Berry v. Board of Supervisors of L.S.U., 715 F.2d 971,
> 981 (5th Cir. 1983), appeal after remand, 783 F.2d 1270 (5th Cir
> 1986), cert. denied, 479 U.S. 868 (1986). In Duvvuri v.
> Department of Navy, EEOC Request No. 05910556 (August 22 1992),
> the EEOC applied the Berry criteria in evaluating the continuing
> violation concept and concluded that each matter at issue was a
> "discreet and permanent" act that required the complainant to
> act on his right.

> In Hamilton v. Central Intelligence Agency, EEOC Appeal No.
> 01971200 (22 May 1997),the Commission noted that the Agency or
> the Commission may extend the time limit for initiating
> counseling if the Appellant can establish that she "did not know
> and reasonably should not have known that the discriminatory
> matter or personnel action occurred."

> Clearly, the events identified to support your client's
> continuing violation meet the Duvvuri test in that each event
> was a "discreet and permanent" act that required him to act.

> In addition, your client should have known in January,
> November, and December 1999 that discrimination occurred.
> Mr. Crawford has provided no evidence to show that he was
> unaware of the alleged discrimination until he contacted the EEO
> counselor on 19 April 2000.   Hamilton.

>> Issue and Basis 3:  I will accept this issue for
>> investigation.

>> Issue and Basis 4:  I am dismissing your client's
>> complaint as a continuing violation because he did not
>> bring the matters he has identified as supporting his
>> continuing violation to the attention of an EEO
>> Counselor within 45 days of the alleged discriminatory
>> events.  Title 29 C.F.R. § 1614.107(b) states:  "The
>> agency shall dismiss a complaint or a portion of a
>> complaint...that fails to comply with the applicable
>> time limits in 1614.105."  Title 29 C.F.R.

X00025

Nick Brustin, Esq.

§ 1614.105(a)(1) states: "An aggrieved person must
initiate contact with a Counselor within 45 days of the
date of the matter alleged to be discriminatory...."
Your client first contacted the EEO counselor and
pursued the alleged discriminatory matter on 19 April
2000, over two and one-half years after the events
alleged to be discriminatory. (For details supporting
this dismissal see dismissal of Issue 1 and 2 above as
a continuing violation.)

In accordance with § 1614.107(b) the above decision to
dismiss a portion of your client's complaint is not appealable at
this time

Your client may amend his complaint at any time prior to the
conclusion of the investigation with claim(s) that are like or
related to those claim(s) raised in his original complaint by
notifying the Agency at the following address:

                Director of Equal Employment Opportunity
                     Central Intelligence Agency
                      Washington, D.C. 20505

If your client amends his complaint, the time to complete the
investigation will be 180 days from the filing date of the
amended claim or 360 days, whichever occurs first.

Your client also may amend his complaint after requesting a
hearing by filing a motion with the Administrative Judge.

You are advised that, after one hundred and eighty (180)
calendar days from the date of filing your client's original
complaint, he has the right to request a hearing before an EEOC
administrative judge or file a civil action. Your client's
request for a hearing must be sent to:

                Equal Employment Opportunity Commission
                   1400  L Street, N.W., Suite 200
                      Washington, D.C. 20005

If your client chooses to request an administrative
hearing, he also must certify to the Administrative Judge that a
copy of the request was sent to the Agency at the following
address:

                              Ms. F.

                Director of Equal Employment Opportunity
                     Central Intelligence Agency
                  1B17 Original Headquarters Building
                      Washington, D.C. 20505

X00026

Nick Brustin, Esq.

A copy of a REQUEST FOR A HEARING FORM is attached.

I have assigned         Ms. T.        to investigate the
accepted portion of your client's complaint.  She can be reached
on                     A copy of your client's redacted counseling
report is enclosed for his information.

