**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**

**Alexandria Division**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**　　　　　) | |
| 　　　　　　　　　　　　　　　　　　) | |
| 　　　　　**vs.**　　　　　　　　　　　) | **Case No. 1:10-cr-00485-LMB** |
| 　　　　　　　　　　　　　　　　　　) | |
| **JEFFREY ALEXANDER STERLING,**　) | |
| 　　　　　　　　　　　　　　　　　　) | |
| 　　　　　**Defendant.**　　　　　　　) | |

### DEFENDANT'S OBJECTIONS TO FINAL PROPOSED CHARGE

COMES NOW Jeffrey A. Sterling, by counsel, and for his Objections to the Final Proposed

Charge, states as follows:

The defendant reserves all prior objections made orally or in writing.  The defendant objects

specifically to any venue charge that does not include the charge that the government show that any

disclosure, transmission or receipt of national defense information must be shown to have taken

place in this district.

Substitutions and Redaction: The defense requests that the jury be instructed that the jury

should make no inference from existence of any substitution or redaction.

Witness Protection Matters: Same as above.

404(b) Instruction: The defendant objects to the similar act language as the evidence does not

support any similarity between the possession of these documents and any charge.  The government

proffered this evidence solely as support for venue.

Nature of the Offense:  Counts One, Four and Six

The defendant objects to the language linking the book to the Eastern District of Virginia as

overly suggestive of proof of venue and as an element of the offense as to the delivery of the book. The offense is completed, if at all, upon disclosure to Mr. Risen.

Nature of the Offense: Counts Two, Five and Seven

The defendant objects to the language linking the book to the Eastern District of Virginia as overly suggestive of proof of venue and as an element of the offense as to the delivery of the book.

Possession: The defendant objects to the language as to classification and need to know as neither are elements of any charge and thus not necessary for the jury to consider. There is also no issue of constructive possession in the case.

Definition of National Defense Information: The defense objects to the definition of "closely held" as including issues of classification. The jury is not to consider classification as it decides the issue of National Defense Information.

Classified Information Defined: The defense objects to this instruction as not necessary as an element of any of the charges and confusing to the jury and prejudicial to the defense.

Causation: The defendant objects to this instruction in its entirety. It is incorrect to tell the jury that Mr. Risen could have been a pawn or that Mr. Sterling caused Mr. Risen to commit any criminal act when no such act is charged. This instruction also conflates charges as the jury must find, beyond a reasonable doubt, that Mr. Sterling made an unauthorized disclosure in the first place and not that Mr Risen someday published a book.

JEFFREY A. STERLING
By Counsel

By: _____/s/_____

Edward B. MacMahon, Jr.
VSB No.  25432
Edward B. MacMahon, Jr., PLC
P.O.  Box 25
107 East Washington Street
Middleburg, VA    20118
(540) 687-3902
(540) 687-6366
ebmjr@macmahon-law.com


_____/s/_____

Barry J. Pollack (admitted *pro hac vice*)
Miller & Chevalier Chartered
655 Fifteenth St. N.W. Suite 900
Washington, DC 20005
(202) 626-5830
(202) 626-5801 (facsimile)
bpollack@milchev.com
*Counsel for Defendant Jeffrey A. Sterling*

CERTIFICATE OF SERVICE

I hereby certify that on January 22, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

By: _____/s/_____

Edward B. MacMahon, Jr. (VSB # 25432)
Edward B. MacMahon, Jr., PLC
107 East Washington Street
P.O. Box 25
Middleburg, VA 20118
(540) 687-3902
(540) 687-6366 (facsimile)
ebmjr@macmahon-law.com
Counsel for Jeffrey A. Sterling