**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. 1:10CR485 |
| | ) | |
| | ) | |
| | ) | Hon. Leonie M. Brinkema |
| v. | ) | |
| | ) | |
| JEFFREY ALEXANDER STERLING | ) | |
| | ) | |
| Defendant. | ) | |

**JEFFREY STERLING'S MEMORANDUM OF LAW IN RESPONSE TO
JURY QUESTION ON JANUARY 22, 2015 AT 4:07 P.M.
AND IN SUPPORT OF RENEWED MOTION FOR JUDGMENT OF ACQUITTAL**

The Court requested Mr. Sterling's position on the requirements for finding "venue" for the counts brought under 18 U.S.C. § 793 and 18 U.S.C. § 641 (namely, Counts One, Two, Three, Four, Five, Six, Seven, and Nine of the indictment). Venue for each of these counts is only found in a district where an essential conduct element of the crime occurred. Specifically, under these statutes, the "essential conduct element" of communication, retention or conveyance of national defense information must have occurred in the Eastern District of Virginia. Because the government has produced no evidence that Mr. Sterling communicated, retained or conveyed classified information to Mr. Risen in the Eastern District of Virginia, or that Mr. Risen then communicated or conveyed that information to the general public in the Eastern District of Virginia, venue cannot properly lie in this district. In support of this position, Mr. Sterling respectfully submits the following memorandum of points and authorities.

## ARGUMENT

**A. Venue is Proper Only in a District Where an Essential Conduct Element of the Offense Occurred**.

As the Fourth Circuit recently reaffirmed:

> It is settled that, in a criminal case, venue must be narrowly construed, and venue must be proper for each separate count of a multi-count indictment. Moreover, we have recognized that where — as here — Congress has not specifically provided for venue in the statute defining an offense, venue lies only where *the essential conduct elements of the offense took place*.

*United States v. Jefferson*, 674 F.3d 332, 365 (4th Cir. 2012) (emphasis added). This holding reiterated the long line of Fourth Circuit case law requiring proof of venue based on the "essential conduct elements" of the offense. *See, e.g., United States v. Bowens*, 224 F.3d 302, 311 (4th Cir. 2000) ("[T]he place where a criminal offense is committed is determined solely by the essential conduct elements of that offense"); *United States v. Barsanti*, 943 F.2d 428, 434 (4th Cir. 1991) ("Venue on a count is proper only in a district in which an essential conduct element of the offense took place").

> "When a criminal offense does not include a specific venue provision, venue must be determined from the nature of the crime alleged and the location of the act or acts constituting it. This inquiry is twofold. We must initially identify the conduct constituting the offense, because venue on a count is proper only in a district in which an essential conduct element of the offense took place. We must then determine where the criminal conduct was committed."

*Jefferson*, 674 F.3d at 365 (citing *United States v. Smith*, 452 F.3d 323, 334-35 (4th Cir. 2006)). The inquiry does not focus on where the mere "effects" of a criminal act are felt. Rather, for venue purposes, "[t]he location of the criminal acts is determinative." *United States v. Umaña*, 750 F.3d 320, 334 (4th Cir. 2014).

Court have only found venue where the "effects" of a crime are felt when Congress "has defined the essential conduct elements in terms of those effects." *United States v. Oceanpro*

*Indus., Ltd.*, 674 F.3d 323, 329-30 (4th Cir. 2012). The defendants in *Oceanpro* were charged with giving false statements in violation of 18 U.S.C. § 1001. *Id*. at 326. Because § 1001 requires a finding of materiality, the effects of the false statement were an essential conduct element of the offense and their location could therefore provide a basis for venue. *Id*. at 329-330. Here, in contrast, materiality is not an element of 18 U.S.C. § 793. Accordingly, venue cannot lie merely where the "effects" of a violation of § 793 are felt.

> B. **None of the Essential Conduct Elements of the Counts Took Place in the Eastern District of Virginia.**
>
> The charges relevant to this Motion are broken down as follows:
>
> 1. **Count One** charges Mr. Sterling with transmitting national defense information that he lawfully possessed about Classified Program No. 1 and Human Asset No. 1 to the general public through the publication, distribution and delivery of Mr. Risen's book *State of War*, in violation of 18 U.S.C. § 793(d). *See* Indictment [DE 1] at ¶ 55. As the Court's jury instructions set forth, upon establishing the first element of lawful possession of information relating to the national defense, the government must also establish beyond a reasonable doubt,
>
> the following three elements: *Second*, that the defendant had reason to believe that this national information could be used to the injury of the United States or to the advantage of any foreign nation. *Third*, that the defendant willfully communicated, delivered, transmitted or caused to be communicated, delivered, or transmitted this national defense information. *Fourth*, that the defendant did so to a person not entitled to received it.
>
> Jury Instructions, p. 30. Here, the third essential element must have occurred in the Eastern District of Virginia.
>
> 2. **Count Two** charges Mr. Sterling with transmitting national defense information that he was unauthorized to possess, a letter relating to Classified Program No. 1, to the

1543481.1

general public through the publication, distribution and delivery of *State of War*, in violation of 18 U.S.C. § 793(e). *Id.* ¶¶ 56-57. The government must establish beyond a reasonable doubt the first element, that Mr. Sterling had unauthorized possession of the letter. The second, third and fourth elements are the same above, and the act of communication, delivery, transmission or cause of same must have occurred in the Eastern District of Virginia.

