# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
## Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. 1:10CR485 |
| | ) | |
| | ) | |
| | ) | Hon. Leonie M. Brinkema |
| v. | ) | |
| | ) | |
| JEFFREY ALEXANDER STERLING | ) | |
| | ) | |
| Defendant. | ) | |

## RENEWED MOTION BY DEFENDANT JEFFREY STERLING FOR A JUDGMENT OF ACQUITTAL ON COUNT NINE OF THE INDICTMENT

At the close of the government's case, Mr. Sterling, through undersigned counsel, made a motion for a judgment of acquittal on all counts. The Court reserved on that motion until the conclusion of all of the evidence. At the end of the defense case, Mr. Sterling renewed that motion. Mr. Sterling hereby renews that motion specifically with respect to Count Nine based on two independent and alternative grounds: 1) Based on the government's withdrawal at the end of the trial of any aiding and abetting theory of liability, the evidence adduced at trial would not allow any reasonable juror to convict Mr. Sterling of Count Nine as charged against him in the indictment; and 2) Even if the indictment could be read in a manner that arguably would otherwise allow Count Nine to be considered by the jury, based on the evidence adduced at trial, the statute of limitations would bar the jury's consideration of Count Nine.

## ARGUMENT

**I.     Count Nine Must Be Dismissed Because There is No Evidence that Mr. Sterling Himself Conveyed Information About Classified Program No. 1 to the General Public.**

Count Nine of the Indictment alleges:

Between on or about December 24, 2005, and on or about January 5, 2006, in the Eastern District of Virginia, JEFFREY ALEXANDER STERLING, the defendant herein, did knowingly cause to be conveyed without authority property of the United States, namely classified information about Classified Program No. 1, having a value of more than $1,000.00 and having come into defendant STERLING's possession by virtue of his employment with the CIA, to any member of the general public not entitled to receive said information, including foreign adversaries, through the publication, distribution and delivery of Author A's book for retail sale in the Eastern District of Virginia.

All in violation of Title 18, United States Code, Section 641, and Title 18, United States Code, Section 2.

While the indictment alleged aiding and abetting pursuant to 18 U.S.C. § 2, at the conclusion of the trial, the government decided not to pursue that theory of liability and, rather, to rely solely on Mr. Sterling's own alleged conduct.

Section 641 of Title 18 reads as follows:

Whoever embezzles, steals, purloins, or knowingly converts to his use or the use of another, or without authority, sells, conveys or disposes of any record, voucher, money, or thing of value of the United States or of any department or agency thereof, or any property made or being made under contract for the United States or any department or agency thereof; or Whoever receives, conceals, or retains the same with intent to convert it to his use or gain, knowing it to have been embezzled, stolen, purloined or converted—

Shall be fined under this title or imprisoned not more than ten years, or both; but if the value of such property in the aggregate, combining amounts from all the counts for which the defendant is convicted in a single case, does not exceed the sum of $1,000, he shall be fined under this title or imprisoned not more than one year, or both.

The word "value" means face, par, or market value, or cost price, either wholesale or retail, whichever is greater.

The government's remaining theory of liability against Mr. Sterling is thus that he conveyed government property -- classified information about Classified Program No. 1 -- to members of the general public through the publication, distribution, and delivery of <u>State of War</u> for retail sale in the Eastern District of Virginia. There was no evidence at trial that supports this

1461968.1
1544329.1

theory of liability. Plainly, Mr. Sterling did not publish, distribute, or deliver State of War for sale to the public in the Eastern District of Virginia or anywhere else. Without an aiding and abetting theory, Count Nine must be dismissed.[1]

## II. Count Nine Must Be Dismissed Because It is Barred by the Statute of Limitations.

Since the statute of limitations for 18 U.S.C. § 641 is not enumerated elsewhere, pursuant to 18 U.S.C. § 3282, the statute of limitations for § 641 is five years. As set forth above, the indictment alleges that Mr. Sterling conveyed government property -- classified information about Classified Program No. 1 -- through the publication of State of War. Without an aiding and abetting theory of liability, the only possible alleged conveyance of government property that the evidence adduced at trial could arguably support would be the alleged conveyance of that property by Mr. Sterling to Mr. Risen.[2] However, even if the indictment could be read to charge Mr. Sterling for his alleged conveyance of this property to Mr. Risen, rather than to the general public through the publication of the book, Count Nine would be time-barred. The evidence adduced at trial was that the last time Mr. Sterling communicated with Mr. Risen was on November 20, 2005, when the two of them had a 42-second telephone call. *See* Government Exhibit 98. The indictment in this case was returned on December 22, 2010. *See* Indictment [DE 1]. Since this is more than five years after the last possible time that the evidence could

---

[1] Mr. Sterling timely raises this motion prior to the return of the jury's verdict. Further, his previous general motion for a judgment of acquittal encompasses the specific bases for a judgment of acquittal raised in this pleading. *See United States v. Viayra*, 365 F.3d 790, 793 (9th Cir. 2004) (agreeing with the Second, Sixth and D.C. Circuits, which "have held that Rule 29 motions for acquittal do not need to state the grounds upon which they are based because the very nature of such motions is to question the sufficiency of the evidence to support a conviction") (internal quotations and citation omitted).

[2] *McCormick v. United States*, 500 U.S. 257, 270 n.8 (1991) (the verdict cannot be sustained based on a theory of liability on which the jury was not instructed); *United States v. Tarallo*, 380 F.3d 1174, 1184 (9th Cir. 2005) (verdict cannot be sustained on securities fraud conviction based on theory of co-schemer's liability where jury was not instructed on theory).

3

arguably support a finding that Mr. Sterling conveyed government property to Mr. Risen, a motion for a judgment of acquittal on Count Nine must be granted.[3]

## CONCLUSION

For the foregoing reasons, Mr. Sterling respectfully requests the Court grant his Motion for a Judgment of Acquittal on Count Nine.

Dated: January 25, 2015

Respectfully submitted,

JEFFREY A. STERLING

By: _____/s/_____
Edward B. MacMahon, Jr. (VSB # 25432)
Law Office of Edward B. MacMahon, Jr.
107 East Washington Street
P.O. Box 25
Middleburg, VA 20118
(540) 687-3902
(540) 687-6366 (facsimile)
ebmjr@verizon.net

_____/s/_____
Barry J. Pollack (admitted *pro hac vice*)
Mia Haessly (admitted *pro hac vice*)
Miller & Chevalier Chartered
655 Fifteenth St. N.W. Suite 900
Washington, D.C. 20005
(202) 626-5830
(202) 626-5801 (facsimile)
bpollack@milchev.com

*Counsel for Jeffrey A. Sterling*

---

[3] Mr. Sterling makes this motion at trial, prior to the jury reaching a verdict. Since the statute of limitations defense raised here was not available to him prior to trial when the indictment alleged an aiding and abetting theory of liability and premised Count Nine on Mr. Risen's actions, not on those of Mr. Sterling, Mr. Sterling could not have raised this defense prior to trial. Accordingly, Mr. Sterling's motion for a judgment of acquittal on Count Nine based on the statute of limitations is timely.

4

1461968.1
1544329.1

**CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of January, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

By:         /s/         
Edward B. MacMahon, Jr. (VSB # 25432)
Law Office of Edward B. MacMahon, Jr.
107 East Washington Street
P.O. Box 25
Middleburg, VA 20118
(540) 687-3902
(540) 687-6366 (facsimile)
ebmjr@verizon.net
*Counsel for Jeffrey A. Sterling*