1

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | . | Criminal No. 1:10cr485 |
| | . | |
| vs. | . | Alexandria, Virginia |
| | . | January 23, 2015 |
| JEFFREY ALEXANDER STERLING, | . | 1:28 p.m. |
| | . | |
| Defendant. | . | EXCERPT OF P.M. SESSION |
| | . | |

. . . . . . . . . . .

TRANSCRIPT OF JURY TRIAL
BEFORE THE HONORABLE LEONIE M. BRINKEMA
UNITED STATES DISTRICT JUDGE

APPEARANCES:

FOR THE GOVERNMENT:        JAMES L. TRUMP, AUSA
                           DENNIS M. FITZPATRICK, AUSA
                           United States Attorney's Office
                           2100 Jamieson Avenue
                           Alexandria, VA 22314
                             and
                           ERIC G. OLSHAN, Deputy Chief
                           Public Integrity Section of the
                           Criminal Division
                           United States Department of
                           Justice
                           1400 New York Avenue, N.W.
                           Suite 12100
                           Washington, D.C. 20005

FOR THE DEFENDANT:         EDWARD B. MAC MAHON, JR., ESQ.
                           Law Office of Edward B.
                           MacMahon, Jr.
                           107 East Washington Street
                           P.O. Box 25
                           Middleburg, VA 20118
                             and
                           BARRY J. POLLACK, ESQ.
                           MIA P. HAESSLY, ESQ.
                           Miller & Chevalier Chartered
                           655 - 15th Street, N.W.
                           Suite 900
                           Washington, D.C. 20005-5701

COMPUTERIZED TRANSCRIPTION OF STENOGRAPHIC NOTES

```
 1  APPEARANCES:  (Cont'd.)

 2  CLASSIFIED INFORMATION       CHRISTINE E. GUNNING
    SECURITY OFFICERS:           MAURA PETERSON
 3

 4  ALSO PRESENT:                GERARD FRANCISCO
                                 SA ASHLEY HUNT
 5                               JENNIFER MULLIN, ESQ.

 6
    OFFICIAL COURT REPORTER:     ANNELIESE J. THOMSON, RDR, CRR
 7                               U.S. District Court, Fifth Floor
                                 401 Courthouse Square
 8                               Alexandria, VA 22314
                                 (703)299-8595
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
 1                  A F T E R N O O N   S E S S I O N
 2                  *        *        *        *        *
 3                  (Recess from 1:53 p.m., until 3:42 p.m.)
 4                              (Defendant present, Jury out.)
 5              THE COURT:  All right, as long as I have one counsel
 6   per side, that's all that we need, so, Mr. Olshan, you're on
 7   the board.
 8              Okay.  The first question they have is, "May we have
 9   another copy of the jury instructions.  We only have three
10   copies."
11              We've made them two more full sets, with the two
12   supplementals that we added, okay?  So I assume there's no
13   objection to that?
14              MR. OLSHAN:  No.
15              MR. MAC MAHON:  No, Your Honor.
16              THE COURT:  All right, that's fine.
17              And the second note from the jury:  "If there is no
18   government delay or closing on Monday, we will be starting at
19   10 a.m.," all right?
20              So Monday morning is ten unless there's a government
21   problem, all right?  And we'll face that when we come to it.
22              All right, now, the substantive question:  "Count 3
23   states that the document was in his residence.  The elements do
24   not use the term 'residence.'  Do the words in the count take
25   precedence over the words in the elements?"
```

1            The answer is it's the words in the elements.  Any
2    dispute about that?
3            MR. OLSHAN:  No, Your Honor.  I think it would just
4    be useful for the Court to remind them, as with the question
5    about the other count, that the count instructions are
6    summaries of the allegations, and what should control their
7    decision making is the specific elements laid out in the
8    respective offense element instructions.
9            THE COURT:  So you want me to tell them the counts --
10   the description of the counts are just a brief summary of the
11   specific charge, and what they must use in determining whether
12   or not the government has proven the charge beyond a reasonable
13   doubt are the specific elements contained in these
14   instructions.
15           MR. OLSHAN:  Correct.
16           THE COURT:  Is that comfortable -- does that sit well
17   with you?  I want to give it to them quickly so that I don't
18   have to type it again.
19           MR. MAC MAHON:  No, I'm sorry, Your Honor.  I think
20   this is a problem with these nature of the offense
21   instructions, which describes the actual possession of the
22   letter at his residence here in Virginia.  It's going to get us
23   back to the venue question as far as I can see.
24           I think what they need to be told is -- I agree with
25   what Mr. Olshan says is that the elements are not set forth in

