IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | )    No. 1:10cr485 (LMB) |
| v. | ) |
| | ) |
| | ) |
| JEFFREY ALEXANDER STERLING | ) |
| | ) |

**GOVERNMENT'S OPPOSITION TO THE DEFENDANT'S MOTION FOR
RECONSIDERATION OF THE COURT'S ORDER DENYING THE MOTION TO
DISMISS THE INDICTMENT BASED ON SELECTIVE PROSECUTION OR, IN THE
ALTERNATIVE, FOR DISCOVERY RELATED TO SELECTIVE PROSECUTION**

The United States of America, through its undersigned attorneys, hereby responds in

opposition to the defendant's motion for reconsideration (Dkt. No. 372) of the court's denial of a

motion to dismiss the indictment on grounds of selective prosecution or, in the alternative, for

discovery on the selective prosecution claim.    (Order Dkt. No. 282.)[1]    In addition to the

arguments set forth below, the government incorporates its arguments submitted in its response

in opposition when this issue was first raised in 2011. (Dkt No. 265.)

I.    **INTRODUCTION**

As a threshold matter, the defendant's reliance on a hotly debated report issued by a

separate branch of government on the CIA's detention and interrogation program is insufficient

to warrant this Court's reconsideration of its prior order denying the defendant's selective

prosecution claim.    The congressional report in no way satisfies the defendant's burden that he

---

[1] The defendant filed his renewed motion as a classified document, notwithstanding that argument
was premised on the release by the U.S. Senate of a public document.   Because the government's
response does not contain classified information, it is being filed publicly.

demonstrate some evidence of discriminatory effect and intent in the government's decision to prosecute him for violating the Espionage Act.

More to the point, the jury's overwhelming verdict in this matter demonstrates the essential failing of the defendant's claim of selective prosecution: the defendant was prosecuted solely because of the egregious nature of his own conduct. Indeed, he was prosecuted because the United States, in the course of a years-long investigation, obtained substantial, admissible evidence of his willful disclosures of information related to a Top Secret/SCI national defense program, as well as a sensitive human asset. The defendant was not "selected" for prosecution to the exclusion of any other person.[2] Rather, he was prosecuted because his repeated willful disclosures of national defense information potentially damaged the national security of the United States.

## II. THE DEFENDANT CANNOT SUSTAIN HIS BURDEN TO ESTABLISH SELECTIVE PROSECUTION

"A selective-prosecution claim is not a defense on the merits to the criminal charge itself, but an independent assertion that the prosecutor has brought the charge for reasons forbidden by the Constitution. [The Supreme Court's] cases delineating the necessary elements to prove a claim of selective prosecution have taken great pains to explain that the standard is a *demanding one*." *United States v. Armstrong*, 517 U.S. 456, 463 (1996) (emphasis added). In his renewed motion, the defendant points to no objective, credible fact demonstrating that he was prosecuted for some reason forbidden by the Constitution.

Initially, as the government stated in its original response on this claim in 2011 (Dkt. No

---

[2] *See United States v. Armstrong*, 517 U.S. 456, 469 (1996) ("'[S]elective prosecution implies that a selection has taken place." (citation omitted))

265), Person A's status is "starkly different" and not similarly situated to the defendant.

Specifically, the government highlighted the fact that Person A's statements were not available

to the United States for prosecution under the *Garrity* rule.   *Garrity v. New Jersey*, 385 U.S.

493 (1967) (holding that statements obtained under a threat of termination or made as a condition

of employment held coerced and inadmissible under the Fifth Amendment).   The government

provided this explanation for why person A was not prosecuted even though the defendant failed

to meet his "high threshold" to overcome the presumption of regularity attached to the

prosecutor's unique role in enforcing the criminal laws.   *See United States v. Lighty*, 616 F.3d

321, 369 (4th Cir. 2010) ("A selective prosecution claim asks a court to exercise judicial power

over a special province of the executive branch and, accordingly, must pass a high threshold in

order to succeed.").   Indeed, as to Person A, the defendant has made no effort to establish how

the disparate treatment of a *single* person amounts to the discriminatory "policy" required by

*Armstrong*.

Further, the defendant's new claim also fails to meet the "high threshold" to rebut the

presumption of regularity that is granted to the prosecutor's decision making.   The defendant's

claim is based entirely on a Senate report concerning a highly charged and debated CIA policy

for the handling and interrogation of suspected terrorists in the wake of the 9/11 terrorist attacks.

Notwithstanding the Senate report's allegations of disclosures of classified information by other

CIA personnel, the issues raised, and the manner in which they are addressed, in the report

necessarily arise in the legislative context, not a prosecutorial context, far removed from the

circumstances of the defendant's case.

"The Attorney General and United States Attorneys retain 'broad discretion' to enforce

the Nation's criminal laws." *Armstrong*, 517 U.S. at 464.    Prosecutorial decisions may be based,

among other legitimate reasons, on "such factors as strength of the case, the prosecution's

general deterrence value, the government's enforcement priorities, and the case's relationship to

the Government's overall enforcement plan." Id. at 465.    The overriding prosecutorial

consideration is the availability of compelling admissible evidence to prove the defendant's guilt

beyond a reasonable doubt.

