## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **vs.** ) | **Case No. 1:10-cr-00485-LMB** |
| ) | |
| **JEFFREY ALEXANDER STERLING,** ) | |
| ) | |
| **Defendant.** ) | |

## DEFENDANT'S MOTION FOR EARLY TERMINATION
## OF SUPERVISED RELEASE

COMES NOW Jeffrey A. Sterling, by counsel, and for his Motion for Early Termination of Supervised Release pursuant to 18 U.S.C. § 3583 (e)(1), states as follows:

**1.     Introduction.**

On December 22, 2010, Mr. Sterling was Indicted on eight felony counts of Unauthorized Disclosure of National Defense Information, one felony count of Unauthorized Conveyance of Government Property and one felony count of Obstruction of Justice.  Following the issuance of the Indictment, Mr. Sterling was arrested in Saint Louis, Missouri and was then extradited, without objection, to the Eastern District of Virginia for an Initial Appearance.

On January 25, 2011, this Honorable Court granted Mr. Sterling's request for pretrial release.  (D.E. 25)  A true copy of the appearance bond posted by Mr. Sterling on that same date is attached hereto as Exhibit A.  Since January 25, 2011, Mr. Sterling has complied with each and every term of supervision that this Court has imposed on him.

-1-

The trial in this matter was originally set for October 17, 2011.  After pretrial orders entered by the Court on October 14, 2011, which orders addressed issues related to a Government subpoena to Mr. James Risen and late Giglio disclosures by the Government, the Government filed an interlocutory appeal which lead to the postponement as the case while the appeal was addressed by the Fourth Circuit and then the United States Supreme Court.  The proceedings before the Fourth Circuit were lengthy and the case was delayed for almost two years until the Fourth Circuit issued an opinion on July 19, 2013.  Thereafter, Mr. Risen sought a rehearing *en banc* from the entire Fourth Circuit and when that request was denied, Mr. Risen filed a Petition for a Writ of Certiorari to the United States Supreme Court on January 13, 2014. Eventually, the Petition for a Writ of Certiorari was denied, and the mandate was issued by the Fourth Circuit on September 9, 2014 (D.E. 316) thus returning this case to this Court for trial almost three years after the original trial date was set.   Of course, none of this delay was attributable to Mr. Sterling yet he remained subject to pretrial supervision for that entire time.

After all the interlocutory appeals were exhausted, trial in this case was set for January 14, 2015.   At that trial, Mr. Sterling was found guilty of seven counts of Unauthorized Disclosure of National Defense Information, one count of Unauthorized Conveyance of Government Property and one count of Obstruction of Justice on January 26, 2015 (D.E.  429). During this entire time, Mr. Sterling was in full compliance with every term of supervised release imposed upon him by this Court.

On May 11, 2015, Mr. Sterling was sentenced to 42 months on each count to be served concurrently and two years' supervised release on each count to be served concurrently.  Mr. Sterling was ordered to participate in mental health evaluation, medication and treatment as

directed.   A copy of the Judgment in a Criminal Case entered on May 11, 2015, is attached hereto as Exhibit B.  (D.E. 473)  As part of that Judgment, Mr. Sterling was again released on his own recognizance and ordered to self-surrender to BOP custody upon direction.

On June 16, 2015, Mr. Sterling self-reported to begin serving his sentence while his appeal of the convictions was argued and decided.   The Bureau of Prisons designated Mr. Sterling a low security inmate and he served the majority of his term of incarceration in FCI Englewood, Colorado.  Mr. Sterling was transferred from FCI Englewood to a halfway house on January 16, 2018.

Mr. Sterling was released from the halfway house on or about June 14, 2018 having completed his term of active incarceration which release commenced his two-year term of supervised release.  He has now completed one year of the two-year term of supervised release and is therefore eligible to request early termination under 18 U.S.C. § 3583 (e)(1).

Based on his successful performance of the terms of his supervised release and the additional factors noted herein, Mr. Sterling hereby moves this Court for entry of an order terminating the remainder of his term of supervised release.   In the end, the fact is that Mr. Sterling has been subjected to some form of supervision or incarceration since January of 2011 in a case where he eventually served less than a third of that time in active incarceration.   During all the time he was subject to supervision, Mr. Sterling never violated a single term of his supervised release and is now back in society trying to rebuild his life.   As such, there is no further need for supervision and the early termination is "warranted by the conduct of the defendant" and is in the "interests of justice."