If your client is dissatisfied with the foregoing
determinations, you have the following rights:

If, at the conclusion of the investigation, your
client requests a Final Agency Decision (FAD) on the
merits of his complaint he has the right to appeal the
dismissal of a portion of his complaint to the Office
of Federal Operations of the Equal Employment
Opportunity Commission (EEOC) within 30 calendar days
of receipt of the FAD.  The appeal must be postmarked
or, in the absence of a postmark, received by the
Commission within 30 calendar days of receipt of this
decision.  A copy of the regulation (29 C.F.R.
§ 1614.403) providing for appeal rights is enclosed
with this letter.  The appeal, and any statement or
brief in support thereof, must be submitted in
duplicate to the EEOC and to the Central Intelligence
Agency within 30 calendar days of your client's filing
the notice of appeal.  The address of the Commission
is:

Equal Employment Opportunity Commission
Office of Federal Operations
P. O. Box 19848
Washington, D.C. 20036

If your client requests a hearing before an
Administrative Judge on the merits of his complaint he
may appeal the dismissal of a portion of his complaint
at the time he requests a hearing.

If your client files an appeal with the
Commission, he may still file a civil action in U.S.
District Court within ninety (90) calendar days of his
receipt of the Commission's final decision on his
appeal.

A civil action may also be filed any time after
one hundred and eighty (180) calendar days from the
date of filing your client's appeal to the Commission

X00027

Nick Brustin, Esq.

     if a final decision has not been issued by the
     Commission's Office of Federal Operations.

     If your client files a civil action under Title VII or the
Rehabilitation Act, and he does not have or is unable to obtain
the services of an attorney, he may request that the Court
appoint an attorney to represent him and that the Court permit
him to file the action without payment of fees, costs, or
security.  The grant or denial of the request is within the sole
discretion the Court.  Filing a request for an attorney does not
extend your client's time in which to file a civil action.  Both
the request and the civil action MUST BE FILED WITHIN NINETY (90)
CALENDAR DAYS of the date your client receives the Commission's
decision.

     You are further notified that, if your client files a civil
action, he must name the appropriate department or agency head as
the defendant.  Failure to name the head of the department or
agency may result in the loss of any judicial redress to which
your client may be entitled.  The head of the Central
Intelligence Agency is George J. Tenet.

                        Sincerely

                   **Ms. D. 2**

              Ms. D. 2
     Chief, Counseling & Investigation Staff

Enclosures
   As Stated



Jeffrey Sterling
13455 Farmcrest Court; #721
Herndon, VA 20171

September 29, 2000

Ms. F.
Director of Equal Employment Opportunity
Central Intelligence Agency
1B17 Original Headquarters Building
Washington, DC 20505

Dear       Ms. F.,

I would like to change the attorney to which any and all correspondence from the Equal Employment
Opportunity Office regarding my claim is addressed. I request that the all documentation and inquiries
be directed to myself and Robert Levy. Mr. Levy's contact information is as follows:

Robert Levy, Esq.
Bantle & Levy
817 Broadway; 6ᵗʰ Floor
New York, NY 10003
tel: 212/228-9666
fax: 212/228-7654

Sincerely
Jeffrey Sterling

GOVERNMENT
EXHIBIT
56
1:10CR485

X00029

## BANTLE & LEVY LLP

ATTORNEYS AT LAW

817 BROADWAY

NEW YORK, NEW YORK 10003

ROBERT L. LEVY
LEE F. BANTLE

TEL 212.228.9666
FAX 212.228.7654

November 16, 2000

**VIA FACSIMILE**
Ms. W. 2.  , Esq.
Office of General Counsel
Central Intelligence Agency

Washington, D.C. 20505

Re:  Samuel Crawford

Dear   Ms. W. 2.   :

This letter follows our prior telephone conversation in
which you requested a written demand from Samuel Crawford
regarding settlement of his claims against the Agency.