3. **Count Three** charges Mr. Sterling with the unauthorized retention of the letter relating to Classified Program No. 1, in violation of 18 U.S.C. § 793(e). *Id.* ¶¶ 58-59. The jury instructions set forth two elements that the government must establish beyond a reasonable doubt:

   *First*, that beginning on or about January 31, 2002, and continuing thereafter through on or about April 20, 2003, the defendant had unauthorized possession or control over a document relating to the national defense of the United States;
   *Second*, that the defendant willfully retained the same document and failed to deliver the document to an officer and employee of the United States who was entitled to receive it.

   Jury Instructions, p. 41. Here, the essential conduct element of willful retention must have occurred in the Eastern District of Virginia.

4. **Count Four** charges Mr. Sterling with transmitting national defense information that he lawfully possessed about Classified Program No. 1 and Human Asset No. 1 to Mr. Risen, in violation of 18 U.S.C. § 793(d). *Id.* ¶¶ 60-61. The elements are the same as Count One, and the act of communication, delivery, transmission or cause of same must have occurred in the Eastern District of Virginia.

5. **Count Five** charges Mr. Sterling with transmitting national defense information that he was unauthorized to possess, a letter relating to Classified Program No. 1, to Mr. Risen, in violation of 18 U.S.C. § 793(e). *Id.* ¶¶ 62-63. The elements are the same as

Count Two, and the act of communication, delivery, transmission or cause of same must have occurred in the Eastern District of Virginia.

6. **Counts Six** charges Mr. Sterling with attempting to transmit national defense information that he lawfully possessed about Classified Program No. 1 and Human Asset No. 1 to the public through the publication of a newspaper article, which was never actually published, in violation of 18 U.S.C. § 793(d). *Id*. ¶¶ 64-65. The elements are the same as Count One, and the act of communication, delivery, transmission or cause of same must have occurred in the Eastern District of Virginia.

7. **Count Seven** charges Mr. Sterling with attempting to transmit national defense information that he was unauthorized to possess, a letter relating to Classified Program No. 1, to the public through the publication of a newspaper article, which was never actually published, in violation of 18 U.S.C. § 793(e). *Id*. ¶¶ 66-67. The elements are the same as Count Two, and the act of communication, delivery, transmission or cause of same must have occurred in the Eastern District of Virginia.

8. **Count Nine** charges Mr. Sterling with conveying classified information about Classified Program No. 1 to the public through the publication of Mr. Risen's book, in violation of 18 U.S.C. § 641. As the jury instructions set forth,

the government must prove the following four essential elements beyond a reasonable doubt:

*First*, that the defendant conveyed a thing of value of the United States;
*Second*, that the defendant did not have the legal authority to do so; and
*Third*, that the thing of value referred to in the indictment was of a value greater than $1,000.00, and
*Fourth*, that the defendant acted knowingly.

Jury Instructions, p. 46. Here, the essential conduct element of conveyance must have occurred in the Eastern District of Virginia.

      i. *The government has not shown a single act of transmission or retention in the Eastern District of Virginia.*

As Mr. Sterling has previously argued, Counts Three, Four, Five, Six and Seven should be dismissed for lack of venue because the government has failed to adduce any evidence whatsoever that an act of communication by Mr. Sterling to Mr. Risen of any information, whether lawfully possessed or not, occurred in the Eastern District of Virginia, or that Mr. Sterling unlawfully possessed any national defense information in the Eastern District of Virginia. None of these counts is premised on the publication of Mr. Risen's book. Rather, the essential conduct charged in Counts Four and Five is the act of communication to Mr. Risen alone regardless of whether Mr. Risen ever published a book or newspaper article. The conduct charged in Count Three is the retention of information. And the conduct charged in Counts Six and Seven is the attempted communication of information through a newspaper article that was never published and thus certainly never distributed in the Eastern District of Virginia. Because the government has not produced any evidence that any of these acts occurred in this District, each of these counts must be dismissed.

      ii. *The government has not shown that Mr. Risen received or transmitted national defense information in the Eastern District of Virginia, and venue under § 793 and § 641 cannot be premised on the "effect" of the distribution of Mr. Risen's book in this District.*

The government has also failed to prove venue as to the remaining counts, Counts One, Two and Nine. These charges allege that Mr. Sterling communicated national defense information or unlawfully conveyed government property to the general public through the publication of Mr. Risen's book, which the government demonstrated was distributed to the Eastern District of Virginia. However, §§ 793(d) and (e) and § 641 all prohibit a definitive criminal act: the transmission or retention of classified information and the conveyance of

government property. The essential conduct elements of these statutes are not defined in terms of their "effects," and thus, the "effect" of the ultimate distribution of Mr. Risen's book cannot establish venue for these counts.