1  these nature of the charge instructions, but that, but the
2  element to be guilty of this count, what it said has to have
3  unauthorized possession or control over a document relating to
4  the national defense of the United States.
5          It did say in the indictment that it was in his
6  residence in the Eastern District of Virginia, and that if
7  that's what they're asking is does it have to use the term
8  "residence," they still need to find that it was in his, in his
9  possession in the Eastern District of Virginia between January
10 31, '02, and '03.
11         So I don't know if they're confused about the term
12 "residence" or about anything else, but that is part of the
13 offense that has to be charged.  So I think just telling them
14 that they should look at the elements is not the whole answer
15 to their question, is what are they also meaning by in the
16 relevance, because, of course, the relevance of the residence
17 in the, in the nature of the charge instruction is because of
18 the venue issue, he had to possess it here in the Eastern
19 District of Virginia, and so that issue is right in front of
20 them, and I think they should be told that they have to find
21 that it was, you know, that letter was possessed in the Eastern
22 District.
23         THE COURT:  Mr. Olshan?
24         MR. OLSHAN:  Your Honor, as I recall, there were two
25 options before the jury was instructed.  One was to just give

1   them a copy of the indictment versus summaries of each of the
2   offenses.  Obviously, if the Court had given the jury the
3   actual indictment, it would have contained all the factual
4   allegations in the indictment, not just what has been
5   summarized for purposes of these summary of the offense
6   instructions.  So this issue would have come up either way, but
7   what controls the jury's decision is what the actual elements
8   of the offenses are, not all of the specific factual
9   allegations.
10          So I agree with Mr. MacMahon that they must conclude
11  that there was unlawful retention of this document in the
12  Eastern District of Virginia, but I believe by pointing them
13  back to the elements, that's sufficient.
14          MR. MAC MAHON:  And I'll just rest, Your Honor.  The
15  elements --
16          THE COURT:  Wait, wait, wait, wait, wait.  I'm
17  writing.  Hold on one second.
18          MR. MAC MAHON:  Thank you.
19          THE COURT:  All right, how about this:  It is not an
20  element of Count 3 that the document was in defendant's
21  residence.  To find the defendant guilty of Count 3, you must
22  be satisfied beyond a reasonable doubt that the government has
23  proven the two elements described on page 41 and proven venue
24  in the Eastern District of Virginia by a preponderance of the
25  evidence.  See Instruction 56.

1               Is the government satisfied with that?

2               MR. OLSHAN:  Yes, Your Honor.

3               THE COURT:  Mr. MacMahon?

4               MR. MAC MAHON:  Your Honor, my only suggestion would

5    be as to the document, it is the letter itself, if the Court

6    wants to clarify that.

7               THE COURT:  Should I say "the letter"?  Does

8    everybody agree that's what they're talking about?  They use

9    the word "document."  Count 3 states that the document was in

10   his residence, and that refers to the letter.

11              MR. OLSHAN:  That's fine, Your Honor.

12              THE COURT:  All right.  So, all right, I'm going to

13   really go over this one more time:  It is not an element of

14   Count 3 that the letter -- shall I say "the letter at issue" so

15   there's no question about it?

16              MR. MAC MAHON:  That's fine.

17              THE COURT:  The letter at issue was in defendant's

18   residence.  To find the defendant guilty of Count 3, you must

19   be satisfied beyond a reasonable doubt that the government has

20   proven the two elements described on page 41 and proven venue

21   in the Eastern District of Virginia by a preponderance of the

22   evidence as explained in the instruction on page 56.

23              All right?  We're going to type that up and get it to

24   the jury.  Yes?

25              MR. OLSHAN:  That's fine.

1      THE COURT: Any objection from defense?
2      MR. MAC MAHON: Your Honor, I know you haven't given
3  us this before, but I'll just say it for the record: I think
4  that the venue can only be by retaining the document itself in
5  the Eastern District on this count and that when you say
6  "venue," I think that the issue of retention again is coming to
7  the fore. There's no proper venue to be found in the Eastern
8  District unless they find that that document was retained here,
9  but that may be beyond the scope of the question.
10     In fact, the instruction says it was willfully
11 retained, the same document. As Mr. Pollack points out, it's
12 on page 41, Your Honor.
13     THE COURT: But the offense -- would not the offense
14 also occur in any district where it was failed to be delivered?
15 In other words, if I retained a document in Maryland which
16 should have been returned to the CIA in Virginia, is the, is
17 the offense, is the offense --
18     MR. MAC MAHON: Judge, I don't think so. I don't
19 think there's any evidence of a request whatsoever in this
20 case.
21     THE COURT: All right.
22     MR. MAC MAHON: The one, the one time that the, we
23 heard testimony of anyone talking about documents was in New
24 York, when he was read out anyway.
25     THE COURT: Well, no, you also have the debrief.

```
 1              MR. MAC MAHON:  That was in New York, Your Honor.
 2              THE COURT:  The debriefing was in New York?
 3              MR. OLSHAN:  The debriefing was at the CIA, and the
 4   date that's alleged in Count 3 is the date that he left that
 5   agency, which is January 31, 2002.  Ms. Scherlis asked him if
 6   he had any additional -- any classified documents, and he said
 7   no.
 8              THE COURT:  But where did that occur?
 9              MR. OLSHAN:  In Langley.
10              THE COURT:  In headquarters.  That's what I thought.
11              MR. OLSHAN:  He had returned to headquarters after he
12   left New York in August 2000.
13              MR. MAC MAHON:  He'd still have to retain the
14   document.  They still have to find that he retained the
15   document.  If he hadn't retained it, he couldn't have failed to
16   deliver it even if the jury construed her request as applying
17   to --
18              THE COURT:  All right.  It is not an element of Count
19   3 that the letter at issue was in defendant's residence.  The
20   issue is did he willfully retain the document in the Eastern
21   District of Virginia.
22              MR. MAC MAHON:  That's fine, Your Honor.
23              THE COURT:  Right?
24              MR. OLSHAN:  One moment, Your Honor.
25              THE COURT:  Yeah, I'm going back to square one on
```