This is critically important in prosecutions under 18 U.S.C. § 793, which are necessarily

complex prosecutions occurring within a very narrow band of the country's population.    At

bottom, the universe of people who have the opportunity to commit violations of the Espionage

Act is comparatively small.    Further, these investigations are difficult, time-consuming, and

involve a substantial commitment of government resources.    Accordingly, prosecutions in this

area are rare and difficult.[3]    The Fourth Circuit recognizes that "prosecutorial priorities for

addressing specific types of illegal conduct" is a legitimate factor to distinguish the treatment of

defendants in similar contexts. *United States v. Olvis*, 97 F.3d 739, 744 (4th Cir. 1996).

The defendant seeks to capitalize on the unique circumstances of his crimes to claim

selective prosecution based on his race or some other pernicious consideration forbidden by the

Constitution.    And yet not only does he point to nothing in the Senate's report that suggests he

was somehow singled out for prosecution in this case based on his race, he also fails entirely to

articulate any other impermissible basis under the Constitution for why he has been somehow

---

[3] By way of comparison, the claim of selective prosecution in *Armstrong* arose in the context of prosecutions under the federal drug trafficking laws.   In that case, Armstrong submitted an affidavit that there were 24 cocaine drug trafficking cases finalized in 1991 in the Central District of California alone.   In each instance, the defendant was African-American.   The Court declined to find any merit in the defendant's selective prosecution claim in that context within that comparatively large and specific sampling. *United States v. Armstrong*, 517 U.S. 456, 459 (1996).

"singled" out.    Simply put, the Senate report, a legislative document, is hardly "evidence"

sufficient to meet the defendant's significant burden to show "that the federal prosecutorial

policy 'had a discriminatory effect and that it was motivated by a discriminatory purpose.'"

*Armstrong*, 517 at 467 (citations omitted).    There was no discriminatory influence in the

government's decision to prosecute the defendant, and he has failed to meet his "demanding"

burden under *Armstrong*.

### III.    THERE IS NO BASIS TO ORDER DISCOVERY

In *Armstrong*, the Supreme Court "held that a defendant who seeks discovery on a claim

of selective prosecution must show some evidence of both discriminatory effect and

discriminatory intent."    *United States v.* Bass, 536 U.S. 862, 863 (2002) (per curiam).    In order

to obtain discovery on this issue, the defendant must demonstrate "a credible showing of

different treatment of similarly situated persons."    *Armstrong*, 517 at 470; *Lighty*, 616 F.3d at

369.    The defendant has failed to provide any, let alone "some," evidence that his prosecution

for the specific conduct at issue here is based on "both discriminatory effect and discriminatory

intent."

Moreover, contrary to his blanket proclamations, he has made no showing of other

individuals who, in fact, are "similarly situated" to him—i.e., other individuals who

communicated national defense information related to a closely held, extremely sensitive

counter-proliferation operation to individuals not entitled to receive it, with reason to believe that

that doing so had the potential to do damage to the United States or to benefit foreign countries.

Whatever the Senate report may mean with respect to the propriety of the enhanced interrogation

program, it says nothing about the defendant's now-proven conduct and its detrimental impact on

the United States' ability to impede Iran's nuclear weapons program.   The defendant's reliance

on the Senate report, which was released by a separate branch of government four years after he

was indicted in this case, is misplaced, and the Court should reject his most recent attempt to

engage in a discovery fishing expedition.   *See United States v. Aanerud*, 893 F.2d 956, 961 (8th

Cir. 1990) ("[M]ere allegations of selective prosecution do not authorize a defendant to engage

in a fishing expedition." (internal quotation marks omitted)).

       For the foregoing reasons, the Court should reject the defendant's renewed motion.


                                                        Respectfully submitted,

Raymond Hulser                            Dana J. Boente
Acting Chief                                United States Attorney

Eric G. Olshan                           James L. Trump
Deputy Chief                            Senior Litigation Counsel
Public Integrity Section
U.S. Department of Justice               Dennis Fitzpatrick
                                         Assistant United States Attorney
                                         Eastern District of Virginia


                          By      _____/s/_____
                                    Dennis M. Fitzpatrick
                                    Attorney for the United States of America
                                    United States Attorney's Office
                                    2100 Jamieson Avenue
                                    Alexandria, Virginia 22314
                                    (703) 299-3954
                                    (703) 299=837-8242 (fax)
                                    dennis.fitzpatrick@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on March 2, 2015, I filed a copy of the foregoing pleading with the

district's NEF/ECF system which will provide service on Edward B. MacMahon, Jr., and Barry

J. Pollack, counsel for the defendant.


By      _____/s/_____

               Dennis M. Fitzpatrick
               Attorney for the United States of America
               United States Attorney's Office
               2100 Jamieson Avenue
               Alexandria, Virginia 22314
               (703) 299-3954
               dennis.fitzpatrick@usdoj.gov