2.     **Legal Standard**

Under 18 U.S.C. §3583(e), the Court has authority exercise its discretion to grant early termination of a previously imposed term of supervised release. §3583(e)(1) provides:

> (e) **Modification of conditions or revocation.** The court may, after considering the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).

> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interests of justice.

18 U.S.C. §3583(e)(1).

Therefore, to be eligible for termination of supervised release the defendant must meet a two-prong test establishing that termination is warranted by (1) "the conduct of the defendant"; and (2) "the interests of justice." 18 U.S.C. § 3583(e)(1).

The factors to be considered by the Court for early termination under §3583(e)(1) mirror the sentencing factors in §3553(a), with one exception, 18 U.S.C. §3553(a)(2)A) is excluded. Section 3553(a)(2)(A) is a sentencing factor intended to "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." The exclusion of this subsection as a factor for early termination indicates that supervised release is not intended to be punishment. The terms of incarceration and halfway house are designed satisfy the retributive goal of the sentencing scheme.

The Supreme Court, in *Johnson v. United* States, 529 U.S. 694 (2000), interpreted the purpose of supervised release as follows:

> Congress intended supervised release to assist individuals in their transition to community life. Supervised release fulfills rehabilitative ends distinct

from those served by incarceration. See § 3553(a)(2)(D); U.S. Sentencing Commission, Guidelines Manual Section5D1.3(c),(d),(e)(Nov. 1998) see also S. Rep No. 98-225, p.124(1983) declaring that the primary goal of supervised release is to ease the defendant's transition into the community after the service of a long prison term for a particularly serious offense, or to provide rehabilitation to a defendant who has spent a fairly short period in prison for punishment or other purposes but still needs supervision and training programs after release.

*Johnson v. United States* at 709. (citations omitted)

Since his release from the Bureau of Prisons Facility in Englewood, Colorado on June 15, 2018, Mr. Sterling has successfully reintegrated into his community as a family member and husband. He maintains a stable residence with his wife and continues to seek full time work though those efforts have not been successful as of yet. Mr. Sterling does work part time and continues to try to get full time work which is complicated by the loss of his law license which makes him ineligible to practice law as he once did. Otherwise, Mr. Sterling has complied with all his conditions of supervision and met all his supervision objectives except that he has not yet found full time employment. That fact alone, however, does not weigh in favor of continued supervision as it is in Mr. Sterling's interest to continue to seek gainful employment notwithstanding further supervision by the United States.

Mr. Sterling has no history of violence.

He has no recent arrests or convictions nor ongoing pattern of criminal conduct.

He has no recent nor past history of alcohol or drug abuse.

He presents no identifiable risk to the safety of any identifiable victim, nor to public safety.

He has served one-half of his term of supervised release without the slightest incident or violation.

Mr. Sterling is 52 years old who has successfully reintegrated into his community. Prior to this conviction he had no history of criminal behavior other than for the matters at issue in this case.

Mr. Sterling has completed the payment in full of fines, assessments and costs as ordered by this Court.

3.      **Conclusion.**

Given Mr. Sterling's consistent and clear compliance with all the terms of his supervised release, the amount of time that Mr. Sterling has already been supervised, and the fact that Mr. Sterling's offense conduct was so long ago,  this Court should exercise its discretion and grant this motion for early termination of supervised release pursuant to §3583(e)(1).

The Government opposes this motion.

A proposed order is attached.

JEFFREY A. STERLING
By Counsel

By:      _____/S/_____
Edward B. MacMahon, Jr.
VSB No.  25432
Edward B. MacMahon, Jr., PLC
P.O.  Box 25
107 East Washington Street
Middleburg, VA    20118
(540) 687-3902
(540) 687-6366 (fax)
ebmjr@macmahon-law.com

_____/S/_____
Barry J. Pollack (admitted *pro hac vice*)
Robbins, Russell, Englert, Orseck,
Untereiner & Sauber, LLP
2000 K Street, NW, 4th Floor
Washington, DC  20006
(202)775-4514  (p)
(202)775-4510  (f)
bpollack@robbinsrussell.com

*Counsel for Jeffrey A. Sterling*

CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

By:   _____/S/_____
        Edward B. MacMahon, Jr. (VSB # 25432)
        Edward B. MacMahon, Jr., PLC
        107 East Washington Street
        P.O. Box 25
        Middleburg, VA 20118
        (540) 687-3902
        ebmjr@macmahon-law.com

        *Counsel for Jeffrey A. Sterling*