Mr. Crawford is prepared to settle his claims against
the Agency based on one of the following two proposals:

(1)  Mr. Crawford will agree to release all claims against
the Agency and immediately resign his employment in exchange
for payment by the Agency of his tuition for a Tax LL.M. at
a New York City law school of his choosing (at an estimated
cost of $30,000), plus a lump sum severance payment of
$45,000.00;

(2)  Mr. Crawford will agree to release all claims against
the Agency in exchange for payment by the Agency of his
tuition for a Tax LL.M. at a New York City law school of his
choosing (at an estimated cost of $30,000), plus
reassignment to New York City (at his prior New York salary)
as a member of the Office of General Counsel for the
duration of his tax program. As a member of OGC, Mr.
Crawford will agree to work up to twenty hours a week on
projects assigned to him, with the understanding that his
schedule shall remain flexible and be coordinated to allow
him to pursue the LL.M. degree.

The proposals set forth above are provided for



GOVERNMENT
EXHIBIT
57
1:10CR485

X00030

NOV-16-2000  14:06          GLADSTEIN,REIF&MEGINNISS

212 228 7654    P.03/03

**BANTLE & LEVY** LLP

Ms. W. 2.    , Esq.
November 16, 2000
Page 2

settlement purposes only.  Accordingly, nothing herein may be
considered as admissible evidence in any subsequent proceeding.

        I am available to discuss these proposals at your
convenience.

                        Very truly yours,

                        Robert L. Levy

cc:  Mr. Samuel Crawford

X00031

Central Intelligence Agency



Washington, D.C. 20505

8 March 2001

Robert Levy, Esq.
Bantle & Levy
817 Broadway, 6th Floor
New York, New York  10003

RE:  EEO Complaint No. 00-23, Samuel L. Crawford

Dear Mr. Levy:

This is to inform you that the investigation of your
client's EEO Complaint 00-23 has been completed.  A copy of
the investigative file, redacted to remove any classified
information it may have contained, is enclosed.  You are being
provided this information pursuant to the provisions of Title
29, Code of Federal Regulations, Part 1614.  This information
is being provided solely for use in official USG/Agency
business; some of it pertains to internal Agency regulations
and use in the EEO process is deemed to remain
administrative/internal use only; portions of it are protected
from [public] disclosure by the Privacy Act and other
provisions of the law.  At the end of your client's case, your
official need for internal Agency regulations will have
concluded.  Please return all copies of such regulations to us
at the following address:

Office of Equal Employment Opportunity
Room 1B17
Central Intelligence Agency
Washington, DC 20505

Your client now has the right to request a hearing before
an EEOC administrative judge pursuant to Title 29 C.F.R.
§ 1614.109 (enclosed), or an immediate Final Agency Decision
(FAD) pursuant to 29 C.F.R. § 1614.110 (enclosed).  The
regulations provide that the FAD will be rendered in 60 days;
a hearing before the EEOC may take 180 days or more.  The
request must be made in writing within 30 days of the receipt
of this notice.



GOVERNMENT
EXHIBIT
58
1:10CR485

X00034

Robert Levy, Esq.


    If your client requests a hearing, the request must be sent
to:

              Equal Employment Opportunity Commission
                  1400 L Street, N.W., Suite 200
                   Washington, D.C. 20005

    You also must certify to the Administrative Judge that a
copy of the request was sent to the Agency at the following
address:

              Director of Equal Employment Opportunity
                   Central Intelligence Agency
                    Washington, D.C. 20505

    A copy of REQUEST FOR A HEARING FORM is attached.

        If you have any questions, you may call     **Ms. E.**
on

                        Sincerely,


                     **Ms. D. 2**

                     **Ms. D. 2**
             Chief, Counseling & Investigation Staff

Enclosures
    A.   Investigative File 00-23
    B.   Regulations 29 C.F.R. § 1614.109
         and § 1614.110
    C.   Request for Hearing Form

cc:  Samuel L. Crawford


                        2

X00035