Counts One and Two allege that Mr. Sterling caused the communication of national defense information to the public through the publication of Mr. Risen's book. The conduit of this information is Mr. Risen. As the jury instructions set forth,

> [t]o establish that the defendant caused an act to be done, the government must prove beyond a reasonable doubt:
> *First*, that another person performed the acts that constituted the crime of unauthorized communication of national defense information or committed an indispensable element of that crime; and
> *Second*, that the defendant willfully caused these acts, even though he did not personally commit these acts.

Jury Instructions, p. 36. Under these instructions, the act of transmission by Mr. Risen must have occurred in the Eastern District of Virginia. There is no evidence in the record where Mr. Risen was located when he received the information, where he was located when he provided this information to people, such as his publisher or editor, or where the actual assembly, printing or publication of the book occurred. The sole evidence is that the book, after it was published, was shipped from New Jersey to Virginia for distribution in the Eastern District of Virginia. This is a wholly insufficient basis for venue.

It is indisputable that Mr. Sterling himself never communicated or transmitted information to the general public. To subject Mr. Sterling to prosecution in the Eastern District of Virginia merely because after he communicated information somewhere that led to a book being published somewhere that was later sold in this District would be to subject Mr. Sterling to criminal prosecution nationwide, as *State of War* was presumably distributed throughout the

country. Such an expansive conception of venue for § 793 would violate Mr. Sterling's constitutional right to be tried in the district where the crime was committed.

The case law on venue under § 793 is scant. One Fourth Circuit decision discussing venue, however is clear: "venue for § 794(a) and § 793(e) charges was properly laid in the Eastern District of Virginia" because "the proscribed act, *the act of transmission*, took place in Alexandria." *United States v. Truong Dinh Hung*, 629 F.2d 908, 919 n.11 (4th Cir. 1980) (emphasis added). In that case, the defendant Truong provided a confidential informant, Krall, with national defense information, to deliver to the Vietnamese in Paris. *Id*. Venue was proper in the Eastern District of Virginia because that was the location where the defendant delivered the information. *Id*. The transmission of information in *Truong* is similar to the facts alleged against Mr. Sterling in Counts One and Two because each case involves the use of an intermediary for the information: the confidential informant in *Truong*, and Mr. Risen in this case. And, as in *Truong*, venue must lie where the "act of transmission" occurred. There is no evidence that any act of transmission occurred in the Eastern District of Virginia.

Count Nine charges Mr. Sterling with the unlawful conveyance of government property to the public through Mr. Risen's book, in violation of 18 U.S.C. § 641, which provides, in part, that:

> Whoever . . . without authority, sells, conveys or disposes of any record, voucher, money, or thing of value of the United States or of any department or agency thereof, or any property made or being made under contract for the United States or any department or agency thereof . . . shall be guilty of an offense against the United States.

*See* Jury Instructions, p. 45 (quoting 18 U.S.C. § 641). Again, Mr. Risen is the conduit for the conveyance of this information. However, the statutory language of § 641 contains no causation element, and Mr. Risen's acts cannot be used to establish venue. The essential conduct element

8

under this statute is Mr. Sterling's conveyance of classified information to Mr. Risen. As above, this act must have occurred in the Eastern District of Virginia for venue to lie, and the government has failed entirely to adduce any evidence that this occurred.

Dated: January 23, 2015　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　JEFFREY A. STERLING

　　　　　　　　　　　　　　　　　　　By:　/s/
　　　　　　　　　　　　　　　　　　　Edward B. MacMahon, Jr. (VSB # 25432)
　　　　　　　　　　　　　　　　　　　Law Office of Edward B. MacMahon, Jr.
　　　　　　　　　　　　　　　　　　　107 East Washington Street
　　　　　　　　　　　　　　　　　　　P.O. Box 25
　　　　　　　　　　　　　　　　　　　Middleburg, VA 20118
　　　　　　　　　　　　　　　　　　　(540) 687-3902
　　　　　　　　　　　　　　　　　　　(540) 687-6366 (facsimile)
　　　　　　　　　　　　　　　　　　　ebmjr@verizon.net

　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　　Barry J. Pollack (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　　　Mia P. Haessly (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　　　Miller & Chevalier Chartered
　　　　　　　　　　　　　　　　　　　655 Fifteenth St. N.W. Suite 900
　　　　　　　　　　　　　　　　　　　Washington, D.C. 20005
　　　　　　　　　　　　　　　　　　　(202) 626-5800
　　　　　　　　　　　　　　　　　　　(202) 626-5801 (facsimile)
　　　　　　　　　　　　　　　　　　　bpollack@milchev.com
　　　　　　　　　　　　　　　　　　　mhaessly@milchev.com

　　　　　　　　　　　　　　　　　　　*Counsel for Jeffrey A. Sterling*

## CERTIFICATE OF SERVICE

   I hereby certify that on this 23nd day of January, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

            By: /s/
            Edward B. MacMahon, Jr. (VSB # 25432)
            Law Office of Edward B. MacMahon, Jr.
            107 East Washington Street
            P.O. Box 25
            Middleburg, VA 20118
            (540) 687-3902
            (540) 687-6366 (facsimile)
            ebmjr@verizon.net
            *Counsel for Jeffrey A. Sterling*