10

1  this one.
2       All right, here's what I'm going to give them: It is
3  not an element of Count 3 that the defendant willfully retained
4  the letter in his residence. To find the defendant guilty of
5  Count 3, you must be satisfied that the government has proven
6  the two elements explained on page 41 beyond a reasonable doubt
7  and that the willful retention occurred in the Eastern District
8  of Virginia by a preponderance of the evidence.
9       MR. OLSHAN: That's fine, Your Honor.
10      THE COURT: All right? Last call to the defense, any
11 objection?
12      MR. MAC MAHON: Yes, Your Honor, that's fine.
13      THE COURT: All right.
14      MR. MAC MAHON: There are, there are actually two --
15 that's fine, Your Honor.
16      THE COURT: All right, that's what we're going to
17 type up. Again, you'll have it before we give it to the jury.
18      We'll recess court.
19          (Recess from 3:58 p.m., until 4:07 p.m.)
20                   (Defendant and Jury present.)
21      THE COURT: All right, ladies and gentlemen, I'm
22 going to give you another supplemental instruction. I'll just
23 read it to you now, and it will be 41(a) if you're putting it
24 in your packets.
25      It is not -- I'm sorry, the question that you asked

1  was, "Count 3 states that the document was in his residence.
2  The elements do not use the term 'residence.'  Do the words in
3  the count take precedence over the words in the elements?"
4          Well, the words in the elements always take
5  precedence, but let me go over this more specifically with you:
6  It is not an element of Count 3 that the defendant willfully
7  retained the letter at issue in his residence.  To find the
8  defendant guilty of Count 3, you must be satisfied that the
9  government has proven the two elements explained on page 41 of
10 the instructions beyond a reasonable doubt and that the willful
11 retention occurred in the Eastern District of Virginia by a
12 preponderance of the evidence.
13         Because that's the venue issue that I explained to
14 you, and I think that may be Instruction 56.
15         All right, I hope that explains it.  You've now got
16 five sets of instructions, right?  So we'll give you five of
17 these packages so you can keep your packets together.
18         Any objection from counsel?
19         MR. OLSHAN:  No, Your Honor.
20         MR. MAC MAHON:  No, Your Honor.  Thank you.
21         THE COURT:  All right, thank you, ladies and
22 gentlemen.  We'll send you back to continue your deliberations.
23         (Recess from 4:07 p.m., until 4:29 p.m.)
24                     (Defendant and Jury present.)
25         THE COURT:  Well, it's 4:30, and you-all told us you

1  wanted to stop, so I again want to just send you off for the
2  weekend and again hope that you have a restful weekend.  Please
3  remember, no work on the case whatsoever.  No communications
4  with anybody.
5         I know one of you became a carpooler with one of the
6  alternate jurors.  Make sure you don't have any contact with
7  her.
8         And again, just continue doing what you're doing, and
9  we'll see you hopefully at 10:00 Monday morning so there are no
10 weather issues, all right?
11        Again, we're going to leave the evidence in the room
12 other than the three exhibits that have to be specially locked
13 up.  Otherwise, everything will stay as you've left it, all
14 right?  If there's nothing further, we'll recess.
15        And then, counsel, you don't need to be back here
16 until 10:00 Monday.
17        Oh, I did want to warn you there is one thing.  I'm
18 starting another jury trial Monday morning.  I'm going to use a
19 different jury room for that jury, but because I am going to
20 have some matters going on in here, there may be a little bit
21 more of a delay in getting back to you-all with questions.  And
22 that trial is going to start at 10:00 in this courtroom.
23        So, counsel, you should know that, too, all right?
24 We'll recess court for the day.  Thank you.
25    (Recess from 4:31 p.m., until 10:00 a.m., January 26, 2015.)

13

1                      CERTIFICATE OF THE REPORTER

2      I certify that the foregoing is a correct excerpt of the

3 record of proceedings in the above-entitled matter.

6                                     /s/
                                            Anneliese J. Thomson